IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

JOSEPH GEORGE MASER,      )

          Plaintiff,      )

vs.      )

CITY OF CORALVILLE, IOWA,
OFFICER JOSHUA VAN
BROCKLIN, OFFICER
CHRISTOPHER KAPFER, OFFICER
DEB SUMMERS, OFFICER BILL
CLARAHAN, all Individually and in
Their Official Capacity as Agents
and/or Employees of the City of
Coralville Police Department, a
Governmental Subdivision of the
CITY OF CORALVILLE, IOWA, and
AS-YET UNKNOWN CORALVILLE
POLICE OFFICERS,

          Defendants.

Civil No. _____

Johnson Co. No. LACV082548

NOTICE OF REMOVAL

Defendants, City of Coralville, Iowa, Officer Joshua Van Brocklin, Officer Christopher Kapfer, Officer Deb Summers, and Officer Bill Clarahan hereby give notice of their removal of Case No. LACV082548 from the Iowa District Court for Johnson County to the United States District Court for the Southern District of Iowa, Davenport Division. In support thereof, Defendants state:

1.      On May 18, 2021, Plaintiff, Joseph George Maser, filed a Petition at Law and Jury Demand in the Iowa District Court in and for Johnson County alleging state common law claims (Counts I-V) arising from an incident which occurred on September 3, 2020 and naming Defendants City of Coralville and Joshua Van Brocklin.

2.      Defendants City of Coralville and Van Brocklin were served with the Original Notice and Petition at Law and Jury Demand on June 1, 2021 and May 28, 2021 respectively.

3.      On September 2, 2022, Plaintiff filed a Motion for Leave to Amend Petition adding Defendants Kapfer, Summers, and Clarahan.

4.      On September 16, 2022, the Court granted Plaintiff's Motion for Leave to Amend Petition.

5       Defendants Kapfer, Summers, and Clarahan were served on November 4, 2022, October 26, 2022, and October 31, 2022 respectively.

6.      On March 2, 2023 Plaintiff filed a Second Motion for Leave to Amend Petition to add Counts VI-IX consisting of claims under the Iowa Constitution and for respondeat superior, and claims under 42 U.S.C. § 1983.  See Exhibit 1 (Motion) and Exhibit 2 (Second Amended Petition) attached.

7.      On March 30, 2023, the Iowa district court granted Plaintiff's Second Motion for Leave to Amend Petition.  See Exhibit 3 attached.

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1443 and this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

9.      A copy of this Notice of Removal is being served on Plaintiff and filed with the Iowa District Court for Johnson County pursuant to 28 U.S.C. § 1446(d).

10.      A Statement of Filing including copies of all process, pleadings, and orders filed in the state court case is being filed concurrently with this Notice pursuant to Local Rule 81(a).

For the reasons set forth above, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and removal pursuant to 28 U.S.C. § 1441, et seq. is appropriate.

PICKENS, BARNES & ABERNATHY

By   /s/Terry J. Abernathy

      Terry J. Abernathy AT0000380
      Bradley J. Kaspar AT0012308
      Stephanie L. Hinz AT0003506
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA  52407-4170
      PH:  (319) 366-7621
      FAX: (319) 366-3158
      E-MAIL: tabernathy@pbalawfirm.com
      E-MAIL: bkaspar@pbalawfirm.com
      E-MAIL: shinz@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 28th day of April, 2023, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| | | |
|---|---|---|
| ☐ U.S. Mail | ☐ | Facsimile |
| ☐ Hand-Delivery | ☐ | Email |
| ☐ Overnight Carrier | ☒ | Other-ECF |

    /s/    Diane Myhre

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND AMENDED PETITION** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through the undersigned attorney at law, and for his Motion for Leave to Amend Amended Petition; and states as follows:

## **INTRODUCTION**

1.  That Plaintiff originally filed his Petition at Law and Jury Demand regarding Defendants on May 18, 2021. Trial date in this matter is set for **January 3, 2023**.

2.  On **July 29, 2022**, Plaintiff filed his Amended Petition at Law and Jury Demand adding three additional specific City of Coralville Police Department Officers[1], to wit: Officer Christopher Kapfer; Officer/Lieutenant Deb Summers; and Officer Bill Clarahan. The Amended Petition at Law and Jury Demand is attached hereto and

---

[1] Plaintiff's original Petition filed 5/18/21, named the "City of Coralville" as a Defendant, which would include the Coralville Police Department and its officers as Defendants; and further named, "As-Yet Unknown Police Officers" again including the whole police department as a Defendant.

EXHIBIT 1

incorporated by reference as Attachment "1" (hereinafter, the "Amended Petition").

3.   Trial in this matter is set for **March 5, 2024**.

4.   Plaintiff now presents his Second Amended Petition to include additional

Counts VI through XI.

## ARGUMENT

5.   Iowa law favors amendments, as "[l]eave to amend, including leave to amend

to conform to the proof, shall be freely given when justice so requires." Iowa R. Civ. P.

1.402.  The Iowa Supreme Court has consistently reiterated the preference to grant

such amendments:

> "[w]e have recognized in numerous cases that permitting amendments **should
> be the rule and denial should be the exception**. *See Chao v. City of
> Waterloo,* 346 N.W.2d 822, 825 (Iowa 1984); *Ackerman v. Lauver,* 242 N.W.2d
> 342, 345 (Iowa 1976). The district court should allow amendments so long as the
> amendment does not substantially change the issues in the case. *Rife,* 641
> N.W.2d at 767. We also permit amendments that substantially change the issues
> "if the opposing party is not prejudiced or unfairly surprised" by the
> changes. *Id.* Further, **we permit amendments at any stage of the litigation**,
> and we even permit amendments to conform to the proof offered at
> trial. *See Allison–Kesley Ag Ctr., Inc. v. Hildebrand,* 485 N.W.2d 841, 846 (Iowa
> 1992)."

*Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015) (affirming district court's

granting of amendment to petition) (emphasis added).

6.   Moreover, the Official Comments to Rule 1.402 provide clarification regarding

"prejudice" or "unfair surprise":

> "[i]ndeed it is perhaps no exaggeration to say that the only reason for not
> allowing an amendment to a pleading is prejudice to the opposing party. Shelley
> v. The Maccabees, D.C.N.Y.1960, 26 F.R.D. 10. What constitutes prejudice must
> be determined by examination of particular cases in which amendments have
> been considered; **but the test in general seems to be that there must be
> some harm which the opposing party will suffer from the amendment which
> he would not have suffered had the original pleading followed the form
> sought by the amendment. Thus there is no prejudice merely because the**

**amended pleading makes a stronger case** for the amending party and makes it less likely that the opposing party will win, Harvey v. Eimco Corp., D.C.Pa.1963, 32 F.R.D. 598, **nor will prejudice be found in a claim that the amended pleading will require additional preparation for trial**, where the **issues sought to be raised were known from the beginning by the opposing party,** Porter v. Theo. J. Ely Mfg. Co., D.C.Pa.1946, 5 F.R.D. 317. Prejudice may be found, however, where the amendment will cause excessive delay or where a source of evidence has become unavailable, Boris v. Moore, C.A.7th, 1958, 253 F.2d 523, **or a statute of limitations would bar a new suit if the opposing party should lose the present action**, Klee v. Pittsburgh & W. Va. Ry., D.C.Pa.1958, 22 F.R.D. 252. The liberal policy prescribed by the federal rule, however, does not permit the absence of all restraint in allowing amendments, Wallace v. Knapp-Monarch Co., C.A.8th, 1956, 234 F.2d 853, and may be subject to the exercise of reasonable diligence by the party seeking to amend, Friedman v. Transamerica Corp., D.C.Del.1946, 5 F.R.D. 115.

Iowa R. Civ. P. 1.402 (Official Comment) (emphasis added).

7.   The present motion for leave to amend is being submitted **12 months** prior to trial which is plenty of time for Defendants to confront the allegations.

8.   Iowa Courts have also said that "[a]mendments are the rule and denials are the exception." *Jean v. Hy-Vee, Inc.*, 2012 Iowa App. LEXIS 958 (Ct. App. Iowa 2012), at 21. In *Jean*, the plaintiff filed a motion for leave to amend her petition add a claim of negligent hiring, training, and supervision. *Id*, at 20. The trial court denied the motion after it found that the Hy-Vee employee the case regarded was not acting within the scope of his employment. *Id*, at 20-21. On appeal, the Court of Appeals found that the trial court had abused its discretion in denying plaintiff's motion for leave to amend. *Id*, at 23. The Appeals Court reasoned that the trial court confused the issues and that acting within the scope of employment was not a factor in a negligent hiring claim. *Id*. The Appeals Court further found that the additional claim did not substantially change the issues in the case. *Id*, at 24.

9.   The Iowa Supreme Court further stated that they "strongly encourage allowing

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

amendments in the usual situations and discourage denying permission." *In re Marriage of Fields*, 508 N.W.2d 730, 732 (Iowa 1993).

10. The overwhelming majority of caselaw indicates that motions for leave to amend are favored in Iowa Courts. As such, Plaintiff's motion for leave to amend the amended petition should be granted.

11. The Second Amendment does not significantly change the issues in this case, which were and continue to be the events and circumstances regarding the unjustified police-involved shooting of Plaintiff by Defendants.

12. As such, Plaintiff's Motion for Leave to Amend Amended Petition should be granted.

WHEREFORE, the Plaintiff Joseph George Maser, requests the Court grant this Motion for Leave to Amend Amended Petition at Law and Jury Demand, that the Attached Second Amended Petition at Law and Jury Demand be deemed to stand alone as a file-stamped copy without the further necessity of filing; and grant any other and further relief deemed just and equitable in the circumstances.

Respectfully submitted this _2nd_ day of March 2023.

By: /s/ John G. Daufeldt
John G. Daufeldt    #AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39th Ave.
P.O. Box 262
Amana, IA 52203
Tel: 319-622-3357
E-mail: johnd@jcwagnerlaw.com
ATTORNEY FOR PLAINTIFF

E-FILED 2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

Original Filed

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com
Attorneys for Defendants


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail   [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail      [ x] Other: EDMS

on _____March 2_____, 2023

Signature _____/s/John G. Daufeldt_____

E-FILED 2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **SECOND AMENDED PETITION AT LAW AND JURY DEMAND** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, OFFICER CHRISTOPHER KAPFER, OFFICER DEB SUMMERS, OFFICER BILL CLARAHAN, all Individually and in Their Official Capacity as Agents and/or Employees of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through his attorneys at law, John C. Wagner and John G. Daufeldt; and for his Second Amended Petition at Law and Jury Demand states to the Court as follows:

**PREAMBLE**

1.      At all times material hereto, Plaintiff Joseph George Maser was an adult resident of Johnson County, Iowa (hereinafter, "Joseph" or "Plaintiff").

2.      At all times material hereto, Defendant City of Coralville is an Iowa municipal corporation located at Coralville City Hall, 1512 7th Street, Coralville, Johnson County, Iowa and which maintains a police department, the City of Coralville Police Department.

3.      At all times material hereto, Defendant Officer Joshua Van Brocklin is a duly appointed and acting police officer employed with the City of Coralville Police

EXHIBIT 2

E-FILED   2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, Officer Van Brocklin").

4.      At all times material hereto, Defendant Officer Christopher Kapfer is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Kapfer").

5.      At all times material hereto, Defendant Officer/Lieutenant Deb Summers is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto she was acting in her official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Lieutenant Summers").

6.      At all times material hereto, Defendant Officer Bill Clarahan is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Clarahan").

7.      At all times material hereto, Defendants As-Yet Unknown Coralville Police Officers are duly appointed and acting police officers employed with the City of Coralville Police Department and at all times material hereto they were acting in their official capacity as agents and employees of the City of Coralville Police Department and were acting under color of law.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

8.      On or about September 3, 2020 and at or about 9:42 a.m., Coralville Police Department dispatch received a call from Joseph's significant other, Kimberley Rossiter, who was concerned for the welfare of Joseph due to his intoxication and potential suicidal thoughts he had expressed to her.

9.      On or about September 3, 2020 and at or about 9:43 a.m., Ms. Rossiter requested a "welfare check" to 2456 Dempster Dr., Coralville, Iowa, the location of her home and where Joseph was located (hereinafter, the "2456 Dempster Dr. Residence"). She informed dispatch that Joseph had firearms in his possession and she also informed dispatch that no other parties were in the 2456 Dempster Dr. Residence.

10.     On or about September 3, 2020 and at or about 10:00 a.m., City of Coralville Police Department officers arrived at the 2456 Dempster Dr. Residence and closed the north entrance to Dempster Drive.

11.     On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers responded to the scene area and set up a command post at the Youth Sports Complex.

12.     On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers designated Officer Kapfer to respond to the Sports Complex and designated him as the negotiator with instructions to make cell phone contact with Joseph.

13.     On or about September 3, 2020 and at or about 10:00 a.m., a City of Coralville Police Department officer called Ms. Rossiter and requested she head towards the 2456 Dempster Dr. Residence and come to the green maintenance shed located at the Coralville Youth Sports Park located directly behind her residence, to which she complied with said request.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

14.     On or about September 3, 2020, and at or about 10:15 a.m., Ms. Rossiter arrived at the green maintenance shed directly behind the 2456 Dempster Dr. Residence and she was "shocked" at the scene she witnessed outside her home, as multiple Coralville Police Department vehicles were stationed in the street; multiple law enforcement officers were located on or about the residence; fire emergency vehicles had been called; and, in general, the scene was chaotic and very disturbing to Ms. Rossiter as her reason for requesting aid from the City of Coralville Police Department was to conduct a welfare check on Joseph, not accelerate the tension and significantly increase his stress.

15.     On or about September 3, 2020, and at or about 10:17 a.m., Officer Kapfer as "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head.

16.     On or about September 3, 2020 and at or about 10:20 a.m., Joseph walked out of the 2456 Dempster Dr. Residence unarmed and onto the deck of the house. He then walked back into the residence.

17.     On or about September 3, 2020, and at or about 10:30 a.m., Officer Kapfer as "negotiator" requested Ms. Rossiter's cell phone, she complied, and the negotiator commenced texting Joseph pretending to be Ms. Rossiter.

18.     On or about September 3, 2020, and at or about other times after 10:30 a.m., Joseph would similarly exit the house and then subsequently reenter the house due to his apprehension created by the significant police presence.

19.     On or about September 3, 2020 and after numerous cell phone contacts and hang-ups by Joseph, it was evident through the dialogue that Joseph was

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

becoming more agitated and hostile with the police action and being told to exit the home empty handed and unarmed; and through the dialogue it was evident the developing situation was a suicide or potential "suicide by cop."

20.     On or about September 3, 2020, and at or about other times after 10:30 a.m., Lieutenant Summers ordered Officer Kapfer as "negotiator" to not have Joseph come out of the 2456 Dempster Dr. Residence.

21.     On or about September 3, 2020, and at or about other times after 10:30 a.m., Officer Kapfer as "negotiator" continued to insist Joseph come out of the house, despite Lieutenant Summers' order to the contrary.

22.     On or about September 3, 2020 and at or about 11:04 a.m., the garage door to the 2456 Dempster Dr. Residence opened revealing Joseph standing within the garage holding a firearm in his right hand.  Ms. Rossiter heard radio communications stating words to the effect of: "he's got a gun; he's got a gun!"

23.     On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage and Joseph was shot by Officer Van Brocklin, once in the left upper arm and once in the left rib cage.

24.     On or about September 3, 2020 and at or about 11:04 a.m., and after being shot twice, Joseph immediately fell to the floor of the garage.  Emergency medical personal then rendered aid to Joseph and he was taken via ambulance to University of Iowa Hospitals and Clinics Trauma Center (hereinafter "UIHC") for critical medical care.

25.     On or about September 3, 2020, at or about 11:08 a.m. to 11:14 a.m., the City of Coralville Police Department officers entered the 2456 Dempster Dr. Residence and confirmed that no other individuals had been or were in the home.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

26.     On or about September 3, 2020, Joseph underwent emergency surgery at UIHC for his life-threatening wounds, lasting approximately 10 hours, and required Joseph receiving 26 units of blood.  His left arm was left "dead" for 8 hours while surgeons attended to Joseph's life threatening (life over limb) injuries.  As a result of the life-threatening wounds, Joseph also incurred infections necessitating additional medical care and several surgical interventions.  Joseph spent several weeks in critical condition in the Intensive Care Unit at UIHC.

27.     Upon information and belief, Joseph remained at UIHC from approximately September 3, 2020 to October 19, 2020, at which time he was discharged from UIHC to rehabilitation at Mercy Hospital Coralville until October 25, 2020.

28.     On or about September 8, 2020, a Complaint and Affidavit was filed by the State of Iowa through the City of Coralville Police Department, initiating Johnson County Case No. AGCR127114, alleging Joseph had committed the crime of Assault while Displaying a Dangerous Weapon (the "Criminal Complaint").  The Criminal Complaint specifically alleged that Joseph "assault[ed] police officers by using or displaying a dangerous weapon, to wit: a firearm, toward him/her in a threatening manner."  A warrant for Joseph's arrest was also requested.

29.     On or about September 9, 2020, the Iowa Department of Criminal Investigations (the "DCI") commenced its investigation of Officer Van Brocklin shooting Joseph and in conjunction with that investigation, DCI investigators interviewed Officer Van Brocklin.

30.     Upon information and belief, the DCI investigation of the shooting has

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

concluded and the investigative facts have been provided to Johnson County Attorney,
Janet Lyness, for her review.  To date, no report from the Johnson County Attorney's
Office has been released.

31.    Upon information and belief, Officer Van Brocklin was placed on
administrative leave pending a report from the Johnson County Attorney's Office.

32.    Upon information and belief, Officer Van Brocklin has returned to
duty despite the absence of a report from the Johnson County Attorney's Office.

33.    On or about October 9, 2020, the Johnson County Attorney, Janet Lyness,
filed a Motion to Dismiss and Recall Warrant seeking a dismissal of the Criminal
Complaint.  The basis for the dismissal was a lack of evidence to support the charge
that Joseph displayed at law enforcement a dangerous weapon in a threatening
manner.

34.    On or about October 9, 2020, the Court entered an Order of Dismissal and
Recall of Warrant, dismissing with prejudice the alleged charge set forth in the Criminal
Complaint based upon the reasons stated in the Motion to Dismiss and Recall Warrant.

35.    Subsequently, and as a result of his life-threatening wounds, Joseph
continues to have ongoing significant nerve damage to his left arm.

36.    Subsequently, and as a result of his life-threatening wounds, Joseph
continues to experience severe emotional distress.

37.    On or about March 10, 2021, counsel for Joseph submitted an "Open
Records Request" to DCI seeking a copy of police bodycam or on-board vehicle video
concerning the September 3, 2020 shooting.  To date, DCI has refused to provide
Joseph any information regarding the incident.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

38.     On or about March 22, 2021, counsel for Joseph submitted an "Open Records Request" to the City of Coralville Police Department seeking a copy of police bodycam or on-board vehicle video concerning the September 3, 2020 shooting.

39.     On or about April 26, 2021, Ms. Rossiter submitted a letter to the Johnson County Attorney requesting information pursuant to the Open Records Act regarding the September 3, 2020 shooting. Said letter has gone unanswered.

40.     That Joseph's damages as set forth in this Petition are above the jurisdictional minimum.

### COUNT I – ASSAULT AND BATTERY
### (As to Defendant Officer Van Brocklin)

41.     Plaintiff realleges and repleads paragraphs 1 through 40 of this Petition as though fully set forth herein.

42.     That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin did commit an assault and battery upon the Plaintiff by one or all of the following:

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

E-FILED 2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

(e) intentionally and/or maliciously and/or unlawfully discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(f) otherwise committed assault and battery as the facts may reveal.

43. That the above assault and battery was a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

44. That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

45. That the acts of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT II – ASSAULT AND BATTERY
### (As to Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville, and As-Yet Unknown Coralville Police Officers)

46. Plaintiff realleges and repleads paragraphs 1 through 45 of this Petition as though fully set forth herein.

47. That on or about September 3, 2020 and at all times material hereto,

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville, and Defendants As-Yet Unknown City of Coralville Police Officers did commit an assault and battery, jointly and severally, upon the Plaintiff by one or all of the following:

    (a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

    (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

    (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

    (d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

    (e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

    (f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

    (g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

    (h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

    (i) otherwise negligent as the facts may reveal.

48.    That the above assault and battery was or were a proximate cause of the

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

Plaintiff's injuries and damages as set forth in this Petition.

49.     That as a result of the above assault and battery, Plaintiff sustained

serious, painful, and permanent injuries, disability, and disfigurement; and has and will

continue to incur pain, suffering, and mental anguish; has and will incur medical

expenses; and has and will incur a loss of earnings.

50.     That the acts of Defendants Officer Kapfer, Lieutenant Summers, Officer

Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville Police

Officers Defendants As-Yet Unknown Coralville Police Officers were willful, wanton, and

reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this

Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers,

Officer Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville

Police, jointly and severally, for actual damages as would reasonably compensate

Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum

legal rate, the costs of this action as may be allowed by law, and any other relief which

this Court deems just and equitable.

### COUNT III – NEGLIGENCE
### (As to Defendant Officer Van Brocklin)

51.     Plaintiff realleges and repleads paragraphs 1 through 50 of this Petition as

though fully set forth herein.

52.     That on or about September 3, 2020 and at all times material hereto,

Defendant Officer Van Brocklin had a duty to conform to a standard of conduct for the

protection of others.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

53.     That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin failed to conform to that standard and was negligent by one or all of the following:

> (a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or
>
> (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or
>
> (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or
>
> (d) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or
>
> (e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or
>
> (f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or
>
> (g) using excessive force against Plaintiff; and/or
>
> (h) was otherwise negligent as the facts may reveal.

54.     That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

55.     That as a result of the above negligent acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

medical expenses; and has and will incur a loss of earnings.

56.     That the negligent acts or omission of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT IV – NEGLIGENCE
### (As to Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers)

57.     Plaintiff realleges and repleads paragraphs 1 through 56 of this Petition as though fully set forth herein.

58.     That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville had a duty to conform to a standard of conduct for the protection of others.

59.     That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers had a duty to conform to a standard of conduct for the protection of others.

60.     That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers failed to conform to such standard and were

jointly and severally negligent by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

(e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(i) otherwise negligent as the facts may reveal.

61.    That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

62.    That as a result of the above acts or omissions, Plaintiff has sustained

serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

63.    That the acts of Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT V – INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
### (As to All Defendants)

64.    Plaintiff realleges and repleads paragraphs 1 through 63 of this Petition as though fully set forth herein.

65.    That Defendants' actions or omissions as set forth in this Petition constitute outrageous conduct, including, but not limited to Plaintiff being shot twice in his upper right torso causing serious life-threatening wounds.

66.    That Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to the Plaintiff.

67.    That as a result of the above acts or omissions by Defendants, Plaintiff

has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and severe or extreme mental anguish and distress; has and will incur medical expenses; and has and will incur a loss of earning.

68.     That Defendants' actions or omissions constituting outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

69.     That the actions or omissions of Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT VI – USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION
### Pursuant to 42 U.S.C. § 1983
### (As to Officer Van Brocklin)

70. Plaintiff realleges and repleads paragraphs 1 through 69 of this Petition as though fully set forth herein.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

71.     Defendant Officer Van Brocklin is a person for the purposes of Section 1983 action for damages.

72.     At all times material hereto, Defendant Officer Van Brocklin's actions or omissions as set forth herein, were done under the color of authority and law as a police officer for the City of Coralville Police Department.

73.     That on or about September 3, 2020, and at all times material hereto, Defendant Officer Van Brocklin violated Plaintiff's clearly established constitutional rights in one or all of the following:

(a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(d) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

E-FILED   2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

(e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or

(g) using excessive force against Plaintiff; and/or

(h) the situation presented to Defendant Officer Van Brocklin did not justify his use of his firearm.

74. Defendant Officer Van Brocklin's actions, omissions, or both were objectively unreasonable and violated Plaintiff's clearly established Fourth Amendment Right under the U.S. Constitution and Article I, Section 8 of the Iowa Constitution, to be free from unreasonable seizures.

75. As a direct and proximate result of Defendant Officer Van Brocklin's illegal and unjustified conduct, Plaintiff has suffered damages through injuries, including serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

interest thereon at the maximum legal rate, the costs of this action as may be allowed

by law, and any other relief which this Court deems just and equitable.

### COUNT VII – CIVIL RIGHTS VIOLATION OF DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
### Pursuant to 42 U.S.C.§ 1983
### (As to Officer Van Brocklin)

76.     Plaintiff realleges and repleads paragraphs 1 through 75 of this Petition as

though fully set forth herein.

77.     Defendant Officer Van Brocklin is a person for the purposes of Section

Defendant Officer Van Brocklin is a person for the purposes of Section 1983 action for

damages.

78.     At all times material hereto, Defendant Officer Van Brocklin's actions or

omissions as set forth herein, were done under the color of authority and law as a police

officer for the City of Coralville Police Department.

79.     That on or about September 3, 2020 and at all times material hereto,

Defendant Officer Van Brocklin violated Plaintiff's clearly established constitutional

rights in one or all of the following:

> (a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

> (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(d) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or

(g) using excessive force against Plaintiff; and/or

(h) the situation presented to Defendant Officer Van Brocklin did not justify his use of his firearm.

80.    Defendant Officer Van Brocklin's actions, omissions, or both were objectively unreasonable and violated Plaintiff's clearly established Fifth and Fourteenth Amendment Rights under the U.S. Constitution, the due process right to bodily integrity and specifically to not be unlawfully shot twice when other alternatives existed.

81.    Defendant Officer Van Brocklin knew or should have known these failures would result in an increased risk of harm to persons like Plaintiff.

82.    Defendant Officer Van Brocklin was deliberately indifferent to the substantial risk of serious harm in which he placed Plaintiff and failed to protect Plaintiff

from unnecessary and excessive force perpetrated against him since Defendant Officer Van Brocklin affirmatively created, enhanced, or both, the harm Plaintiff sustained.

83.     Defendant Officer Van Brocklin's actions, omissions and/or behavior demonstrate a reckless disregard for Plaintiff's safety, well-being, and/or substantive due process rights by exposing Plaintiff to substantial risks of harm that were known, or should have been known, under the circumstances.

84.     As a direct and proximate result of Defendant Officer Van Brocklin's illegal and unjustified conduct, Plaintiff has suffered damages through injuries, including serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT VIII – CIVIL RIGHTS VIOLATION FAILURE TO PROPERLY TRAIN AND SUPERVISE
### Pursuant to 42 U.S.C.§ 1983
### (As to City of Coralville and City of Coralville Police Department)

85.     Plaintiff realleges and repleads paragraphs 1 through 84 of this Petition as though fully set forth herein.

86.     Defendants City of Coralville and City of Coralville Police Department are persons for the purposes of a Section 1983 action for damages.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

87.     At all times material hereto, said Defendants actions and/or omissions as set forth herein, were done under the color of authority.

88.     Defendants City of Coralville and City of Coralville Police Department are charged with the duty to ensure its law enforcement officers are properly trained and supervised.

89.     Defendants City of Coralville and City of Coralville Police Department failed to train and/or supervise properly Defendant Officer Van Brocklin as to when to use lethal force and when to use a firearm against a citizen, and more specifically, when to use a firearm against an individual experiencing mental health issues.

90.     Defendants City of Coralville and City of Coralville Police Department failed to train and/or supervise properly Officer Summers in mental health related incidents and/or crisis management, and/or use of force.

91.     Defendants City of Coralville and City of Coralville Police Department failed to train and/or supervise properly Officer Kapfer in mental health related incidents and/or crisis management, and/or use of force and/or sufficient training as a crisis negotiator.

92.     Defendants City of Coralville and City of Coralville Police Department's systematic failure to train and/or supervise properly said Officers demonstrated a reckless disregard and deliberate indifference to the rights of Plaintiff.

93.     Defendants City of Coralville and City of Coralville Police Department's failures to train and/or supervise property said Officers led to and authorized the actions of the following:

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

(a) Defendant Officer Summers failing to maintain control over the incident, including by failing to adhere to proper negotiations techniques, allowing for escalation of the incident, and which led to Officer Van Brocklin ultimately shooting Plaintiff without authorization;

(b) Defendant Officer Kapfer failing to adhere to proper negotiations techniques and allowing for the escalation of the incident, and which led to Officer Van Brocklin ultimately shooting Plaintiff without authorization;

(c) by failing to train and/or supervise Officer Van Brocklin in use of force and/or in a manner which preserves the rights of Plaintiff and those situated similarly to him.

94.     As a direct and proximate result of said Defendants' illegal and unjustified conduct, Plaintiff has suffered damages through injuries, including serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against said Defendants, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT IX– RESPONDEAT SUPERIOR
### (As to City of Coralville and City of Coralville Police Department)

95.     Plaintiff realleges and repleads paragraphs 1 through 94 of this Petition as though fully set forth herein.

E-FILED  2023 MAR 02 7:10 PM JOHNSON - CLERK OF DISTRICT COURT

96.     At all times material hereto, an employer-employee relationship existed with Defendants City of Coralville and City of Coralville Police Department as employer and the individually named Defendant Officers as employees.

97.     At all times material hereto, said Defendant Officers were acting within the scope of their employment with Defendants City of Coralville and City of Coralville Police Department.

98.     Under the doctrine of respondeat superior, Defendants City of Coralville and City of Coralville Police Department are liable for the aforementioned acts and omissions, and/or negligence of the individually named Officer Defendants.

99.     As a direct and proximate result of said Defendants' illegal and unjustified conduct, Plaintiff has suffered damages through injuries, including serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against said Defendants, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable in this matter.

Respectfully submitted,

 /s/ John C. Wagner
**JOHN C. WAGNER          AT0008238**

/s/ John G. Daufeldt
John G. Daufeldt          AT0001944

JOHN C. WAGNER LAW OFFICES, PC
600 39TH AVENUE
P.O. BOX 262
AMANA, IOWA  52203
TELEPHONE: (319) 622-3357
FACSIMILE:  (319) 622-3404
EMAIL:  john@ jcwagnerlaw.com
            johnd@jcwagnerlaw.com

ATTORNEYS FOR PLAINTIFF

Original Filed.

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
          bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail          [ ] Facsimile
[ ] Hand Delivered  [ ] Overnight Courier
[ ] E-Mail             [ x] Other: E-File EDMS

on _____March 2, 2023
Signature _____/s/ John G. Daufeldt_____

E-FILED                  LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
                              CLERK OF DISTRICT COURT                  Page 1 of 13

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| **JOSEPH GEORGE MASER**, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. LACV082548 |
| | ) | |
| vs. | ) | |
| | ) | **Ruling on Plaintiff's Reconsideration Motion** |
| **CITY OF CORALVILLE**, IOWA; OFFICER | ) | **and Plaintiff's Amendment Motion** |
| **JOSHUA VAN BROCKLIN**; OFFICER | ) | |
| **CHRISTOPHER KAPFER**; OFFICER **DEB** | ) | |
| **SUMMERS**; OFFICER **BILL CLARAHAN**; all | ) | |
| Individually and in Their Official Capacity as Agents | ) | |
| and/or Employees of the City of Coralville Police | ) | |
| Department, a Governmental Subdivision of the City | ) | |
| of Coralville, Iowa; and **AS-YET UNKNOWN** | ) | |
| **CORALVILLE POLICE OFFICERS**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     The Court has before it the Motion to Reconsider (Plaintiff's Reconsideration Motion) and Motion for Leave to Amend Amended Petition (Plaintiff's Amendment Motion) filed by Plaintiff Joseph George Maser (Plaintiff). Also before the Court is the Motion for Summary Judgment (Defendants' Motion), the Resistance to Plaintiff's Reconsideration Motion (Defendants' Reconsideration Resistance) and the Resistance to Plaintiff's Amendment Motion (Defendants' Amendment Resistance) filed by all Defendants in this matter listed in the above caption (Defendants). Lastly before the Court is Plaintiff's Reply to Defendants' Reconsideration Resistance (Plaintiff's Reconsideration Reply) and Plaintiff's Reply to Defendants' Amendment Resistance (Plaintiff's Amendment Reply). The Court determines in its discretion that an oral argument is unnecessary and enters the following ruling:

### FACTUAL AND PROCEDURAL BACKGROUND

     The parties filed a Trial Scheduling and Discovery Plan (the Plan) on July 19, 2021. The Plan provided that "[p]leadings will be closed 60 days before trial." *The Plan*, ¶5. The Court filed its Order Setting Trial and Approving the Plan (Court's Schedule Order) on July 22, 2021. The Court's Schedule Order accepted the Plan, "except for the deadline for the filings of motions for summary judgment." *Court's Schedule Order*, pg. 2.

     The Court filed an Order Resetting Jury Trial and Pretrial Conference (Court's Trial Order) on November 1, 2022, holding that trial is scheduled on March 5, 2024 at 9:00 a.m. at the Johnson County Courthouse. *Court's Trial Order*, pg. 1.

EXHIBIT 3

The Court filed a Ruling on February 20, 2023 (Underlying Ruling). The Underlying Ruling outlined the facts in this matter, and the Court adopts the Factual and Procedural Background elucidated in the Underlying Ruling. *See Underlying Ruling,* pg. 1-4.

The Underlying Ruling granted Plaintiff's Third Motion to Extend Deadline to File Resistance to Defendants' Motion and Plaintiff's Motion to Compel. *Id.* at 15. While this result may sound favorable to Plaintiff, the Court's conditions upon granting said motions from Plaintiff were counter to Plaintiff's sought relief. *See Id.* The Court held that Plaintiff would have only 10 days from the filing date of the Underlying Ruling to file a resistance to Defendants' Motion, and the Court found that Defendants must supplement their answers and/or objections to Plaintiff "if the Court enters an order denying Defendants' Motion." *Id.* Plaintiff had sought an order directing that Defendants must supplement their answers and objections, and *thereafter* Plaintiff would have to file a resistance to Defendant's Motion. *Id.* at 3.

## I.      Plaintiff's Reconsideration Motion

Plaintiff's Reconsideration Motion was filed on March 2, 2023. "Plaintiff would have the Court reconsider allowing him to resist the Defendant's [Motion] after the compelling discovery is produced…for the following reasons: …the term 'emergency response' is not defined in the statute", Iowa Code §670.4(k), and "Plaintiff is seeking to secure discovery regarding what the Defendants considered an emergency." *Plaintiff's Reconsideration Motion*, ¶¶8-13.

Defendants' Reconsideration Resistance was filed on March 3, 2023. Defendants argue that Plaintiff's Reconsideration Motion "is just his most recent stalling tactic to delay resolution by the court of Defendants' Motion"; "Defendants have a right to a timely ruling on [Defendants'] Motion"; no Iowa case law has "rel[ied] on the municipality's policies to determine what constituted an emergency response", and, "'what Defendants considered an emergency' —i.e. [D]efendants' policies and protocols for determining an emergency response—is immaterial." *Defendants' Reconsideration Resistance*, ¶¶ 1-13.

Plaintiff's Reconsideration Reply was filed on March 10, 2023, wherein Plaintiff argued that he "cannot adequately resist Defendants' [Motion] until the outstanding discovery requests are answered", because "discovery of Defendants' emergency protocols would reasonably lead to a triable issue of material fact as to what is an 'emergency' for purposes of §670.4(k)." *Plaintiff's Reconsideration Reply*, ¶¶6-10. Plaintiff elaborates that "Plaintiff is not requesting all discovery be completed to resist Defendants' [Motion]. Instead, Plaintiff specifically requests Defendants' protocols on what constitutes an emergency response." *Id.* at 9. From this discovery, "Plaintiff is not seeking to establish whether Defendants violated emergency protocols…The definition of emergency under Defendants' protocols is material to whether Defendants' actions in this case were in connection with an emergency response as provided by § 670.4(k)." *Id.* at 13.

## II.     Plaintiff's Amendment Motion

Plaintiff's Amendment Motion was filed on March 2, 2023. Plaintiff noted the distant date of the trial scheduled for this matter, and asked for leave to amend Plaintiff's Amended Petition to add the following claims (the Amendments): Iowa Constitutional tort claim based on

E-FILED          LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
CLERK OF DISTRICT COURT          Page 3 of 13

excessive force, 42 U.S.C. section 1983 claim based on excessive force, 42 U.S.C. section 1983 claim for due process violation, 42 U.S.C. section 1983 claim for failure to train and supervise, and Respondeat Superior. *Plaintiff's Amendment Motion*, ¶¶5-12; *Id.*, Attachment. Plaintiff asserts that Plaintiff's Motion "should be granted", because the Amendments "do[] not significantly change the issues in this case, which were and continue to be the events and circumstances regarding the unjustified police-involved shooting of Plaintiff by Defendants. As such, Plaintiff's [Amendment Motion] should be granted." *Id.* at 11-12.

Defendants argue that "Plaintiff does not allege new facts and could have easily included these claims in his Petition filed in May 2021. Nor does [he] cite any other change to justify adding these claims at this late date." *Defendant's Amendment Resistance*, ¶5. Defendants contend that, although "Plaintiff justifies…on the basis his Motion was filed 12 months before trial which is plenty of time for Defendants to confront the allegations", "'plenty of time before trial' is not the standard." *Id.* at 6. Defendants contend that the Amendments add "new claims based on federal constitutional torts…[which] significantly chang[e] the issues from those involving simply common law claims and defenses", and, as the Amendments will "forestall the [C]ourt from ruling on [Defendants'] Motion…", the Amendments "will cause excessive delay" and prejudice to Defendants. *Id.* at 9. Defendants conclude that the Court "should exercise its discretion and deny Plaintiff's attempt to use [Plaintiff's Amendment Motion] to buy more time to resist Defendants' Motion…and begin its consideration of Defendants' Motion." *Id.* at 11.

Plaintiff asserts that Iowa law provides that, "[e]ven if the [Amendments] *did* substantially change the issues, denial would require prejudice or unfair surprise to Defendants"; "[t]herefore, before reaching the prejudice analysis, the Court must first establish the [Plaintiff's Amendment Motion] substantially changes the issues in the case." *Plaintiff's Amendment Reply*, ¶¶13-17 (emphasis in original). Plaintiff argues that the Amendments "do[] not substantially change the issues because the issues continue to be the unjustified shooting of Plaintiff by Defendants." *Id.* at 19. Further, "[e]ven if the…Amend[ments]…did substantially change the issues of the case, Defendants' allegation of prejudice by excessive delay fails", because "Plaintiff has complied with all deadlines in this case. Accordingly, there has been no excessive delay on the part of Plaintiff, and Defendants are not prejudiced by Plaintiff's Motion." *Id*. at 20-24.

## LEGAL FRAMEWORK AND ISSUES

The questions before the Court are threefold: 1) do the Amendments, at this point of this action, prejudice Defendants; 2) does Plaintiff's argument that discovery as to Defendants' emergency protocols is necessary for Plaintiff to present a genuine issue of material fact regarding whether the incident at the heart of this action was an "emergency" warrant a revocation of the Underlying Ruling; 3) if the Court finds in favor of Plaintiff as to one or both of the prior questions, to what extent does that warrant an extension of the deadline to resist Defendants' Motion?

## CONCLUSIONS OF LAW

The Court holds that Plaintiff's Amendment Motion should be and is granted, Plaintiff's Reconsideration Motion should be and is denied, and Plaintiff shall be granted 7 days from the filing date of this Ruling to file a resistance to Defendants' Motion.

## I.     Motion to Amend

The Court finds that justice requires that Plaintiff's Amendment Motion be granted. *See* Iowa R. Civ. P. 1.402(4).

### A.  Leave to Amend Shall be Freely Given When Justice So Requires

"A party may amend a pleading once as a matter of course at any time before a responsive pleading is served", or, if the matter is such that no responsive pleading is required and the action has no trial date set, "the party may amend it at any time within 20 days after it is served." Iowa R. Civ. P. 1.402(4). The case at bar is not such a matter. *See Id.* Consequently, the parties may amend their pleadings "only by leave of the court or by written consent of the adverse party." Iowa R. Civ. P. 1.402(4). Consent has not been provided, so the parties may only amend their pleadings through leave of the Court. *See Id.*

Iowa R. Civ. P. 1.402(4) provides that "[l]eave to amend, including leave to amend to conform to the proof, *shall be freely given when justice so requires*." (Emphasis added). "Amendments are the rule and denials the exception." *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). "[A] trial court has considerable discretion as to whether an appropriate request for leave to amend should be granted or denied." *Atl. Veneer Corp. v. Sears*, 232 N.W.2d 499, 503 (Iowa 1975).

Iowa R. Civ. P. 1.402(5) allows an amended pleading to relate back to the filing date of the original pleading if opposing parties would not be prejudiced by allowing the amended pleading to relate back; generally, opposing parties will not be prejudiced if the claims and defenses in the amended pleading are still based on the same conduct, and if the notice provided for the original pleading was sufficient. *See* Iowa R. Civ. P. 1.402(5); *See Est. of Kuhns*, 620 N.W.2d at 494 (2000). Iowa R. Civ. P. 1.402(5) provides that an amendment to a pleading that changes claims or defenses from the originally filed pleading "relates back to the date of the original pleading", if "the claim or defense asserted in the amended pleading arose out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

### B.  Justice So Requires When the Opposing Party Would be Left Without an Adequate Ability to Respond

Iowa common law has not consistently and concisely outlined when "justice so requires." *See* Iowa R. Civ. P. 1.402(4); *see Matter of Est. of Workman*, 903 N.W.2d 170, 178 (Iowa 2017); *see Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015). The Iowa Supreme Court has held that justice so requires when either (1) "the amendment does not substantially change the issues in the case", or (2) the "amendments…substantially change the issues", but "'the opposing party is not prejudiced or unfairly surprised' by the changes." *Baker*, 867 N.W.2d at 51 (2015) (emphasis added) (quoting *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002)).

However, the two categories have not been consistently treated as separate, as the Iowa Supreme Court has also recently held that "*[o]ne indicator of substantial change* to the issues may be *prejudice or unfair surprise* to the opposing party." *Matter of Est. of Workman*, 903 N.W.2d at 178 (2017) (emphasis added).

The Court finds that the general concern of the justice analysis called for by Iowa R. Civ. P. 1.402(4) is whether the opposing party will have a fair opportunity to prepare to respond to the newly asserted claims, facts, or defenses alleged by the moving party. *See Est. of Kuhns v. Marco*, 620 N.W.2d 488, 491 (Iowa 2000). "The primary purpose of the rules of pleading is *to provide notice* and to facilitate a *fair and just* decision *on the merits of the case*", "not…to allow a mistake in a pleading to determine the outcome of a case. *Thus*, our rules of procedure provide that amendments to pleadings should be freely allowed when it is just to do so." *Id.* (emphasis added). Consequently, in weighing whether justice requires that leave to amend be granted after the period wherein a party may do so at their own discretion has passed, courts weigh the notice provided to the opposing party. *See Id.*; *see West v. Hawker*, 237 N.W.2d 802, 807 (Iowa 1976) (providing that if the amendment ""might affect [the opposing party's] preparation for trial…These matters go to the timeliness of such an amendment"). In balancing the justice and fairness concerns of the opposing party's ability to defend with the moving party's ability to fully have their claims determined on their merits, Iowa common law focuses on the degree to which the amendments represent a substantial change close to the trial date in the action, such that the opposing party is prejudiced by an unfair surprise without an opportunity to appropriately respond. *See Matter of Est. of Workman*, 903 N.W.2d at 178 (2017).

1.   *If the Theory of the Sought Amendments Vary Materially from the Initially Pled Facts*

Iowa case law provides that one powerful factor in weighing the interest of both parties in light of justice is whether the original pleadings of the moving party contained sufficient evidence as to the foundations of the claims/defenses added in the sought amendment. *See Id.* "If the theory relied on to prove the proposed amended claim 'var[ies] materially' from the facts relied upon to prove the existing claim, then the proposed amendment is deemed to *substantially change the issues*." *Id.* (emphasis added) (quoting *Smith v. Village Enters., Inc.*, 208 N.W.2d 35, 37–38 (Iowa 1973)).

In *Matter of Est. of Workman*, the Iowa Supreme Court found that "the proposed amendment to conform to the evidence would have changed the issues and unfairly prejudiced [the nonmoving party]." *Id.* The moving party had "specifically disclaimed a challenged to any other will." *Id.* The opposing party had "undercut [the moving party's] litigation position by demonstrating that the …will…did not leave [the moving party] materially worse off than he was before." *Id.* "Only after this weakness…had been exposed at trial did [the moving party] seek to expand his suit from one will…to *all* the wills." *Id.* (emphasis in original). The Iowa Supreme Court found that expanding the suit to include all wills after the trial had concluded "would have unfairly disadvantaged [the opposing party], because it would have required a different line of questioning and proof than [the opposing party] had already used." *Id.* "In the case as pled by [the moving party], only the terms of the earlier wills…mattered, not the specific circumstances of their execution or Margaret's condition at the time." *Id.*

5

In contrast, the Iowa Supreme Court found in *Sears* that there was "no abuse of discretion by trial court in permitting" "the in-course-of-trial amendment of [the moving party's] answer to [opposing party's] counterclaim" *Sears*, 232 N.W.2d at 503 (1975). The moving party's answer originally alleged that the moving party made "true accountings…and furnished…to [the opposing party] …a full and complete accounting…which culminated in the…note." *Id.* The moving party's "subsequent amendment stated…[t]hat the…note was offered by the [opposing party] …and [the moving party] accepted the same as full and complete settlement…of its claim…and that the [opposing party] *is now estopped* from proceeding with…his demand for an accounting." *Id.* (emphasis added). The Iowa Supreme Court found that "it is apparent this amendment neither asserted a new defense to defendant's counterclaim for accounting nor materially changed plaintiff's original defense… [D]espite the fact that plaintiff did not specifically use the word 'estopped'…in its original responsive pleading, *such was, in essence, pled by facts* giving rise thereto." *Id.* (emphasis added).

2. *The Time Remaining for the Opposing Party to Prepare a Response*

Iowa common law provides that the time left before the trial date is *a* factor; if the amendment "might affect [the opposing party's] *preparation for trial*…These matters go to the timeliness of such an amendment." *West v. Hawker*, 237 N.W.2d 802, 807 (Iowa 1976) (emphasis added).  However, as the justice concern is ultimately a fairness consideration, the "failure to request a continuance mitigates a party's claim that an amendment deprives the party of the ability to adequately prepare for trial." *Rife*, 641 N.W.2d at 768 (2002). The length of notice an opposing party has that amendments are coming is not *solely* determinative, as "a party may amend a pleading at any time before a decision is rendered, even after the close of the presentation of the evidence." *Rife,* 641 N.W.2d at 767 (2002). This being stated, a motion to amend made during or after the close of trial may well be found to be a substantial change or to create an unfair surprise; "when the movant seeks to amend based upon trial testimony that the movant knew or should have known about beforehand, amendments that might well have otherwise been allowed earlier in the course of the proceedings may properly be denied by the district court judge." *Allison-Kesley Ag Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 846 (Iowa 1992).

Further, the Iowa Supreme Court has found that a motion to amend which substantially changed the issues by "inject[ing] a new issue into the case" which "was not raised in the original pleadings" may be found to be prejudicial and an unfair surprise if the motion was "untimely", as the motion was filed, without good cause, after the "pretrial order closed pleadings." *Holliday v. Rain & Hail L.L.C.*, 690 N.W.2d 59, 65 (Iowa 2004); *see Bennett v. City of Redfield,* 446 N.W.2d 467, 474–75 (Iowa 1989).

In *Baker*, the Iowa Supreme Court found that a motion to amend which added a first amendment claim to the list of previously pled constitutional claims was properly granted, because the opposing party had sufficient notice that the moving party intended to bring their first amendment claim. *See Baker*, 867 N.W.2d at 49–52 (2015). "[T]he [moving party] filed a petition against the [opposing party] seeking damages under 42 U.S.C. § 1983. The [moving party] claimed the city ordinance was unconstitutional under the home rule provisions of the

Iowa Constitution due to the irreconcilable conflict." *Id.* at 49–50. "The [moving party] also claimed the enforcement of the ordinance against them violated their federal constitutional rights of due process and equal protection." *Id.* at 50. However, "[i]nitially, the [moving party's] lawsuit did not include a claim for a violation of their rights of freedom of association and freedom of speech under the First Amendment." *Id.* The Iowa Supreme Court noted that the moving party had attempted to amend its initial petition over a number of years wherein the case was going through an appeal and remand process. *Id.* at 51. "*Given this*, we find the district court did not abuse its discretion *because* the district court's decision to grant the amendment on remand *did not prejudice or unfairly surprise the City*." *Id.* at 51-52 (emphasis added) ("We… permit amendments that substantially change the issues 'if the opposing party is not prejudiced or unfairly surprised' by the changes") (quoting *Rife*, 641 N.W.2d at 767).

### C.  Justice Requires the Court Grant Plaintiff's Amendment Motion

The Court finds that justice requires that Plaintiff's Amendment Motion be granted, because Plaintiff's Amendment Motion was filed with enough time before trial that Defendants will have adequate time to prepare to dispute the new claims, and the Amendments do not substantially change the issues Defendants face. *See* Iowa R. Civ. P. 1.402(4); *see West*, 237 N.W.2d at 807 (1976); *see Sears*, 232 N.W.2d at 503 (1975).

#### 1.  *There is Ample Time Before the Trial*

The Court holds that the timing of Plaintiff's Amendment Motion affords Defendants a great deal of notice, such that an *unfair* surprise cannot be alleged. *See* Iowa R. Civ. P. 1.402(4); *see West*, 237 N.W.2d 807 (1976). Defendants are correct in noting that "'plenty of time before trial' is not the standard" for determining whether a motion to amend should be granted. *Defendant's Amendment Resistance*, ¶6. However, the Court's determination of whether "justice…requires" that Plaintiff have leave to amend, which is the proper standard, includes a consideration of the amount of notice Defendants have to respond to the Amendments before a trial in this matter. *See* Iowa R. Civ. P. 1.402(4); *see West*, 237 N.W.2d 807 (1976) (providing that, if the amendment "might affect [the opposing party's] preparation for trial…[t]hese matters go to the timeliness of such an amendment"). The Court finds that the significant amount of time before trial in this matter, just short of a year, supports Plaintiff's argument that justice requires the Court grant Plaintiff's Amendment Motion, because Defendants will have ample time to prepare a defense to Defendants' new claims. *See Id.*

#### 2.  *The Theories of the New Claims Do Not Differ Materially from Plaintiff's Pled Facts*

The Court holds that the Amendments do not substantially change the issues, such that an argument that Defendants would be prejudiced by the granting of Plaintiff's Amendment Motion is weakened. *See Sears*, 232 N.W.2d at 503 (1975).

Plaintiff's Amended Petition presently asserts the following claims based on the alleged negligence in the Defendants response to Plaintiff's event: Assault and Battery against Defendant Brocklin, II: Assault and Battery against all other Defendants, III: Negligence against Defendant Brocklin, IV: Negligence against all other Defendants, V: Intentional Infliction of Emotional

Distress against all Defendants. *Plaintiff's Amended Petition*, ¶¶42-66. The Amendments seek to add the following claims based off of the same facts: Iowa Constitutional tort claim based on excessive force, 42 U.S.C. section 1983 claim based on excessive force, 42 U.S.C. section 1983 claim for due process violation, 42 U.S.C. section 1983 claim for failure to train and supervise, and Respondeat Superior. *Plaintiff's Amendment Motion*, ¶¶5-12; *Id.*, Attachment.

Defendants contend that the Amendments add "new claims based on federal constitutional torts…[which] significantly chang[e] the issues from those involving simply common law claims and defenses." *Defendants' Amendment Resistance*, ¶9. Plaintiff argues that the facts, being "the events and circumstances regarding the unjustified police-involved shooting of Plaintiff by Defendants", are still the underlying facts of the Amendments, so the Amendments "do[] not significantly change the issues in this case." *Id.* at ¶¶11-12. Defendants do not dispute that "Plaintiff does not allege new facts", but Defendants argue that Plaintiff should have already argued the new claims added by the Amendments, because Plaintiff "could have easily included these claims in [Plaintiff's Amended Petition] …[Plaintiff] does [not] cite any other change to justify adding these claims at this late date." *Defendants' Amendment Resistance*, ¶5.

The Court finds that the claims added in the Amendments all arise from the facts already pled by Plaintiff, which supports a finding that justice requires Plaintiff's Amendment Motion be granted. *See Sears*, 232 N.W.2d at 503 (1975). ("despite the fact that plaintiff did not specifically use the word 'estopped'…in its original responsive pleading, such was, in essence, pled by facts giving rise thereto").

### 3. *Justice Requires Plaintiff's Amendment Motion be Granted*

The Court finds that justice requires the Court grant Plaintiff's Amendment Motion, because the new claims added by the Amendments are indisputably admissible in the same set of facts already pled by Plaintiff, and there is ample time before the trial in this matter. *See Matter of Est. of Workman*, 903 N.W.2d at 178 (2017) ("One indicator of substantial change to the issues may be prejudice or unfair surprise to the opposing party"). As there is ample time to respond the newly alleged claims in the Amendment based on the same set of alleged facts, the Court holds that the Amendments do not represent a substantial change to the issues, and Defendants will not be prejudiced from an unfair surprise. *See Id.* (finding that allowing the amendments "would have unfairly disadvantaged [the opposing party], because it would have required a different line of questioning and proof than [the opposing party] had already used", because, "[i]n the case as pled by [the moving party], only the terms of the earlier wills…mattered, not the specific circumstances of their execution or Margaret's condition at the time").

## II.        Motion to Reconsider

The Court finds that Plaintiff's Reconsideration Motion should be and is denied. *See* Iowa R. Civ. P. 1.904.

### A.   Motions to Reconsider are for Issues of Fact or Legal Issues Presented and Ignored

E-FILED          LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
CLERK OF DISTRICT COURT
Page 9 of 13

Iowa R. Civ. P. 1.904(2) provides a party the right to make a timely motion to the trial court to reconsider, enlarge, or amend the trial court's "judgment or decree" on an (1) issue of fact (2) entered without a jury pursuant to Iowa R. Civ. P. 1.904(1). Iowa R. Civ. P. 1.904(3) extends this right to "other court orders, ruling, judgments, or decrees." A motion to reconsider "is a procedural mechanism that permits parties to request reconsideration of a ruling, and authorizes the court to change its ruling." *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002). The Iowa Supreme Court has held that, given that Iowa R. Civ. P. 1.904(2) is only available to address a non-jury ruling *on an issue of fact*, when a motion to reconsider challenges an issue of law, "the legal issue must have been addressed by the court *in the context of an issue of fact* tried by the court without a jury." *Id.* (emphasis added). Consequently, Iowa R. Civ. P. 1.904(2) and (3) are "not available to challenge a ruling that did not involve a factual issue but instead was confined to the determination of a legal question." *Id.* The Iowa Supreme Court clarified that "[t]he difference between the reconsideration of a ruling based on *the application of facts to law* and a ruling based solely on the law can be significant. *A second hearing solely involving a legal issue is merely repetitive*. It serves little purpose as a court procedure." *Id.* (emphasis added) (citation omitted). "When a ruling is strictly limited to a question of law, a motion to reconsider amounts to nothing more than a rehash of the legal question." *Id.* "A proper rule 1.904(2) motion does not merely seek reconsideration of an adverse district court judgment. Nor does it merely seek to rehash legal issues adversely decided." *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016) (citation omitted).

"Nonetheless, when a party has presented an issue…and the district court has failed to rule on it, a rule 1.904(2) motion is proper means by which to preserve error and request a ruling from the district court…even if the issue is a purely legal one." *Id.* (citation omitted). However, such an issue must have been presented in the parties' *prior filings*, not a new issue raised for the first time in the motion to reconsider. *See Id.* Further, motions to reconsider "are not vehicles for parties to retry issues based on *new facts*." *In re Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995) (emphasis added).

B. <u>Plaintiff Argues that the Court Incorrectly Determined that Plaintiff Does Not Require the Requested Discovery to Resist Defendants' Motion</u>

Plaintiff argues that the Court should revoke the Underlying Ruling, because "the term emergency response' is not defined in" Iowa Code §670.4(k), so Plaintiff "cannot adequately resist Defendants' [Motion] until the outstanding discovery requests are answered", because "discovery of Defendants' emergency protocols would reasonably lead to a triable issue of material fact as to what is an 'emergency' for purposes of §670.4(k)." *Plaintiff's Reconsideration Motion*, ¶¶8-13; *Plaintiff's Reconsideration Reply*, ¶¶6-10. Plaintiff acknowledges that "the *Kershner* case cited by the Court does indicate the violation of municipal policy is not a defense to the emergency response exemption", but Plaintiff argues that "the case did not address nor define *what constitutes* an emergency. These are two separate issues and questions." *Plaintiff's Reconsideration Motion*, ¶10 (citing *Kershner v. City of Burlington*, 618 N.W.2d 340, 345 (Iowa 2000)). Through the discovery sought by Plaintiff regarding Defendants' protocols, handbooks, and conditions for determining the level of priority for a response to a call, "Plaintiff is seeking

to secure discovery regarding what the Defendants considered an emergency not whether Defendants violated their own policy or not." *Id.* at 11-12 (emphasis removed). "Because 'emergency response' is not defined, discovery regarding how and why Defendants determine the appropriate response to a call is critical." *Id.* at 13. Plaintiff does not provide authority to support Plaintiff's contention that Defendants' protocols are "critical" to Plaintiff's ability to resist Defendants' Motion. *See Id.*

Defendants argue that Plaintiff's Reconsideration Motion "is just his most recent stalling tactic to delay resolution by the court of Defendants' Motion"; "Defendants have a right to a timely ruling on [Defendants'] Motion"; no Iowa case law has "rel[ied] on the municipality's policies to determine what constituted an emergency response", and, "'what Defendants considered an emergency' —i.e. [D]efendants' policies and protocols for determining an emergency response—is immaterial." *Defendants' Reconsideration Resistance*, ¶¶ 1-13. Defendants argue that, "regardless whether the statute itself defines 'emergency response', more than 25 years of Iowa state and federal case law provides the contours for the broad legal definition of 'emergency response' and acts taken in correction with that emergency response under Iowa law." *Id.* at ¶11. Defendants cite a large number of Iowa cases, and conclude that "in none of the [listed] cases did the court rely on the municipality's policies to determine what constituted an emergency response." *Id.* at 12. Lastly, Defendants assert that "[n]otwithstanding that the policies are immaterial, Defendants produced the entire Coralville Police Department Policy Manual with their Responses to Plaintiff's Request for Production on December 5, 2022." *Id.* at ¶13 n. 2.

C.   The Underlying Ruling Found that Plaintiff Failed to Provide Why the Sought Discovery is Necessary to Resist Defendants' Motion

In the Underlying Ruling, the Court found that "Plaintiff has not presented a persuasive argument to the Court as to why Plaintiff's sought discovery is necessary to resist Defendants' Motion…While Plaintiff claims that Plaintiff's sought discovery is crucial…Plaintiff has not provided an argument for such couched in the legal framework for municipal immunity." *Underlying Ruling*, pg. 14. Specifically, the Court held that, "[w]hile Plaintiff also seeks discovery on documents regarding written procedures Defendants may have to follow, Plaintiff has not elaborated *how* such a written procedure would be necessary for Plaintiff to resist Defendants' Motion; Iowa law indicates that written procedures do not dictate whether an action is an 'emergency response.'" *Id.* (emphasis added). The Underlying Ruling noted that Iowa case law provides that "Iowa Code section 670.4[now (1)(k)] makes no reference to whether any existing operational guidelines or rules in effect at the time of the alleged act or omission, are followed", and "*the only relevant inquiry* in determining whether the city has immunity *under the emergency response provision* is whether plaintiff's claim is 'based upon or arising out of an act or omission in connection with an emergency response' by officers or employees carrying out their official duties." *Id.* at 12 (emphasis added) (quoting *Kershner*, 618 N.W.2d at 345 (2000)); *see Kershner*, 618 N.W.2d at 345 (2000) (refusing to exclude a fire department from immunity even though the fire department did not follow its own written policies).

E-FILED          LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
                        CLERK OF DISTRICT COURT                  Page 11 of 13

D.  <u>The Court Finds that Plaintiff Still Fails to Demonstrate the Necessity of Discovery</u>

The Court finds that Plaintiff's Reconsideration Motion fails to bridge the gap between Defendants' sought discovery and the legal issue of what is an emergency response.

Plaintiff argues that certain pieces of the discovery sought by Plaintiff, particularly Defendants' emergency protocols, are critical for Plaintiff to assert that there is a genuine issue of material fact as to whether the events at the heart of this matter constitute an "emergency", such that the actions taken by Defendants are an "emergency response" by Iowa Code §670.4(k). *Plaintiff's Reconsideration Motion*, ¶¶8-13. Plaintiff asserts that Defendants are 'attempt[ing] to 'railroad' Plaintiff through a premature summary judgment motion", counter to the purpose of Iowa R. Civ. P. 1.981(6). *Plaintiff's Reconsideration* Reply, ¶¶4-5. However, Plaintiff has provided no authority to support Plaintiff's argument that, although Iowa case law provides that the protocols of an entity are not relevant to determining whether that entity has immunity under the emergency response provision, Defendants protocols are not only helpful, but critical in Plaintiff's efforts to resist Defendants' Motion; Plaintiff has not proffered a case that separates the "emergency" from "emergency response" or a case that relied on the entity's protocols to define "emergency". *See Id.* at ¶14 (arguing that "[t]he definition of emergency under Defendants' protocols is material to whether Defendant's action in this case were in connection with an emergency response as provided by §670.4(k)", but not providing authority or further clarification for this assertion).

In contrast, Defendants continue to assert that *Kershner* holds that Defendants' protocols are irrelevant to this legal determination, and Defendants note that Iowa case law provides that Iowa Code §670.4(1)(k) is to be interpreted broadly. *See Kershner*, 618 N.W.2d at 345 (2000) ("670.4…plainly states that the only relevant inquiry in determining whether the city has immunity under the emergency response provision is whether plaintiff's claim is 'based upon or arising out of an act or omission in connection with an emergency response" by officers or employees carrying out their official duties'") (quoting Iowa Code §670.4(1)(k)); *see Kulish v. Ellsworth*, 566 N.W.2d 885, 890 (Iowa 1997) ("A local government has a strong interest in providing rescue services for citizens involved in accidents and who—day or night—need immediate response. The statutory exemption from tort liability allows municipal providers of emergency care to render necessary medical aid in dire situations free from…concerns over potential lawsuit"); *see Cubit v. Mahaska Cnty.*, 677 N.W.2d 777, 782 (Iowa 2004) ("section 670.4…sweeps broadly, encompassing all 'claim[s] based upon or arising out of an act or omission in connection with an emergency response....' This court has no power to read a limitation into the statute that is not supported by the words chosen by the general assembly") (citation omitted).

As the Underlying Ruling noted,

[i]n drafting a resistance to Defendant's Motion, the burden will not be on Plaintiff to prove Plaintiff's case at a heightened standard. Rather, if Plaintiff believes it likely that Defendants met Defendants' burden to demonstrate that there is no genuine issue of material fact and the moving party is entitled to

E-FILED          LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
                        CLERK OF DISTRICT COURT                    Page 12 of 13

judgment as a matter of law, Plaintiff will bear the burden to 'set forth specific
facts showing that there is *a genuine issue* for trial.'

*Underlying Ruling*, pg. 14 (emphasis in original) (quoting *Par. v. Jumpking, Inc.*, 719 N.W.2d
540, 544–45 (Iowa 2006)). The Court finds that Plaintiff failed to demonstrate the necessity of
Plaintiff's sought discovery to file a resistance to Defendants' Motion. *See Kershner*, 618
N.W.2d at 345 (2000); *see* Iowa R. Civ. P. 1.501(2); *see* Iowa R. Civ. P. 1.503(8); *see* Iowa R.
Civ. P. 1.503(8)(c).

### III.    Resulting Impact

The Court finds that, in light of the Court's resolution of Plaintiff's Amendment Motion
and Plaintiff's Reconsideration Motion, Plaintiff will be granted one more extension of Plaintiff's
deadline to file a resistance to Defendants' Motion. *See* Iowa R. Civ. P. 1.981(3) ("party resisting
[a motion for summary judgment] shall file a resistance within 15 days…from the time when a
copy of the motion has been served," "unless otherwise ordered by the court"). The Court holds
that Plaintiff will have 7 days from the filing date of this Ruling to file a resistance to
Defendants' Motion. *See Id.*

### RULING

**IT IS THEREFORE ORDERED** that the Motion to Reconsider filed by Plaintiff
Joseph George Maser is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to Amend Amended Petition
filed by Plaintiff Joseph George Maser is **GRANTED**. Plaintiff's Amended Petition attached to
Plaintiff's Motion for Leave to Amend Amended Petition is deemed filed, and relates back to the
date of the original Petition filed by Plaintiff. *See* Iowa R. Civ. P. 1.402(5).

**IT IS LASTLY ORDERED** that Plaintiff's deadline to file a resistance to Defendant's
Motion for Summary Judgment is extended, and Plaintiff will have 7 days from the filing date of
this Ruling to file a resistance to Defendants' Motion for Summary Judgment.

Clerk to notify.

E-FILED          LACV082548 - 2023 MAR 30 04:33 PM          JOHNSON
                        CLERK OF DISTRICT COURT          Page 13 of 13



State of Iowa Courts

**Case Number**          **Case Title**
LACV082548               MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**                Other Order

So Ordered

_____
Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2023-03-30 16:33:56