## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE MASER,** | |
| **Plaintiff,** | **No. _____** |
| **vs.** | **PETITION AT LAW** |
| | **AND JURY DEMAND** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through his attorneys at law, John C. Wagner and John G. Daufeldt; and for his Petition at Law and Jury Demand states to the Court as follows:

### PREAMBLE

1.  At all times material hereto, Plaintiff Joseph George Maser was an adult resident of Johnson County, Iowa (hereinafter, "Joseph" or "Plaintiff").

2.  At all times material hereto, Defendant City of Coralville is an Iowa municipal corporation located at Coralville City Hall, 1512 7th Street, Coralville, Johnson County, Iowa and which maintains a police department, the City of Coralville Police Department.

3.  At all times material hereto, Defendant Officer Joshua Van Brocklin is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an

agent and employee of the City of Coralville Police Department and was acting under color of law.

4.   At all times material hereto, Defendants As-Yet Unknown Coralville Police Officers are duly appointed and acting police officers employed with the City of Coralville Police Department and at all times material hereto they were acting in their official capacity as agents and employees of the City of Coralville Police Department and were acting under color of law.

5.   On or about September 3, 2020 and at or about 9:42 a.m., Coralville Police Department dispatch received a call from Joseph's significant other, Kimberley Rossiter, who was concerned for the welfare of Joseph due to his intoxication and potential suicidal thoughts he had expressed to her.

6.   On or about September 3, 2020 and at or about 9:43 a.m., Ms. Rossiter requested a "welfare check" to 2456 Dempster Dr., Coralville, Iowa, the location of her home and where Joseph was located (hereinafter, the "2456 Dempster Dr. Residence"). She informed dispatch that Joseph had firearms in his possession and she also informed dispatch that no other parties were in the 2456 Dempster Dr. Residence.

7.   On or about Septmeber 3, 2020 and at or about 10:00 a.m., City of Coralville Police Department officers arrived at the 2456 Dempster Dr. Residence and closed the north entrance to Dempster Drive.

8.   On or about September 3, 2020 and at or about 10:00 a.m., a City of Coralville Police Department officer called Ms. Rossiter and requested she head towards the 2456 Dempster Dr. Residence and come to the green maintenance shed

2

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

located at the Coralville Youth Sports Park located directly behind her residence, to which she complied with said request.

9.  On or about September 3, 2020, and at or about 10:15 a.m., Ms. Rossiter arrived at the green maintenance shed directly behind the the 2456 Dempster Dr. Residence and she was "shocked" at the scene she witnessed outside her home, as multiple Coralville Police Department vehicles were stationed in the street; multiple law enforcement officers were located on or about the residence; fire emergency vehicles had been called; and, in general, the scene was chaotic and very disturbing to Ms. Rossiter as her reason for requesting aid from the City of Coralville Police Department was to conduct a welfare check on Joseph, not accelerate the tension and significantly increase his stress.

10.  On or about September 3, 2020, and at or about 10:17 a.m., the City of Coralville Police Department "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head.

11.  On or about September 3, 2020 and at or about 10:20 a.m., Joseph walked out of the 2456 Dempster Dr. Residence unarmed and onto the deck of the house. He then walked back into the residence.

12.  On or about September 3, 2020, and at or about 10:30 a.m., a City of Coralville Police Department negotiator requested Ms. Rossiter's cell phone, she complied, and the negotiator commenced texting Joseph pretending to be Ms. Rossiter.

13.  On or about September 3, 2020, and at or about other times after 10:30 a.m., Joseph would similarly exit the house and then subsequently reenter the house due to his apprehension created by the significant police presence.

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

14.  On or about September 3, 2020 and at or about 11:04 a.m., the garage door to the 2456 Dempster Dr. Residence opened revealing Joseph standing within the garage holding a firearm in his right hand.  Ms. Rossiter heard radio communications stating words to the effect of: "he's got a gun; he's got a gun!"

15.  On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage holding the firearm at his side.  Joseph never heard any instructions to drop the firearm.  Joseph did not raise the firearm in a threatening manner.  Upon information and belief, the firearm in Joseph's possession was not loaded.

16.  On or about September 3, 2020 and at or about 11:04 a.m., Joseph was shot twice by Coralville Police Officer Joshua Van Brocklin (hereinafter "Officer Van Brocklin"), once in the left upper arm and once in the left rib cage.

17.  On or about September 3, 2020 and at or about 11:04 a.m., and after being shot twice, Joseph immediately fell to the floor of the garage.  Emergency medical personal then rendered aid to Joseph and he was taken via ambulance to University of Iowa Hospitals and Clinics Trauma Center (hereinafter "UIHC") for critical medical care.

18.  On or about September 3 2020, at or about 11:08 a.m. to 11:14 a.m., the City of Coralville Police Department officers entered the 2456 Dempster Dr. Residence and confirmed that no other individuals had been or were in the home.

19.  On or about September 3, 2020, Joseph underwent emergency surgery at UIHC for his life threatening wounds, lasting approximately 10 hours, and required Joseph receiving 26 units of blood.  His left arm was left "dead" for 8 hours while surgeons attended to Joseph's life threatening (life over limb) injuries.  As a result of the

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

life threatening wounds, Joseph also incurred infections necessitating additional medical care and several surgical interventions.  Joseph spent several weeks in critical condition in the Intensive Care Unit at UIHC.

20.  Upon information and belief, Joseph remained at UIHC from approximately September 3, 2020 to October 19, 2020, at which time he was discharged from UIHC to rehabilitation at Mercy Hospital Coralville until October 25, 2020.

21.  On or about September 8, 2020, a Complaint and Affidavit was filed by the State of Iowa through the City of Coralville Police Department, initiating Johnson County Case No. AGCR127114, alleging Joseph had committed the crime of Assault while Displaying a Dangerous Weapon (the "Criminal Complaint").  The Criminal Complaint specifically alleged that Joseph "assault[ed] police officers by using or displaying a dangerous weapon, to wit: a firearm, toward him/her in a threatening manner."  A warrant for Joseph's arrest was also requested.

22.  On or about September 9, 2020, the Iowa Department of Criminal Investigations (the "DCI") commenced its investigation of Officer Van Brocklin shooting Joseph and in conjunction with that investigation, DCI investigators interviewed Officer Van Brocklin.

23.  Upon information and belief, the DCI investigation of the shooting has concluded and the investigative facts have been provided to Johnson County Attorney, Janet Lyness, for her review.  To date, no report from the Johnson County Attorney's Office has been released.

24.  Upon information and belief, Officer Van Brocklin was placed on administrative leave pending a report from the Johnson County Attorney's Office.

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

25.  Upon information and belief, Officer Van Brocklin has returned to duty despite the absence of a report from the Johnson County Attorney's Office.

26.  On or about October 9, 2020, the Johnson County Attorney, Janet Lyness, filed a Motion to Dismiss and Recall Warrant seeking a dismissal of the Criminal Complaint.  The basis for the dismissal was a lack of evidence to support the charge that Joseph displayed at law enforcement a dangerous weapon in a threatening manner.

27.  On or about October 9, 2020, the Court entered an Order of Dismissal and Recall of Warrant, dismissing with prejudice the alleged charge set forth in the Criminal Complaint based upon the reasons stated in the Motion to Dismiss and Recall Warrant.

28.  Subsequently, and as a result of his life threatening wounds, Joseph continues to have ongoing significant nerve damage to his left arm.

29.  Subsequently, and as a result of his life threatening wounds, Joseph continues to be unemployed.

30.  Subsequently, and as a result of his life threatening wounds, Joseph continues to experience severe emotional distress.

31.  On or about March 10, 2021, counsel for Joseph submitted an "Open Records Request" to DCI seeking a copy of police body-cam or on-board vehicle video concerning the September 3, 2020 shooting.  To date, DCI has refused to provide Joseph any information regarding the incident.

32.  On or about March 22, 2021, counsel for Joseph submitted an "Open Records Request" to the City of Coralville Police Department seeking a copy of police body-cam or on-board vehicle video concerning the September 3, 2020 shooting.  To

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

date, the City of Coralville Police Department has refused to provide Joseph any video regarding the incident.

33. On or about April 26, 2021, Ms. Rossiter submitted a letter to the Johnson County Attorney requesting information pursuant to the Open Records Act regarding the September 3, 2020 shooting. Said letter has gone unanswered.

34. That Joseph's damages as set forth in this Petition are above the jurisdictional minimum.

**COUNT I – ASSAULT AND BATTERY**
**(As to Defendant Officer Van Brocklin)**

35. Plaintiff realleges and repleads paragraphs 1 through 34 of this Petition as though fully set forth herein.

36. That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin did commit an assault and battery upon the Plaintiff by one or all of the following:

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(e) intentionally and/or maliciously and/or unlawfully discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f) otherwise committed assault and battery as the facts may reveal.

37. That the above assault and battery was a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

38. That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

39. That the acts of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

**COUNT II – ASSAULT AND BATTERY**
**(As to Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers)**

40. Plaintiff realleges and repleads paragraphs 1 through 39 of this Petition as though fully set forth herein.

41. That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers did commit an assault and battery, jointly and severally, upon the Plaintiff by one or all of the following:

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(e) failing to restrain and/or allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully discharge his firearm and thereby shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f) otherwise committed assault and battery as the facts may reveal

42. That the above assault and battery was or were a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

43. That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

44. That the acts of Defendants As-Yet Unknown Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant City of Coralville and Defendants As-Yet

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT III – NEGLIGENCE
### (As to Defendant Officer Van Brocklin)

45.  Plaintiff realleges and repleads paragraphs 1 through 44 of this Petition as though fully set forth herein.

46.  That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin had a duty to conform to a standard of conduct for the protection of others.

47.  That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin failed to conform to that standard and was negligent by one or all of the following:

   (a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

   (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

   (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

   (d) failing to adequately warn Plaintiff of the imminent physical violence to his person;

   (e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or

(g) using excessive force against Plaintiff; and/or

(h) was otherwise negligent as the facts may reveal.

48. That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

49. That as a result of the above negligent acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

50. That the negligent acts or omission of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT IV – NEGLIGENCE
### (As to Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers)

51. Plaintiff realleges and repleads paragraphs 1 through 50 of this Petition as though fully set forth herein.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

52. That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville had a duty to conform to a standard of conduct for the protection of others.

53. That on or about September 3, 2020 and at all times material hereto, Defendants As-Yet Unknown City of Coralville Police Officers had a duty to conform to a standard of conduct for the protection of others.

54. That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers failed to conform to such standard and were jointly and severally negligent by one or all of the following:

      (a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

      (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

      (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

      (d) failing to adequately warn Plaintiff of the imminent physical violence to his person;

      (e) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

(f) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(g) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(h) otherwise negligent as the facts may reveal.

55. That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

56. That as a result of the above acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

57. That the acts of Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT V – INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
### (As to All Defendants)

58. Plaintiff realleges and repleads paragraphs 1 through 57 of this Petition as though fully set forth herein.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

59. That Defendants' actions or omissions as set forth in this Petition constitute outrageous conduct, including, but not limited to Plaintiff being shot twice in his upper right torso causing serious life threatening wounds.

60. That Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to the Plaintiff.

61. That as a result of the above acts or omissions by Defendants, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and severe or extreme mental anguish and distress; has and will incur medical expenses; and has and will incur a loss of earning.

62. That Defendants' actions or omissions constituting outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

63. That the actions or omissions of Defendant Officer Van Brocklin and/or Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, the City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable in this matter.

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

Respectfully submitted,

 /s/ John C. Wagner
**JOHN C. WAGNER        AT0008238**

/s/ John G. Daufeldt
John G. Daufeldt         AT0001944

JOHN C. WAGNER LAW OFFICES, PC
600 39TH AVENUE
P.O. BOX 262
AMANA, IOWA  52203
TELEPHONE: (319) 622-3357
FACSIMILE:  (319) 622-3404
EMAIL:  john@ jcwagnerlaw.com
                johnd@jcwagnerlaw.com

ATTORNEYS FOR PLAINTIFF

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE MASER,** | |
| **Plaintiff,** | **No. _____** |
| **vs.** | **ORIGINAL NOTICE** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is John C. Wagner of John C. Wagner Law Offices, PC, P.O. Box 262, Amana, Iowa 52203. The attorney's phone number is (319) 622-3357; facsimile number: (319) 622-3404.

You must serve a motion or answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Iowa County, at the county courthouse in Marengo, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

This case has been filed in a county that uses electronic filing. You must register to eFile through the Iowa Judicial Branch website at https://iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court.

For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 Pertaining to the Use of the Electronic Document Management System, available on the Iowa Judicial Branch website. For court rules on the Protection of Personal Privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16. If you are unable to proceed electronically, you must receive permission from the court to file in paper. Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 319-398-3920 (1105). (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

## IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2021 MAY 19 10:36 AM JOHNSON - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV082548**

*County*  **Johnson**

*Case Title*   MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 398-3920** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **05/19/2021 10:36:09 AM**



*District Clerk of* Johnson          *County*

**/s/ Christine Roselund**

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE MASER,** | **No. _____** |
| **Plaintiff,** | |
| **vs.** | **PETITION AT LAW AND JURY DEMAND** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through his attorneys at law, John C. Wagner and John G. Daufeldt; and for his Petition at Law and Jury Demand states to the Court as follows:

### PREAMBLE

1.  At all times material hereto, Plaintiff Joseph George Maser was an adult resident of Johnson County, Iowa (hereinafter, "Joseph" or "Plaintiff").

2.  At all times material hereto, Defendant City of Coralville is an Iowa municipal corporation located at Coralville City Hall, 1512 7th Street, Coralville, Johnson County, Iowa and which maintains a police department, the City of Coralville Police Department.

3.  At all times material hereto, Defendant Officer Joshua Van Brocklin is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an

1

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

agent and employee of the City of Coralville Police Department and was acting under color of law.

4.  At all times material hereto, Defendants As-Yet Unknown Coralville Police Officers are duly appointed and acting police officers employed with the City of Coralville Police Department and at all times material hereto they were acting in their official capacity as agents and employees of the City of Coralville Police Department and were acting under color of law.

5.  On or about September 3, 2020 and at or about 9:42 a.m., Coralville Police Department dispatch received a call from Joseph's significant other, Kimberley Rossiter, who was concerned for the welfare of Joseph due to his intoxication and potential suicidal thoughts he had expressed to her.

6.  On or about September 3, 2020 and at or about 9:43 a.m., Ms. Rossiter requested a "welfare check" to 2456 Dempster Dr., Coralville, Iowa, the location of her home and where Joseph was located (hereinafter, the "2456 Dempster Dr. Residence"). She informed dispatch that Joseph had firearms in his possession and she also informed dispatch that no other parties were in the 2456 Dempster Dr. Residence.

7.  On or about Septmeber 3, 2020 and at or about 10:00 a.m., City of Coralville Police Department officers arrived at the 2456 Dempster Dr. Residence and closed the north entrance to Dempster Drive.

8.  On or about September 3, 2020 and at or about 10:00 a.m., a City of Coralville Police Department officer called Ms. Rossiter and requested she head towards the 2456 Dempster Dr. Residence and come to the green maintenance shed

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

located at the Coralville Youth Sports Park located directly behind her residence, to which she complied with said request.

9.  On or about September 3, 2020, and at or about 10:15 a.m., Ms. Rossiter arrived at the green maintenance shed directly behind the the 2456 Dempster Dr. Residence and she was "shocked" at the scene she witnessed outside her home, as multiple Coralville Police Department vehicles were stationed in the street; multiple law enforcement officers were located on or about the residence; fire emergency vehicles had been called; and, in general, the scene was chaotic and very disturbing to Ms. Rossiter as her reason for requesting aid from the City of Coralville Police Department was to conduct a welfare check on Joseph, not accelerate the tension and significantly increase his stress.

10. On or about September 3, 2020, and at or about 10:17 a.m., the City of Coralville Police Department "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head.

11.  On or about September 3, 2020 and at or about 10:20 a.m., Joseph walked out of the 2456 Dempster Dr. Residence unarmed and onto the deck of the house. He then walked back into the residence.

12.  On or about September 3, 2020, and at or about 10:30 a.m., a City of Coralville Police Department negotiator requested Ms. Rossiter's cell phone, she complied, and the negotiator commenced texting Joseph pretending to be Ms. Rossiter.

13.  On or about September 3, 2020, and at or about other times after 10:30 a.m., Joseph would similarly exit the house and then subsequently reenter the house due to his apprehension created by the significant police presence.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

14. On or about September 3, 2020 and at or about 11:04 a.m., the garage door to the 2456 Dempster Dr. Residence opened revealing Joseph standing within the garage holding a firearm in his right hand. Ms. Rossiter heard radio communications stating words to the effect of: "he's got a gun; he's got a gun!"

15. On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage holding the firearm at his side. Joseph never heard any instructions to drop the firearm. Joseph did not raise the firearm in a threatening manner. Upon information and belief, the firearm in Joseph's possession was not loaded.

16. On or about September 3, 2020 and at or about 11:04 a.m., Joseph was shot twice by Coralville Police Officer Joshua Van Brocklin (hereinafter "Officer Van Brocklin"), once in the left upper arm and once in the left rib cage.

17. On or about September 3, 2020 and at or about 11:04 a.m., and after being shot twice, Joseph immediately fell to the floor of the garage. Emergency medical personal then rendered aid to Joseph and he was taken via ambulance to University of Iowa Hospitals and Clinics Trauma Center (hereinafter "UIHC") for critical medical care.

18. On or about September 3 2020, at or about 11:08 a.m. to 11:14 a.m., the City of Coralville Police Department officers entered the 2456 Dempster Dr. Residence and confirmed that no other individuals had been or were in the home.

19. On or about September 3, 2020, Joseph underwent emergency surgery at UIHC for his life threatening wounds, lasting approximately 10 hours, and required Joseph receiving 26 units of blood. His left arm was left "dead" for 8 hours while surgeons attended to Joseph's life threatening (life over limb) injuries. As a result of the

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

life threatening wounds, Joseph also incurred infections necessitating additional medical care and several surgical interventions.  Joseph spent several weeks in critical condition in the Intensive Care Unit at UIHC.

20.  Upon information and belief, Joseph remained at UIHC from approximately September 3, 2020 to October 19, 2020, at which time he was discharged from UIHC to rehabilitation at Mercy Hospital Coralville until October 25, 2020.

21.  On or about September 8, 2020, a Complaint and Affidavit was filed by the State of Iowa through the City of Coralville Police Department, initiating Johnson County Case No. AGCR127114, alleging Joseph had committed the crime of Assault while Displaying a Dangerous Weapon (the "Criminal Complaint").  The Criminal Complaint specifically alleged that Joseph "assault[ed] police officers by using or displaying a dangerous weapon, to wit: a firearm, toward him/her in a threatening manner."  A warrant for Joseph's arrest was also requested.

22.  On or about September 9, 2020, the Iowa Department of Criminal Investigations (the "DCI") commenced its investigation of Officer Van Brocklin shooting Joseph and in conjunction with that investigation, DCI investigators interviewed Officer Van Brocklin.

23.  Upon information and belief, the DCI investigation of the shooting has concluded and the investigative facts have been provided to Johnson County Attorney, Janet Lyness, for her review.  To date, no report from the Johnson County Attorney's Office has been released.

24.  Upon information and belief, Officer Van Brocklin was placed on administrative leave pending a report from the Johnson County Attorney's Office.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

25. Upon information and belief, Officer Van Brocklin has returned to duty despite the absence of a report from the Johnson County Attorney's Office.

26. On or about October 9, 2020, the Johnson County Attorney, Janet Lyness, filed a Motion to Dismiss and Recall Warrant seeking a dismissal of the Criminal Complaint. The basis for the dismissal was a lack of evidence to support the charge that Joseph displayed at law enforcement a dangerous weapon in a threatening manner.

27. On or about October 9, 2020, the Court entered an Order of Dismissal and Recall of Warrant, dismissing with prejudice the alleged charge set forth in the Criminal Complaint based upon the reasons stated in the Motion to Dismiss and Recall Warrant.

28. Subsequently, and as a result of his life threatening wounds, Joseph continues to have ongoing significant nerve damage to his left arm.

29. Subsequently, and as a result of his life threatening wounds, Joseph continues to be unemployed.

30. Subsequently, and as a result of his life threatening wounds, Joseph continues to experience severe emotional distress.

31. On or about March 10, 2021, counsel for Joseph submitted an "Open Records Request" to DCI seeking a copy of police body-cam or on-board vehicle video concerning the September 3, 2020 shooting. To date, DCI has refused to provide Joseph any information regarding the incident.

32. On or about March 22, 2021, counsel for Joseph submitted an "Open Records Request" to the City of Coralville Police Department seeking a copy of police body-cam or on-board vehicle video concerning the September 3, 2020 shooting. To

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

date, the City of Coralville Police Department has refused to provide Joseph any video regarding the incident.

33. On or about April 26, 2021, Ms. Rossiter submitted a letter to the Johnson County Attorney requesting information pursuant to the Open Records Act regarding the September 3, 2020 shooting. Said letter has gone unanswered.

34. That Joseph's damages as set forth in this Petition are above the jurisdictional minimum.

## COUNT I – ASSAULT AND BATTERY
### (As to Defendant Officer Van Brocklin)

35. Plaintiff realleges and repleads paragraphs 1 through 34 of this Petition as though fully set forth herein.

36. That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin did commit an assault and battery upon the Plaintiff by one or all of the following:

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(e) intentionally and/or maliciously and/or unlawfully discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f)  otherwise committed assault and battery as the facts may reveal.

37.  That the above assault and battery was a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

38.  That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

39.  That the acts of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT II – ASSAULT AND BATTERY
### (As to Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers)

40.  Plaintiff realleges and repleads paragraphs 1 through 39 of this Petition as though fully set forth herein.

41.  That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers did commit an assault and battery, jointly and severally, upon the Plaintiff by one or all of the following:

8

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(e) failing to restrain and/or allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully discharge his firearm and thereby shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f) otherwise committed assault and battery as the facts may reveal

42. That the above assault and battery was or were a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

43. That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

44. That the acts of Defendants As-Yet Unknown Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant City of Coralville and Defendants As-Yet

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT III – NEGLIGENCE
### (As to Defendant Officer Van Brocklin)

45.  Plaintiff realleges and repleads paragraphs 1 through 44 of this Petition as though fully set forth herein.

46.  That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin had a duty to conform to a standard of conduct for the protection of others.

47.  That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin failed to conform to that standard and was negligent by one or all of the following:

(a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(d) failing to adequately warn Plaintiff of the imminent physical violence to his person;

(e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right

E-FILED  2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

(f)  failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or

(g) using excessive force against Plaintiff; and/or

(h) was otherwise negligent as the facts may reveal.

48.  That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

49.  That as a result of the above negligent acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

50.  That the negligent acts or omission of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT IV – NEGLIGENCE
### (As to Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers)

51.  Plaintiff realleges and repleads paragraphs 1 through 50 of this Petition as though fully set forth herein.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

52. That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville had a duty to conform to a standard of conduct for the protection of others.

53. That on or about September 3, 2020 and at all times material hereto, Defendants As-Yet Unknown City of Coralville Police Officers had a duty to conform to a standard of conduct for the protection of others.

54. That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers failed to conform to such standard and were jointly and severally negligent by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(d) failing to adequately warn Plaintiff of the imminent physical violence to his person;

(e) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life threatening wounds; and/or

    (f) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

    (g) failing to restrain and/or allowing excessive force against Plaintiff; and/or

    (h) otherwise negligent as the facts may reveal.

55. That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

56. That as a result of the above acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

57. That the acts of Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT V – INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
### (As to All Defendants)

58. Plaintiff realleges and repleads paragraphs 1 through 57 of this Petition as though fully set forth herein.

E-FILED 2021 MAY 18 5:12 PM JOHNSON - CLERK OF DISTRICT COURT

59. That Defendants' actions or omissions as set forth in this Petition constitute outrageous conduct, including, but not limited to Plaintiff being shot twice in his upper right torso causing serious life threatening wounds.

60. That Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to the Plaintiff.

61. That as a result of the above acts or omissions by Defendants, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and severe or extreme mental anguish and distress; has and will incur medical expenses; and has and will incur a loss of earning.

62. That Defendants' actions or omissions constituting outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

63. That the actions or omissions of Defendant Officer Van Brocklin and/or Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, the City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable in this matter.

Respectfully submitted,

  /s/ John C. Wagner
**JOHN C. WAGNER**     **AT0008238**

/s/ John G. Daufeldt
John G. Daufeldt     AT0001944

JOHN C. WAGNER LAW OFFICES, PC
600 39TH AVENUE
P.O. BOX 262
AMANA, IOWA  52203
TELEPHONE: (319) 622-3357
FACSIMILE:  (319) 622-3404
EMAIL:  john@ jcwagnerlaw.com
       johnd@jcwagnerlaw.com

ATTORNEYS FOR PLAINTIFF

## AFFIDAVIT OF SERVICE

| Case:<br>LACV082548 | Court:<br>JOHNSON COUNTY DISTRICT COURT | County:<br>JOHNSON, IA | Job:<br>5723330 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Joseph George Maser | | **Defendant / Respondent:**<br>City of Coralville, Iowa; Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department, a Government Subdivision of the City of Coralville, Iowa; As-Yet Unknown Coralville Police Officers | | |
| **Received by:**<br>HSPS Legal Services | | **For:**<br>John C. Wagner Law Offices, P.C. | |
| **To be served upon:**<br>City of Coralville, Iowa | | | |

I, Nathan Marks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Thor Johnson , 1512 7th St., Coralville, IA 52241 |
| **Manner of Service:** | Government Agency, Jun 1, 2021, 11:15 am CDT |
| **Documents:** | Original Notice; Petition at Law and Jury Demand (Received May 26, 2021 at 3:33pm CDT) |

**Additional Comments:**
1) Unsuccessful Attempt: May 28, 2021, 1:35 pm CDT at 1512 7th St., Coralville, IA 52241
Receptionist said the City Clerk was out of office today. She said they are scheduled to be back in on Tuesday.

2) Successful Attempt: Jun 1, 2021, 11:15 am CDT at 1512 7th St., Coralville, IA 52241 received by Thor Johnson . (Server's visual approximation) Age: 48; Ethnicity: Caucasian; Gender: Male; Weight: 250; Height: 6'4"; Hair: Brown; Relationship: City Clerk ; City Clerk Thor Johnson affirmed his identity and accepted legal documents. No signature requested.

Fees: 35

State of: _____IA_____ )
                                        ) SS:
County of: __Johnson__ )

_signature_          6-2-21
Nathan Marks          Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this
____2____ day of ___June___, ____2021____

_signature_

**Notary Public**

1-28-22

**My Commission Expires**

CHELSEY ROBISON
Commission Number 794243
My Commission Expires
January 28, 2022

E-FILED 2021 JUN 02 2:07 PM JOHNSON - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACV082548 | Court:<br>JOHNSON COUNTY DISTRICT COURT | County:<br>JOHNSON, IA | Job:<br>5723336 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Joseph George Maser | | **Defendant / Respondent:**<br>City of Coralville, Iowa; Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department, a Government Subdivision of the City of Coralville, Iowa; As-Yet Unknown Coralville Police Officers | | |
| **Received by:**<br>HSPS Legal Services | | **For:**<br>John C. Wagner Law Offices, P.C. | |
| **To be served upon:**<br>As-Yet Unknown Coralville Police Officers | | | |

I, Nathan Marks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Thor Johnson , 1512 7th St., Coralville, IA 52241

**Manner of Service:**   Government Agency, Jun 1, 2021, 11:16 am CDT

**Documents:**   Original Notice; Petition at Law and Jury Demand (Received May 26, 2021 at 3:33pm CDT)

**Additional Comments:**
1) Unsuccessful Attempt: May 28, 2021, 1:36 pm CDT at 1512 7th St., Coralville, IA 52241
Receptionist said the City Clerk was out of office today. She said they are scheduled to be back in on Tuesday.

2) Successful Attempt: Jun 1, 2021, 11:16 am CDT at 1512 7th St., Coralville, IA 52241 received by Thor Johnson . (Server's visual approximation) Age: 48; Ethnicity: Caucasian; Gender: Male; Weight: 250; Height: 6'4"; Hair: Brown; Relationship: City Clerk; City Clerk Thor Johnson affirmed his identity and accepted legal documents. No signature requested.

Fees: 55

State of:   _____ IA _____   )

_____ ) SS:

County of:   _____ Johnson _____   )

_____   6-2-21
Nathan Marks                        Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this
_____ 2 _____ day of _____ June _____ , _____ 2021

_____
Notary Public

1-28-22
My Commission Expires



CHELSEY ROBISON
Commission Number 794243
My Commission Expires
January 28, 2022

## AFFIDAVIT OF SERVICE

| Case:<br>LACV082548 | Court:<br>JOHNSON COUNTY DISTRICT COURT | County:<br>JOHNSON, IA | Job:<br>5723346 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Joseph George Maser | | **Defendant / Respondent:**<br>City of Coralville, Iowa; Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department, a Government Subdivision of the City of Coralville, Iowa; As-Yet Unknown Coralville Police Officers | |
| **Received by:**<br>HSPS Legal Services | | **For:**<br>John C. Wagner Law Offices, P.C. | |

| To be served upon:<br>Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department |
|---|

I, Nathan Marks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department, Coralville Police Department : 1503 Fifth St, Coralville, IA 52241 |
|---|---|
| Manner of Service: | Personal/Individual, May 28, 2021, 1:33 pm CDT |
| Documents: | Original Notice; Petition at Law and Jury Demand (Received May 26, 2021 at 3:33pm CDT) |

**Additional Comments:**
1) Successful Attempt: May 28, 2021, 1:33 pm CDT at Coralville Police Department : 1503 Fifth St, Coralville, IA 52241 received by Officer Joshua Van Brocklin, Individually and in His Official Capcacity as an Agent and/or Employee of the City of Coralville Police Department. (Server's visual approximation) Age: 32; Ethnicity: Caucasian; Gender: Male; Weight: 210; Height: 6'2"; Hair: Brown;
Officer Joshua Van Brocklin affirmed his identity and accepted legal documents. No signature requested.

Fees: SS

State of:  IA  )
            ) SS:
County of:  Johnson  )

Nathan Marks          6-1-21
                      Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this
_____1_____ day of ____June____, 2021

Notary Public

1-28-22
My Commission Expires

CHELSEY ROBISON
Commission Number 794243
My Commission Expires
January 28, 2022

E-FILED  2021 JUN 17 9:12 AM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ANSWER OF CITY OF |
| CITY OF CORALVILLE, IOWA, | ) | CORALVILLE, IOWA AND |
| OFFICER JOSHUA VAN | ) | OFFICER JOSHUA VAN |
| BROCKLIN, Individually and in His | ) | BROCKLIN |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | |
| Subdivision of the CITY OF | ) | |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | | |
| Defendants. | | |

Defendants, City of Coralville, Iowa and Officer Joshua Van Brocklin for their Answer to the Petition of the Plaintiff state:

**<u>PREAMBLE</u>**

1.      They admit paragraph 1.

2.      They admit paragraph 2.

3.      They admit Officer Joshua Van Brocklin was and is a duly appointed and acting police officer employed by the City of Coralville Police Department. They deny all remaining allegations of paragraph 3.

4.      They deny paragraph 4.

5.      They admit on September 3, 2020 Kimberly Rossiter placed a 911 call expressing concern about Plaintiff due to his intoxication and potential suicidal thoughts. All other allegations contained in paragraph 5 are denied.

1

E-FILED  2021 JUN 17 9:12 AM JOHNSON - CLERK OF DISTRICT COURT

6.      They admit on or about September 3, 2020 Ms. Rossiter made a second 911 call concerning firearms in Plaintiff's possession. They deny all remaining allegations of paragraph 6.

7.      They admit paragraph 7.

8.      They deny paragraph 8.

9.      They deny paragraph 9.

10.      They deny paragraph 10.

11.      They deny paragraph 11.

12.      They deny paragraph 12.

13.      They deny paragraph 13.

14.      They deny paragraph 14.

15.      They deny paragraph 15.

16.      They deny paragraph 16.

17.      They deny paragraph 17.

18.      They deny paragraph 18.

19.      They deny paragraph 19 for lack of information.

20.      They deny paragraph 20 for lack of information.

21.      They deny paragraph 21.

22.      They admit paragraph 22.

23.      They deny paragraph 23 for lack of information.

24.      They deny paragraph 24.

25.      They deny paragraph 25.

26.      They deny paragraph 26.

E-FILED  2021 JUN 17 9:12 AM JOHNSON - CLERK OF DISTRICT COURT

27.     They deny paragraph 27.

28.     They deny paragraph 28.

29.     They deny paragraph 29.

30.     They deny paragraph 30.

31.     They deny paragraph 31 for lack of information.

32.     They deny paragraph 32.

33.     They deny paragraph 33 for lack of information.

34.     They deny paragraph 34.

## COUNT 1 – ASSAULT AND BATTERY
### (As to Defendant Officer Van Brocklin)

35.     They replead paragraphs 1 through 34 as though fully set forth herein.

36.     They deny paragraph 36 including all subparagraphs thereof.

37.     They deny paragraph 37.

38.     They deny paragraph 38.

39.     They deny paragraph 39.

## COUNT II – ASSAULT AND BATTERY
### (As to Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers)

40.     They replead paragraphs 1 through 39 as though fully set forth herein.

41.     They deny paragraph 41 including all subparagraphs thereof.

42.     They deny paragraph 42.

43.     They deny paragraph 43.

44.     They deny paragraph 44.

## COUNT III – NEGLIGENCE
### (As to Defendant Officer Van Brocklin)

45.     They replead paragraphs 1 through 44 as though fully set forth herein.

46.     They deny paragraph 46.

47.     They deny paragraph 47 including all subparagraphs thereof.

48.     They deny paragraph 48.

49.     They deny paragraph 49.

50.     They deny paragraph 50.

## COUNT IV – NEGLIGENCE
### (As to Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers)

51.     They replead paragraphs 1 through 50 as though fully set forth herein.

52.     They deny paragraph 52.

53.     They deny paragraph 53.

54.     They deny paragraph 54 including all subparagraphs thereof.

55.     They deny paragraph 55.

56.     They deny paragraph 56.

57.     They deny paragraph 57.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

58.     They replead paragraphs 1 through 57 as though fully set forth herein.

59.     They deny paragraph 59.

60.     They deny paragraph 60.

61.     They deny paragraph 61.

62.     They deny paragraph 62.

E-FILED  2021 JUN 17 9:12 AM JOHNSON - CLERK OF DISTRICT COURT

63.     They deny paragraph 63.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Petition fails to state a claim upon which any relief may be granted.

2.     Neither Coralville nor Officer Van Brocklin were responsible for any alleged violations of Plaintiff's constitutional rights.

3.     Plaintiff has failed to state a claim sufficient to support punitive damages.

4.     All actions taken by Coralville and Officer Van Brocklin were discretionary and done in good faith.

5.     Coralville and Officer Van Brocklin are entitled to absolute immunity, qualified immunity and/or official immunity.

6.     Coralville and Officer Van Brocklin rely on all defenses available pursuant to Iowa Code chapter 670.

7.     Coralville and Officer Van Brocklin rely on all defenses available pursuant to Iowa Code chapter 668.

8.     Coralville and Officer Van Brocklin are immune from liability by virtue of the Public Duty Doctrine from all of Plaintiff's claims.

9.     Coralville and Officer Van Brocklin exercised all due care to conform to the requirements of the law in connection with any and all interactions with Plaintiff.

PICKENS, BARNES & ABERNATHY


By   /s/Terry J. Abernathy
      Terry J. Abernathy AT0000380
      Bradley J. Kaspar AT0012308
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA  52407-4170
      PH:  (319) 366-7621
      FAX: (319) 366-3158
      E-MAIL: tabernathy@pbalawfirm.com
            bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS


Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 17th day of June, 2021, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| | | | |
|---|---|---|---|
| ☐ | U.S. Mail | ☐ | Facsimile |
| ☐ | Hand-Delivery | ☐ | Email |
| ☐ | Overnight Carrier | ☒ | Other-EDMS |


        /s/ Lynette Stickney

E-FILED  2021 JUN 17 1:14 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | AMENDED ANSWER OF CITY OF |
| CITY OF CORALVILLE, IOWA, | ) | CORALVILLE, IOWA AND |
| OFFICER JOSHUA VAN | ) | OFFICER JOSHUA VAN |
| BROCKLIN, Individually and in His | ) | BROCKLIN |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | |
| Subdivision of the CITY OF | ) | |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | | |
| Defendants. | | |

Defendants, City of Coralville, Iowa and Officer Joshua Van Brocklin for their Answer to the Petition of the Plaintiff state:

**PREAMBLE**

1.      They admit paragraph 1.

2.      They admit paragraph 2.

3.      They admit Officer Joshua Van Brocklin was and is a duly appointed and acting police officer employed by the City of Coralville Police Department. They deny all remaining allegations of paragraph 3.

4.      They deny paragraph 4.

5.      They admit on September 3, 2020 Kimberly Rossiter placed a 911 call expressing concern about Plaintiff due to his intoxication and potential suicidal thoughts. All other allegations contained in paragraph 5 are denied.

1

E-FILED  2021 JUN 17 1:14 PM JOHNSON - CLERK OF DISTRICT COURT

6.      They admit on or about September 3, 2020 Ms. Rossiter made a second 911 call concerning firearms in Plaintiff's possession. They deny all remaining allegations of paragraph 6.

7.      They admit paragraph 7.

8.      They deny paragraph 8.

9.      They deny paragraph 9.

10.     They deny paragraph 10.

11.     They deny paragraph 11.

12.     They deny paragraph 12.

13.     They deny paragraph 13.

14.     They deny paragraph 14.

15.     They deny paragraph 15.

16.     They deny paragraph 16.

17.     They deny paragraph 17.

18.     They deny paragraph 18.

19.     They deny paragraph 19 for lack of information.

20.     They deny paragraph 20 for lack of information.

21.     They deny paragraph 21.

22.     They admit paragraph 22.

23.     They deny paragraph 23 for lack of information.

24.     They deny paragraph 24.

25.     They deny paragraph 25.

26.     They deny paragraph 26.

E-FILED  2021 JUN 17 1:14 PM JOHNSON - CLERK OF DISTRICT COURT

27.     They deny paragraph 27.

28.     They deny paragraph 28.

29.     They deny paragraph 29.

30.     They deny paragraph 30.

31.     They deny paragraph 31 for lack of information.

32.     They deny paragraph 32.

33.     They deny paragraph 33 for lack of information.

34.     They deny paragraph 34.

## COUNT 1 – ASSAULT AND BATTERY
### (As to Defendant Officer Van Brocklin)

35.     They replead paragraphs 1 through 34 as though fully set forth herein.

36.     They deny paragraph 36 including all subparagraphs thereof.

37.     They deny paragraph 37.

38.     They deny paragraph 38.

39.     They deny paragraph 39.

## COUNT II – ASSAULT AND BATTERY
### (As to Defendant City of Coralville and Defendants As-Yet Unknown Coralville Police Officers)

40.     They replead paragraphs 1 through 39 as though fully set forth herein.

41.     They deny paragraph 41 including all subparagraphs thereof.

42.     They deny paragraph 42.

43.     They deny paragraph 43.

44.     They deny paragraph 44.

## COUNT III – NEGLIGENCE
## (As to Defendant Officer Van Brocklin)

45.    They replead paragraphs 1 through 44 as though fully set forth herein.

46.    They deny paragraph 46.

47.    They deny paragraph 47 including all subparagraphs thereof.

48.    They deny paragraph 48.

49.    They deny paragraph 49.

50.    They deny paragraph 50.

## COUNT IV – NEGLIGENCE
## (As to Defendant City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers)

51.    They replead paragraphs 1 through 50 as though fully set forth herein.

52.    They deny paragraph 52.

53.    They deny paragraph 53.

54.    They deny paragraph 54 including all subparagraphs thereof.

55.    They deny paragraph 55.

56.    They deny paragraph 56.

57.    They deny paragraph 57.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (As to All Defendants)

58.    They replead paragraphs 1 through 57 as though fully set forth herein.

59.    They deny paragraph 59.

60.    They deny paragraph 60.

61.    They deny paragraph 61.

62.    They deny paragraph 62.

63.    They deny paragraph 63.


## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's Petition fails to state a claim upon which any relief may be granted.

2.    Neither Coralville nor Officer Van Brocklin were responsible for any alleged violations of Plaintiff's constitutional rights.

3.    Plaintiff has failed to state a claim sufficient to support punitive damages.

4.    All actions taken by Coralville and Officer Van Brocklin were discretionary and done in good faith.

5.    Coralville and Officer Van Brocklin are entitled to absolute immunity, qualified immunity and/or official immunity.

6.    Coralville and Officer Van Brocklin rely on all defenses available pursuant to Iowa Code chapter 670.

7.    Coralville and Officer Van Brocklin rely on all defenses available pursuant to Iowa Code chapter 668.

8.    Coralville and Officer Van Brocklin are immune from liability by virtue of the Public Duty Doctrine from all of Plaintiff's claims.

9.    Coralville and Officer Van Brocklin exercised all due care to conform to the requirements of the law in connection with any and all interactions with Plaintiff.

10.    Both the City of Coralville and Officer Van Brocklin are immune from liability by virtue of Iowa Code § 670.4A.

PICKENS, BARNES & ABERNATHY

By    /s/Terry J. Abernathy
      Terry J. Abernathy AT0000380
      Bradley J. Kaspar AT0012308
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA  52407-4170
      PH:  (319) 366-7621
      FAX: (319) 366-3158
      E-MAIL: tabernathy@pbalawfirm.com
              bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 17th day of June, 2021, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| | | |
|---|---|---|
| ☐ U.S. Mail | ☐ | Facsimile |
| ☐ Hand-Delivery | ☐ | Email |
| ☐ Overnight Carrier | ☒ | Other-EDMS |

_____/s/ Lynette Stickney_____

E-FILED          LACV082548 - 2021 JUN 21 01:53 PM          JOHNSON
CLERK OF DISTRICT COURT          Page 1 of 3

## IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JOSEPH GEORGE MASER<br><br>        Plaintiff(s)<br><br>VS.<br><br>CITY OF CORALVILLE<br>JOSHUA VAN BROCKLIN<br>AS YET UNKNOWN CORALVILLE POLICE<br>OFFICERS<br><br>        Defendant(s) | CASE NO: 06521  LACV082548<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 07/22/2021 at 9:30 AM  at the Johnson County Courthouse, Iowa City, Iowa.**

This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**By <u>TELEPHONE</u> with the conference call to be initiated by Plaintiff(s).  The court administrator shall be connected to the call at 319-356-6070, Ext. 3313.**

Attorneys for all parties appearing in the case shall participate at this conference as well as unrepresented defendants who have also appeared.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

## **Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).**

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 06/21/21

E-FILED                    LACV082548 - 2021 JUN 21 01:53 PM          JOHNSON
                           CLERK OF DISTRICT COURT                    Page 2 of 3

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED          LACV082548 - 2021 JUN 21 01:53 PM          JOHNSON
                 CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

**Case Number**          **Case Title**
LACV082548               MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**                ORDER FOR TRIAL SCHEDULING CONFERENCE

So Ordered

_Sarah Honson_

Sarah Honson, Court Administration Designee
Sixth Judicial District of Iowa

Electronically signed on 2021-06-21 13:53:35

E-FILED  2021 JUL 19 8:28 AM JOHNSON - CLERK OF DISTRICT COURT

**Rule 23.5—Form 2:** *Trial Scheduling and Discovery Plan*

**Do not** file this form in an Expedited Civil Action case, instead use Form 3.

- This form is to be filed within 7 days after the parties' discovery conference and before the trial-setting conference with the court.

- The parties should complete the entire form except as otherwise indicated.

---

### In the Iowa District Court for ___JOHNSON___ County

| | |
|---|---|
| JOSEPH GEORAGE MASER | No. LACV082548 |
| | **Trial Scheduling and Discovery Plan** |
| **Plaintiff(s) / Petitioner(s)**<br>*Full name: first, middle, last* | *Use of this form is mandatory* |
| | Date Petition filed: 05 / 18 / 2021<br>*mm      dd        yyyy* |
| vs. | Case type: ☒ Law    ☐ Equity    ☐ Other |
| CITY OF CORALVILLE, IOWA, | ☐ PCR    ☐ Judicial Review |
| | Trial type: ☒ Jury    ☐ Nonjury |
| JOSHUA VAN BROCKLIN, et al. | Expected trial length: 10 days |
| **Defendant(s) / Respondent(s).**<br>*Full name: first, middle, last* | The amount in controversy<br>exceeds $10,000.    ☒ Yes    ☐ No |

---

**Appearances:**

**Plaintiff(s) / Petitioner(s)**
John C. Wagner and John G. Daufeldt of John C. Wagner Law Offices, PC

Show Lines
Hide Lines

---

**Defendant(s) / Respondent(s)**
Terry J. Abernathy and Bradley J. Kaspar of Pickens, Barnes & Abernathy

Show Lines
Hide Lines

---

### It is ordered:

**1.    Trial**   *Note to parties: Unless you have obtained a trial date from court administration, leave this date blank; the court will enter the date after the trial-setting conference.*

Trial of this case is set for _____ ____, 20____, at _____:_____    ☐ a.m.
                 *Month*   *Day*   *Year*   *Time*    ☐ p.m.

in the district court in the courthouse of the county named above.

**2.    Pretrial conference**   *Check one. Note to parties: If box A is checked, leave the date blank unless you have obtained a pretrial conference date from court administration. If you do not have a pretrial conference date and check box A, the court will enter the date, by order, after the trial-setting conference.*

                                                                  ☐ a.m.

A. ☐   A pretrial conference will be held on _____ _____, 20____, at _____:_____    ☐ p.m.
                                          *Month*   *Day*   *Year*   *Time*

        The conference may be held telephonically with prior approval of the court.

B. ☐   A pretrial conference will be held upon request.

---

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

3. **New parties** *List the time period or date when no new parties may be added.*

   No new parties may be added later than 180 days before trial or by _____.

4. **Transcripts and records**

   All required agency records or prior criminal transcripts will be filed within 30 days of the date of this Plan or by _____.

5. **Pleadings** *List the time period or date pleadings will be closed.*

   Pleadings will be closed 60 days before trial or by_____.

6. **Initial disclosures** *Check all that apply*

   A. ☐ The parties have exchanged initial disclosures.

   B. ☒ The parties will provide initial disclosures no later than August 13, 2021 _____.

   C. ☐ The parties have stipulated that the following will not be included in initial disclosures:

   _____
   *List items not included*

   _____

   D. ☐ The parties have stipulated not to provide any initial disclosures.

   E. ☐ The following party objects to providing initial disclosures on the following grounds:

   _____
   *Identify the party and state all applicable grounds*

   _____

7. **Discovery**

   The parties have held a discovery conference as required by Iowa Rule of Civil Procedure 1.507.

   All written discovery will be served no later than 90 days before trial. All depositions will be completed no later than 60 days before trial.  Or, all discovery will be completed by

   _____

   *Check all that apply*

   A. ☐ No discovery of electronically stored information is expected in this case.

   B. ☐ The parties have conferred about discovery of electronically stored information and reached agreement as set out in Attachment ____.

   C. ☐ The parties have conferred about discovery of electronically stored information and have been unable to reach an agreement. *Note to parties: If box C is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*                                         ☐ a.m.

   A hearing is set for _____/_____/_____, at: _____:_____  ☐ p.m.
              *mm*    *dd*    *yyyy*    *Time*

   ☐ at the _____ County Courthouse, courtroom _____, or
         *County*                          *Courtroom number*

   ☐ at the following location: _____.

   D. ☐ The parties have agreed to a discovery plan, and their agreement is set forth in Attachment ____.

   E. ☐ The parties have agreed to deviate from the limits on discovery otherwise applicable to this action, and their agreement is set forth in Attachment ____.

Show Lines
Hide Lines

Show Lines
Hide Lines

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

 F. ☐ The parties have agreed to conduct discovery in phases, and their agreement is set forth in Attachment _____.

 G. ☐ The parties have reached an agreement under Iowa Rule of Evidence 5.502 as set forth in Attachment _____.

 H. ☐ The parties have reached an agreement under Iowa Rule of Civil Procedure 1.504 as set forth in Attachment_____.

 I. ☐ The parties have conferred about a discovery plan and have been unable to reach agreement on the issues set forth in Attachment _____. *Note to parties: If box I is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

  ☐ a.m.
  A hearing is set for _____ /_____ /_____ , at: _____:_____ ☐ p.m.
        *mm*  *dd*  *yyyy*   *Time*

  ☐ at the _____ County Courthouse, courtroom _____ , or
      *County*           *Courtroom number*

  ☐ at the following location: _____ .

## 8. Expert witnesses

 A. A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.,* Iowa Code section 668.11):

  (1) Plaintiff: 210 days before trial or by _____ .

  (2) Defendant/Third Party Plaintiff: 150 days before trial or by _____ .

  (3) Third Party Defendant/Others/Rebuttal: 90 days before trial or by _____ .

 B. Any disclosures required by Iowa Rule of Civil Procedure 1.500(2)(*b*) will be provided: *Check each that applies*

  (1) ☒ At the same time the expert is certified.

  (2) ☐ According to the following schedule:

   a. Plaintiff:____ days before trial or by _____ .

   b. Defendant/Third Party Plaintiff:____ days before trial or by _____ .

   c. Third Party Defendant/Others/Rebuttal:____ days before trial or by _____ .

 C. This section does not apply to court-appointed experts.

*The deadlines listed in paragraphs 5, 6, 7, and 8 may be amended, without further leave of court, by filing a Stipulated Amendment to this Plan listing the dates agreed upon and signed by all attorneys and self-represented litigants. Such Stipulated Amendment may not override any requirement of the Iowa Court Rules and cannot serve as a basis for a continuance of the trial date or affect the date for pretrial submissions.*

## 9. Pretrial submissions

At least **14 or 7** (the parties may enter another number but not less than **7**) **days before trial**, counsel for the parties and self-represented litigants must:

 A. File a **witness and exhibit** list with the clerk of court, serve a copy on opposing counsel and self-represented litigants, and exchange exhibits. In electronic cases, witness and exhibit lists must be electronically filed, and the EDMS system will serve copies on all registered parties. Exhibits must be electronically submitted in lieu of exchanging them. These disclosures must include the following information about the evidence that the disclosing party may present at trial other than solely for impeachment:

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

    (1)   The name and, if not previously provided, the address, telephone numbers, and electronic mail address of each witness, separately identifying those the party expects to present and those the party may call if the need arises.

    (2)   The page and line designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

    (3)   An identification of each document or other exhibit, including summaries of other evidence, separately identifying those items the party expects to offer and those it may offer if the need arises.  The following rules govern exhibits and exhibit lists:

        a.   Plaintiff will use numbers and Defendant will use letters.  Pretrial exhibit lists will identify each exhibit by letter or number and description.  Exhibits must be marked before trial.

        b.   Immediately before commencement of trial, the court must be provided with a bench copy, and the court reporter with a second copy, of the final exhibit list for use in recording the admission of evidence.

        c.   In nonjury cases, immediately before commencement of trial, parties must provide the court with a bench copy of all exhibits identified on the exhibit lists.

        d.   Within 7 days after the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial, counsel and self-represented litigants must file with the clerk of court, and serve on each party, any objections to the exhibits listed.  In electronic cases, any objections will be electronically filed, and the EDMS system will serve copies on all registered parties.  Electronic filing of these objections must be done within 7 days of the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial.  An objection not so made, except for one under Iowa Rules of Evidence 5.402 or 5.403, is **waived** unless excused by the court for good cause.

  B.  File and serve **motions in limine**, with supporting legal authority.

  C.  File and serve **all proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers, and verdict forms. The court must be provided the instructions in written form and electronically.

  D.  Deliver to the judge and serve a concise **trial brief** addressing factual, legal, and evidentiary issues, with citation to legal authorities.

## 10. Motions

All motions including motions for summary judgment and except motions in limine, must be filed with the clerk of court's office or electronically filed at https://www.iowacourts.state.ia.us/EFile/ at least 60 days before trial, with copies to the assigned judge.

## 11. Settlement conference  *Note to parties: If A or B is checked, leave any date blank; the court will fill in the settlement conference date after the trial-setting conference.*

              ☐ a.m.

  A.  ☐  A settlement conference will be held on _____ ___, 20___, at ____:____ ☐ p.m.
                                   *Month*    *Day*  *Year*   *Time*

     at the _____ County Courthouse.

     All parties with authority to settle must be present.

              ☐ a.m.

  B.  ☐  A settlement conference will be held on _____ ___, 20___, at ____:____ ☐ p.m.
                                   *Month*    *Day*  *Year*   *Time*

     at the following location _____.

     All parties with authority to settle must be present.

  C.  ☐  A settlement conference will occur at a date, time, and location arranged by the parties.

     All parties with authority to settle must be present.

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

    D.  ☒  A settlement conference will be held upon request.

    The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.

## 12. Settlements

The parties are responsible for immediately notifying the court administrator of settlement.

## 13. Late settlement fees

Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

## 14. Continuances

Continuances are discouraged and will only be granted for good cause. Motions to continue are governed by Iowa Rule of Civil Procedure 1.910. In the event the trial date is continued, all time deadlines in this Plan and any Stipulated Amendments remain in effect relative to the new trial date unless the court approves new deadlines.

## 15. Notice

Failure to comply with any of the provisions of this Plan or Stipulated Amendments to this Plan may result in the court imposing sanctions pursuant to Iowa Rule of Civil Procedure 1.602(5), including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees. The court will resolve disputes regarding oral agreements on scheduling by reference to this Plan or any Stipulated Amendments to this Plan.

## 16. Other  *List additional agreements of the parties for the Trial Scheduling and Discovery Plan*

*At least one signature to the Trial Scheduling and Discovery Plan is required. The signer certifies that all listed parties have joined in this Trial Scheduling and Discovery Plan, subject to any objections noted.*

I certify that all parties and attorneys to this action have agreed to this Trial Scheduling and Discovery Plan and have been served with a copy.

| July | | 19 | , 20 | /s | |
|---|---|---|---|---|---|
| *Signed:* | *Month* | *Day* | *Year* | *Party's or attorney's signature* | |
| John G. Daufeldt | | | | John C. Wagner Law Offices, PC | |
| *Printed name* | | | | *Attorney's law firm, if applicable* | |
| PO Box 262 | | | | Amana | IA | 52203 |
| *Mailing address* | | | | *City* | *State* | *ZIP code* |
| (319) 622-3357 | | | johnd@jcwagnerlaw.com | | |
| *Phone number* | | | *Email address* | *Additional email address, if available* | |

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see https://www.iowacourts.state.ia.us/ESAWebApp/SelectFrame or call the clerk of court.

E-FILED  2021 JUL 19 8:28 AM JOHNSON - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see
https://www.iowacourts.state.ia.us/ESAWebApp//SelectFrame or call the clerk of court.

E-FILED  2021 JUL 19 8:28 AM JOHNSON - CLERK OF DISTRICT COURT

ATTACHMENT A

E-discovery Plan:

The parties have agreed to produce electronically stored information in native format, where possible. If a document is only available in hard copy, then the document shall be produced in pdf format. The file names of all electronic and hard copy documents shall be assigned a bate stamp. Documents produced in pdf format only shall also be endorsed with a corresponding bate stamp.

Notwithstanding the above, the parties agree that all pre-indexed DCI material produced shall be exempt from this requirement.

E-FILED                    LACV082548 - 2021 JUL 22 09:32 AM          JOHNSON
                                    CLERK OF DISTRICT COURT                          Page 1 of 3

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

**JOSEPH GEORGE MASER**

    **Petitioner/Plaintiff(s),**

**and concerning/vs.**

**CITY OF CORALVILLE
JOSHUA VAN BROCKLIN
AS YET UNKNOWN CORALVILLE POLICE
OFFICERS**

    **Respondent/Defendant(s).**

**CASE NO.  06521  LACV082548**

**ORDER RE:  SUBMISSION OF TRIAL AND
HEARING EXHIBITS**

**Dated:  07/22/2021**

    The provisions of this order shall apply to any exhibits the parties may offer as evidence for any trial or hearing in this case.  Failure to comply with the provisions of this order may, if the judge conducting the hearing or trial deems it appropriate, result in the imposition of sanctions under Iowa Rules 1.602(5) and/or 16.609.

    1. To allow the court to comply with Iowa Rule 16.412(1)(a) and to allow the Clerk of Court adequate time to process proposed exhibits in advance of any hearing or trial, all exhibits that can be maintained electronically must be scanned and submitted on the Electronic Document Management System ("EDMS") as proposed exhibits no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used (e.g. 4:00 p.m. on Thursday if a hearing or trial is set for Monday).  The court may, by separate order, require submission of exhibits sooner.  Proposed exhibits must be submitted in accordance with the requirements of Iowa Rule 16.412(2). This requirement does not apply to any party who has been exempted from electronic filing.

2. To maintain fairness and equality between parties, if a party has been exempted from electronic filing, that party must fax, email, or personally deliver copies of all exhibits that may be used at any hearing or trial to the opposing party or counsel for the opposing party no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used.  Any party who is an electronic filer must also fax, email, or personally deliver copies of all electronically submitted exhibits to each exempt filer no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used.

    3. Prior to scanning and submission of proposed exhibits, each self-represented party and each attorney submitting proposed exhibits must redact (i.e. black out or otherwise remove) all confidential and protected information as required by Iowa Rule 16.412(1)(c) and chapter VI of chapter 16 of the Iowa Rules.  For exhibits that cannot be redacted because of their nature, such as mental health records, the party submitting the proposed exhibit must request an order sealing said exhibit before it is offered and admitted.  When required by statute, a party submitting a proposed exhibit must obtain an order providing that the exhibit will be sealed after admission before the proposed exhibit is submitted on EDMS.  Any party submitting a proposed exhibit that may need to be assigned a heightened security level when admitted must notify the court with an appropriate filing before the

E-FILED          LACV082548 - 2021 JUL 22 09:32 AM          JOHNSON
          CLERK OF DISTRICT COURT                Page 2 of 3

proposed exhibit is submitted on EDMS.  The party must also ask the court to seal the exhibit at the time it is offered to ensure that all sealed exhibits are identified and sealed in the court's exhibit management order.  The provisions of this paragraph also apply to any paper exhibits submitted by parties who have been exempted from electronic filing.

4. Parties and attorneys who have not been exempted from electronic filing may only use a non-electronic exhibit when it is not possible to maintain the exhibit electronically (e.g., videos, audio recordings, firearms, and other physical evidence).  When submitting video or audio recordings, parties shall submit an original and one copy of each such exhibit so that the Clerk of Court may retain custody of the original and allow the copy to be accessed by individuals wishing to review the exhibit.

5. Parties and attorneys must have accurate and complete paper copies of all electronic exhibits available for use by witnesses and/or the jury at the time of any trial or hearing.  Parties and attorneys are urged to determine whether the judge who will preside over a hearing or trial will also want a paper copy of exhibits.  Paper exhibits will not be maintained by the Clerk of Court unless an original paper exhibit has been admitted during the trial or hearing.

6. Parties must have a complete exhibit list available for the court's use at any hearing or trial so that the court can accurately record the exhibits offered and admitted.  Parties must also accurately and with detail reflect the information provided on the complete exhibit lists when inputting their proposed exhibit submissions in EDMS.  The exhibit number and descriptions fields should, to the extent possible, mirror what is reflected on the exhibit list.  If changes are made or required during the filing process, a complete amended exhibit list should be made available to ensure accuracy of the record.

If this order is entered in a probate case, the Clerk of Court shall not assess $10.00 for entry of the order.

Clerk to notify.

E-FILED          LACV082548 - 2021 JUL 22 09:32 AM          JOHNSON
          CLERK OF DISTRICT COURT          Page 3 of 3



State of Iowa Courts

**Case Number**     **Case Title**
LACV082548          MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**           Other Order

So Ordered

Lars G. Anderson, Chief District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2021-07-22 09:32:38

E-FILED            LACV082548 - 2021 JUL 22 09:35 AM        JOHNSON
CLERK OF DISTRICT COURT            Page 1 of 3

# IOWA DISTRICT COURT FOR JOHNSON COUNTY

|  |  |
|---|---|
| | **ORDER SETTING TRIAL AND APPROVING PLAN** |
| | **Case No : 06521  LACV082548** |
| JOSEPH GEORGE MASER | |
| Plaintiff | Date Petition Filed : 05/18/21 |
| vs. | Case Type : Civil |
| CITY OF CORALVILLE | Trial Type : Jury |
| JOSHUA VAN BROCKLIN AS YET UNKNOWN CORALVILLE POLICE OFFICERS | Expected Length of Trial : 10 Days |
| Defendant | The amount in controversy exceeds $10,000 : Yes |

**APPEARANCES:**

**For the Plaintiff:**
**JOHN G DAUFELDT**
**JOHN C WAGNER**

**For the Defendant:**
**TERRY J ABERNATHY**
**BRADLEY  KASPAR**

**This case is assigned to Judge Kepros.**

1.    **TRIAL :  Jury Trial is scheduled on 01/03/2023 at 9:00 AM  at the Johnson County Courthouse, Iowa City, Iowa.**

_**The Court offered an earlier trial date that was declined.**_

2.    **PRE-TRIAL CONFERENCE**
Pretrial Conference is scheduled on 12/09/2022 at 3:00 PM  at the Johnson County Courthouse, Iowa City, Iowa.   The conference may be held telephonically with prior approval of the court.

3.    **DISCOVERY PLAN**

E-FILED                    LACV082548 - 2021 JUL 22 09:35 AM          JOHNSON
                           CLERK OF DISTRICT COURT                    Page 2 of 3

Trial Scheduling and Discovery Plan has been filed in this matter in compliance with IRCP1.507(2). The Trial Scheduling and Discovery Plan has been completed. No additional hearings are required. The Trial Scheduling and Discovery plan is incorporated into this order, *except for the deadline for the filing of motions for summary judgment at paragraph 10. Motions for summary judgment shall be filed at least 90 days before trial.*

Clerk to notify.
**In addition to all other persons entitled to a copy of this order, the Clerk shall provide a copy to Judge Kepros.**

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED                LACV082548 - 2021 JUL 22 09:35 AM            JOHNSON
                       CLERK OF DISTRICT COURT                      Page 3 of 3



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACV082548 | MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL |
| **Type:** | Order Setting Trial |

So Ordered

Erica Beason, Case Coordinator,
Sixth Judicial District of Iowa

Electronically signed on 2021-07-22 09:35:22

E-FILED  2021 AUG 12 8:08 AM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NOTICE OF SERVICE OF |
| CITY OF CORALVILLE, IOWA, | ) | DISCOVERY |
| OFFICER JOSHUA VAN | ) | (INITIAL DISCLOSURES) |
| BROCKLIN, Individually and in His | ) | |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | |
| Subdivision of the CITY OF | ) | |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |

Defendants.

Pursuant to Rule 16.401(2), notice is hereby given that on the 12th day of August, 2021, defendants served their Initial Disclosures upon plaintiff by and through his counsel of record via US mail.

PICKENS, BARNES & ABERNATHY

By    /s/Terry J. Abernathy
     Terry J. Abernathy AT0000380
     Bradley J. Kaspar AT0012308
     1800 First Avenue NE, Suite 200
     P.O. Box 74170
     Cedar Rapids, IA  52407-4170
     PH:  (319) 366-7621
     FAX: (319) 366-3158
     E-MAIL: tabernathy@pbalawfirm.com
     E-MAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

E-FILED  2021 AUG 12 8:08 AM JOHNSON - CLERK OF DISTRICT COURT

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 12th day of August, 2021, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| | | | |
|---|---|---|---|
| ☐ | U.S. Mail | ☐ | Facsimile |
| ☐ | Hand-Delivery | ☐ | Email |
| ☐ | Overnight Carrier | ☒ | Other-EDMS |

_____/s/ Karen S. Sweet_____

E-FILED  2022 APR 11 12:18 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS' NOTICE OF |
| CITY OF CORALVILLE, IOWA, | ) | SERVICE OF DISCOVERY |
| OFFICER JOSHUA VAN | ) | |
| BROCKLIN, Individually and in His | ) | |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | |
| Subdivision of the CITY OF | ) | |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | | |
| Defendants. | | |

Pursuant to Rule 16.401(2), notice is hereby given that on the 11th day of April, 2022, defendants, City of Coralville and Joshua Van Brocklin served a Notice of Taking Depositions upon plaintiff by and through his counsel of record via electronic mail.

PICKENS, BARNES & ABERNATHY

By   /s/Terry J. Abernathy
          Terry J. Abernathy AT0000380
          Bradley J. Kaspar AT0012308
          1800 First Avenue NE, Suite 200
          P.O. Box 74170
          Cedar Rapids, IA  52407-4170
          PH:  (319) 366-7621
          FAX: (319) 366-3158
          E-MAIL: tabernathy@pbalawfirm.com
          E-MAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

E-FILED  2022 APR 11 12:18 PM JOHNSON - CLERK OF DISTRICT COURT

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 11th day of April, 2022, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| | | |
|---|---|---|
| ☐ U.S. Mail | ☐ | Facsimile |
| ☐ Hand-Delivery | ☐ | Email |
| ☐ Overnight Carrier | ☒ | Other-EDMS |

_____/s/ Diane N. Myhre_____

E-FILED  2022 JUN 06 1:12 PM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | **No. LACV082548** |
| **Plaintiff,** | |
| | **PLAINTIFF'S FIRST MOTION TO** |
| **vs.** | **EXTEND DEADLINES FOR EXPERT** |
| | **WITNESS DISCLOUSURES** |
| **CITY OF CORALVILLE, IOWA,** | **(Unresisted)** |
| **OFFICER JOSHUA VAN BROCKLIN,** | |
| **Individually and in His Official** | |
| **Capacity as an Agent and/or Employee** | |
| **of the City of Coralville, Police** | |
| **Department, a Governmental** | |
| **Subdivision of the CITY OF** | |
| **CORALVILLE, IOWA, and AS-YET** | |
| **UNKNOWN CORALVILLE POLICE** | |
| **OFFICERS,** | |
| | |
| **Defendants.** | |

COME NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submit his First Motion to Extend Expert Disclosure Deadlines, which is unresisted by Defendants; and states as follows:

1.  That currently and pursuant to the Court's approved Trial Scheduling and Discovery Plan, the deadline for Plaintiffs to disclose their expert witness(es) with report(s) is **June 7, 2022** and Defendants currently have until **August 6, 2022**.

2.  Plaintiff has engaged Motti Gabler, Forensic Expert of the National Center for Audio & Video Forensics to provide video and audio forensics of the several videos derived from the related law enforcement "body cams" and "vehicle cams" in this case.

3.  That due to Mr. Gabler's recent illness and case load, he has yet to fully compile and sync the various videos, and in culmination of drafting of a written report. Further, once said videos and report are complete, they will need to be reviewed by Plaintiff's other potential expert on police conduct and tactics.

E-FILED  2022 JUN 06 1:12 PM JOHNSON - CLERK OF DISTRICT COURT

4.  Accordingly, Plaintiff is requesting until **July 22, 2022** to provide expert disclosures.  Plaintiff also requests that Defendants' deadline to provide expert witness disclosures be correspondingly extended to **September 20, 2022**.

5.  The undersigned has communicated with opposing counsel, Terry Abernathy via telephone conference call on May 31, 2022, and Defendants have no objections to this motion.

6.  Plaintiffs therefore move to extend the deadline for Plaintiffs to disclose expert witnesses and report(s) to and including the date of **July 2, 2022**, and Defendants' deadline to disclose expert witnesses and reports to and including the date of **September 20, 2022**.

WHEREFORE, Plaintiffs respectfully request the Court enter an order extending Plaintiff's and Defendants' deadlines for expert witness disclosures as set forth above.

Respectfully submitted,

/s/ John G. Daufeldt

John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:    (319) 622-3357
FACSIMILE: (319) 622-3404
ATTORNEYS FOR PLAINTIFF

Original to:
Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
bkaspar@pbalawfirm.com
Attorneys for Defendants

E-FILED  2022 JUN 06 1:12 PM JOHNSON - CLERK OF DISTRICT COURT

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:

[ ] U.S. Mail           [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail             [ x] Other: E-File

on _____ June 6, 2022
Signature _____ /s/ John G. Daufeldt _____

E-FILED          LACV082548 - 2022 JUN 07 10:11 AM          JOHNSON
CLERK OF DISTRICT COURT          Page 1 of 2

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **ORDER RE:** |
| | **PLAINTIFF'S FIRST MOTION TO** |
| **CITY OF CORALVILLE, IOWA,** | **EXTEND DEADLINES FOR EXPERT** |
| **OFFICER JOSHUA VAN BROCKLIN,** | **WITNESS DISCLOUSURES** |
| **Individually and in His Official** | **(Unresisted)** |
| **Capacity as an Agent and/or Employee** | |
| **of the City of Coralville, Police** | |
| **Department, a Governmental** | |
| **Subdivision of the CITY OF** | |
| **CORALVILLE, IOWA, and AS-YET** | |
| **UNKNOWN CORALVILLE POLICE** | |
| **OFFICERS,** | |
| **Defendants.** | |

On this day comes before the Court Plaintiff's First Motion to Extend Expert Witness Disclosure Deadline (Unresisted). The Court having reviewed file, the motion, and noting it is unresisted order as follow:

The Motion is GRANTED. Plaintiff has to and including the date of July 22, 2022, to provide his Expert Witness Disclosures; and Defendants now have to and including the date of September 20, 2022, to provide their Expert Witness Disclosures. All other deadlines in the case remain as ordered.

Clerk to Notify

E-FILED          LACV082548 - 2022 JUN 07 10:11 AM          JOHNSON
                 CLERK OF DISTRICT COURT                   Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACV082548               MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**                Other Order

So Ordered

Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2022-06-07 10:11:46

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JOSEPH GEORGE. MASER,<br><br>   **Plaintiff,**<br><br>vs.<br><br>**CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,**<br><br>   **Defendants.** | **No. LACV082548**<br><br>**PLAINTIFF'S FIRST MOTION TO EXTEND DEADLINE FOR ADDING PARTIES** |

COME NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submit his Motion to Extend Deadline for Adding Parties; and states as follows:

1.  That currently and pursuant to the Court's approved Trial Scheduling and Discovery Plan, the deadline for Plaintiffs to add new parties to this case is **July 7, 2022**.

2.  Plaintiff has previously requested the Court extend his deadline to provide expert witness disclosures to **July 22, 2022**, which the Court granted by order entered on June 7, 2022.

3.  It is anticipated that Plaintiff's expert on police conduct and tactics will in addition to providing a report by July 22, 2022, will also consult with counsel as to any additional law enforcement officers who could be specifically named and added as Defendants to this case.

4.  Accordingly, Plaintiff is requesting a short extension to the deadline to add

E-FILED 2022 JUL 07 5:51 PM JOHNSON - CLERK OF DISTRICT COURT

new parties to this matter and to include the date of **July 29, 2022**.

WHEREFORE, Plaintiffs respectfully request the Court enter an order extending the deadline for any currently named party to add new parties to this case, to and including the date of July 29, 2022.

Respectfully submitted,

    /s/ John G. Daufeldt
John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:    (319) 622-3357
FACSIMILE: (319) 622-3404
ATTORNEYS FOR PLAINTIFF

Original to:
Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:

[ ] U.S. Mail          [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail             [ x] Other: E-File

on _____ July 7, 2022
Signature _____ /s/ John G. Daufeldt _____

E-FILED  2022 JUL 08 9:52 AM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. LACV082548 |
| vs. | ) | |
| | ) | |
| CITY OF CORALVILLE, IOWA, | ) | |
| OFFICER JOSHUA VAN | ) | |
| BROCKLIN, Individually and in His | ) | |
| Official Capacity as an Agent and/or | ) | RESISTANCE TO PLAINTIFF'S |
| Employee of the City of Coralville | ) | FIRST MOTION TO EXTEND |
| Police Department, a Governmental | ) | DEADLINE FOR ADDING |
| Subdivision of the CITY OF | ) | PARTIES |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, for their Resistance to Plaintiff's First Motion to Extend Deadline for Adding Parties, state:

1.    This litigation concerning an incident on September 3, 2020 has been pending before this Court since May 18, 2021. Pursuant to the Court's Order Setting Trial and Approving Plan, filed nearly a year ago on July 22, 2021, the deadline for adding new parties was July 7, 2022.

2.    On the day of the deadline, after the close of business, and without first conferring with defense counsel, Plaintiff filed his "first" Motion seeking to extend the deadline to add new parties. Plaintiff cites his extended expert witness deadline of July 22, 2022 as rationale for the requested extension.

3.    Until a month ago, Plaintiff's expert deadline was June 7, 2022. Now, Plaintiff indicates his expert will consult with Plaintiff's counsel "as to any additional law enforcement

E-FILED  2022 JUL 08 9:52 AM JOHNSON - CLERK OF DISTRICT COURT

officers who <u>could be</u> specifically named and added as Defendants to this case." (Motion ¶ 3 (emphasis added).)

4.     As a professional courtesy, Defendants did not resist Plaintiff's request to extend his expert witness deadline. Defendants <u>did not</u>, however, agree or contemplate the extended expert witness deadline would be used as a precursor for a request to extend the deadline to add new parties. Had Defendants known this, they would have resisted the first extension.

5.     Plaintiff has had more than sufficient time to identify the appropriate parties for this litigation, and his attempt to add as many individual defendants as "could be" identified by his expert is not justifiable. As Plaintiff has presented no legitimate rationale for his failure to comply with the now-expired deadline to add new parties, the Court should deny his eleventh-hour Motion.

For the reasons stated herein, Defendants respectfully request the Court deny Plaintiff's First Motion to Extend Deadline for Adding Parties.

PICKENS, BARNES & ABERNATHY

By   /s/Terry J. Abernathy
    Terry J. Abernathy AT0000380
    Bradley J. Kaspar AT0012308
    1800 First Avenue NE, Suite 200
    P.O. Box 74170
    Cedar Rapids, IA  52407-4170
    PH:  (319) 366-7621
    FAX: (319) 366-3158
    E-MAIL: tabernathy@pbalawfirm.com
    E-MAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 8th day of July, 2022, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings. Service was made by:

| | | | |
|---|---|---|---|
| ☐ | U.S. Mail | ☐ | Facsimile |
| ☐ | Hand-Delivery | ☐ | Email |
| ☐ | Overnight Carrier | ☒ | Other-EDMS |

*/s/ Diane N. Myhre*

E-FILED  2022 JUL 15 3:49 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JOSEPH GEORGE. MASER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,<br><br>    Defendants. | No. LACV082548<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESISTANCE TO PLAINTIFF'S FIRST MOTION TO EXTEND THE DEADLINE TO ADD PARTIES** |

COME NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submits his Reply to Defendants' Resistance to Plaintiff's Motion to Extend Deadline for Adding Parties; and states as follows:

1.  That currently and pursuant to the Court's approved Trial Scheduling and Discovery Plan, the deadline for Plaintiffs to add new parties to this case was **July 7, 2022**.

2.      On **July 7, 2022**, Plaintiff filed its First Motion to Extend the deadline to add parties (hereinafter the "Motion") to **July 29, 2022**.

3.      On **July 8, 2022**, Defendants filed their Resistance to Plaintiff's Motion to Extend the Deadline to Add Parties (hereinafter the "Resistance").

4.      In their Resistance, Defendants assert that Plaintiff's reasoning for moving to extend the deadline to add parties is improperly connected with Plaintiff's previous motion to extend the expert witness designation deadline (the "Motion to Extend Expert Witness Deadline").  Resistance, p. 1. Defendants argue that if they had known the first

1

E-FILED  2022 JUL 15 3:49 PM JOHNSON - CLERK OF DISTRICT COURT

extension would be used as a precursor for the second, they would have resisted the Motion to Extend Expert Witness Deadline. Resistance, p. 2.

5.    While obviously Plaintiff's Motion is connected to his prior Motion to Extend Expert Witness Deadline, there is nothing improper about the order in which Plaintiff requested the extensions.  Plaintiff is not attempting to "blindside" Defendants, but simply making effort to name all defendants without adding potential defendants prematurely.

6.    Moreover, Defendants have not provided any argument as to how they would be prejudiced if the Court would grant the Motion, likely because there is none. The requested extension is only **twenty-two days** from the original deadline. No harm will come to Defendants from the extra three weeks Plaintiff requests.

WHEREFORE, Plaintiffs respectfully request the Court enter an order extending the deadline for any currently named party to add new parties to this case, to and including the date of July 29, 2022.

Respectfully submitted,

__/s/ John G. Daufeldt_____
John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:(319) 622-3357
FACSIMILE: (319) 622-3404
Email: johnd@jcwagnerlaw.com
ATTORNEYS FOR PLAINTIFF


Original Filed

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail            [ ] Facsimile
[ ] Hand Delivered       [ ] Overnight Courier
[ ] E-Mail               [ x] Other: E-File EDMS

on _____ July 15, 2022
Signature _____ /s/ John G. Daufeldt _____

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | **No. LACV082548** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George. Maser, by and through his Attorney at Law, John G. Daufeldt, and hereby submits his Plaintiff's Designation of Expert Witnesses, pursuant to Iowa Rules of Civil Procedure, and hereby designates the following expert witnesses Retained and Unretained:

**<u>Retained</u>**:

1. Aaron J. Westrick, Ph.D.
   Boyne City, Michigan

Dr. Westrick is in expert in police policies and procedures, including use of force and negotiation tactics.  His opinions are based upon his background, education, training, experience, and his review of the pertinent materials related to this case.  Dr. Westrick's curriculum vitae and list of prior cases are being provided with this designation.

2. Motti Gabler
   National Center for Audio & Video Forensics
   Los Angeles, California

Mr. Gabler is an audio and video forensics expert generally, and specifically with respect to audio and video recordings regarding police involved shootings.  His opinions are based upon his background, education, training, experience, and his review of the pertinent materials related to this case.  Mr. Gabbler's curriculum vitae and his report are being provided with this designation.

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

**Unretained**:

    3. Dionne Skeets, MD
       Surgery Specialty Clinic
       University of Iowa Hospitals and Clinics
       200 Hawkins Drive
       Iowa City, IA 52242

Dr. Skeets is a licensed physician to practice medicine in the State of Iowa. D.  Dr. Skeets is a fact and expert witness.  Dr. Skeets was the primary surgeon providing care to Plaintiff.  Dr. Skeets is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Skeets will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

    4. Joseph V. Buckwalter, V, MD
       Orthopedics and Rehab – Hand South
       University of Iowa Hospitals and Clinics
       200 Hawkins Drive
       Iowa City, IA 52242

Dr. Buckwalter is a licensed physician to practice medicine in the State of Iowa. Dr. Hodges specializes in surgery.  Dr. Buckwalter is a fact and expert witness.  Dr. Buckwalter is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Buckwalter will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

    5. Eiyu Matsumoto, MD
       Medicine Specialty Clinic – Infectious Disease
       University of Iowa Hospitals and Clinics
       200 Hawkins Drive
       Iowa City, IA 52242

Dr. Matsumoto is a licensed physician to practice medicine in the State of Iowa.  Dr. Matsumoto is a fact and expert witness.  Dr. Matsumoto is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Matsumoto will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

    6. Matthew Smith, MD
       Medicine Specialty Clinic – Infectious Disease
       University of Iowa Hospitals and Clinics
       200 Hawkins Drive
       Iowa City, IA 52242

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Dr. Smith is a licensed physician to practice medicine in the State of Iowa.  Dr. Smith is a fact and expert witness.  Dr. Smith is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Smith will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

7. Matthew Hogue, MD
   Orthopedics and Rehab – Trauma
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Hogue is a licensed physician to practice medicine in the State of Iowa. Dr. Hogue is a fact and expert witness. Dr. Hogue is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Hogue will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

8. Daniel Meeker, MD
   Orthopedics and Rehab – Trauma
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Meeker is a licensed physician to practice medicine in the State of Iowa. Dr. Meeker is a fact and expert witness. Dr. Meeker is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Meeker will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

9. Tim Neuzil, PA-C
   Surgery Specialty Clinic – Trauma
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Mr. Neuzil is a licensed physician assistant to practice medicine in the State of Iowa. Mr. Neuzil is a fact and expert witness. Mr. Neuzil is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Mr. Neuzil will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

10. Dionne Peacher, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Peacher is a licensed physician to practice medicine in the State of Iowa. Dr. Peacher is a fact and expert witness. Dr. Peacher is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Peacher will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

11. Unyime Ituk, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Ituk is a licensed physician to practice medicine in the State of Iowa. Dr. Ituk is a fact and expert witness. Dr. Ituk is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Ituk will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

12. Rashme Mueller, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Mueller is a licensed physician to practice medicine in the State of Iowa. Dr. Mueller is a fact and expert witness. Dr. Mueller is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Mueller will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

13. Merete Ibsen, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Ibsen is a licensed physician to practice medicine in the State of Iowa. Dr. Ibsen is a fact and expert witness. Dr. Ibsen is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

and experience in the medical profession. Dr. Ibsen will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

14. Robert From, MD
Main OR – Anesthesiologist
University of Iowa Hospitals and Clinics
200 Hawkins Drive
Iowa City, IA 52242

Dr. From is a licensed physician to practice medicine in the State of Iowa. Dr. From is a fact and expert witness. Dr. From is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. From will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

15. Esperanza Ingersoll-Weng, MD
Main OR – Anesthesiologist
University of Iowa Hospitals and Clinics
200 Hawkins Drive
Iowa City, IA 52242

Dr. Ingersoll-Weng is a licensed physician to practice medicine in the State of Iowa. Dr. Ingersoll-Weng is a fact and expert witness. Dr. Ingersoll-Weng is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Dr. Ingersoll-Weng will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

16. Sara Defurio, ARNP
Family Medicine
University of Iowa Hospitals and Clinics
1765 Lininger Lane
North Liberty, IA 52317

Ms. Defurio is a licensed nurse practitioner to practice medicine in the State of Iowa. Ms. Defurio is a fact and expert witness. Ms. Defurio is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Defurio will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

17. David Elliott, MD
Digestive Health Center – Procedure Unit
University of Iowa Hospitals and Clinics
200 Hawkins Drive
Iowa City, IA 52242

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Dr. Elliott is a licensed physician to practice medicine in the State of Iowa. Dr. Elliott is a fact and expert witness. Dr. Elliott is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Elliott will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

18. Cheryl Byrnes, ARNP
    Family Medicine
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Ms. Byrnes is a licensed nurse practitioner to practice medicine in the State of Iowa. Ms. Byrnes is a fact and expert witness. Ms. Byrnes is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Byrnes will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

19. William Xu, MD
    Main OR -- Anesthesiology
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Xu is a licensed physician to practice medicine in the State of Iowa. Dr. Xu is a fact and expert witness. Dr. Xu is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Xu will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

20. Curtis Long, ARNP
    Psychiatry – Adult and Child Psychology
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Mr. Long is a licensed nurse practitioner to practice medicine in the State of Iowa. Mr. Long is a fact and expert witness. Mr. Long is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Mr. Long will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

21. Terry Hayes, PA-C
    Orthopedics and Rehab – Hand South
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Mr. Hayes is a licensed physician assistant to practice medicine in the State of Iowa. Mr. Hayes is a fact and expert witness. Mr. Hayes is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Mr. Hayes will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

22. Loreen Curley, ARNP
    Neurology Sleep Clinic
    University of Iowa Hospitals and Clinics
    105 E. 9th St.
    Coralville, IA 52241

Ms. Curley is a licensed physician assistant to practice medicine in the State of Iowa. Ms. Curley is a fact and expert witness. Ms. Curley is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Curley will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

23. Rakesh Sondekoppam Vijayashankar, MD
    Main OR – Anesthesiology
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Dr. Vijayashankar is a licensed physician to practice medicine in the State of Iowa. Dr. Vijayashankar is a fact and expert witness. Dr. Vijayashankar is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Vijayashankar will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

24. Madisson Miller, OTR/L
    Rehabilitation Therapies
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Mr. Miller is a licensed occupational therapist to practice in the State of Iowa. Mr. Miller is a fact and expert witness. Mr. Miller is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

and experience in the medical profession. Mr. Miller will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

25. Jayne Abraham, OTR/L
    Rehabilitation Therapies
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Abraham is a licensed occupational therapist to practice in the State of Iowa. Ms. Abraham is a fact and expert witness. Ms. Abraham is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Abraham will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

26. Lynn Nelson, ARNP
    Surgery Specialty Clinic – Acute Care
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Nelson is a licensed nurse practitioner to practice in the State of Iowa. Ms. Nelson is a fact and expert witness. Ms. Nelson is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Nelson will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

27. Elizabeth Culver, RN
    Wound Ostomy
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Culver is a registered nurse licensed to practice in the State of Iowa. Ms. Culver is a fact and expert witness. Ms. Culver is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Culver will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

28. Plaintiff reserves the right to call rebuttal expert witnesses in response to experts named by Defendants, if any. Plaintiff further reserves the right to elicit opinion testimony from any expert witness called by Defendants or identified as an expert in Defendants' discovery responses.

29. Plaintiff reserves the right to amend or supplement this Expert Disclosure to the fullest extent allowed and as additional information becomes available.

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Respectfully submitted, this 22nd day of July, 2022.

/s/ John G. Daufeldt
John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:    (319) 622-3357
FACSIMILE: (319) 622-3404
ATTORNEYS FOR PLAINTIFF

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail   [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ x ] E-Mail    [ ] Other: E-File

on _____ July 22, 2022
Signature _____ /s/ John G. Daufeldt _____

# AARON J. WESTRICK, Ph.D.

3006 Fall Park Road Boyne City, MI  49712
(LSSU Office- 906 635-6203 Cell- 231 675-5250)
E-mail:  aaron@westrickphd.com / ajwestrick@lssu.edu
Website: www.westrickphd.com

## CAREER SUMMARY

Accomplished criminal justice professional, recognized for administrative, academic research, and training expertise.  He serves as a professor, director of research, columnist, guest speaker, and law enforcement officer. Dr. Westrick is an expert in the field criminal justice, law enforcement use-of-force, security measures, and social justice policy issues. He is also a recognized expert in the field of body armor applications and lightweight armor technologies.

## PROFESSIONAL EXPERIENCE

**University Associate Professor** (2004- Present)
Lake Superior State University Sault Ste. Marie, MI
School of Criminal Justice
Title IX Training Investigator (2021)
Title IX Training Decision Maker (2021)
General Education Committee member and chairperson.
Faculty Association President (NEA-MEA) 2017-2018
        Officer positions 2016-2019
Visiting Scholar Oakland University and Wayne State University 2013
Director, Institute for Public Safety and Homeland Security Technology (2004-2007)

**Director, Research** (1996-2004)
Second Chance Body Armor, Inc., Central Lake, MI
Coordinate research in the areas of body armor, weapons and use of force.
IACP "Survivor" shot as LEO on body armor .357 mag. to chest.

**Ballistic Armor Research Group, LLC.** (1997-present)  Principal member of research consultant group for contracted services involving armor systems.
- Advisor for Armor Research Company. Las Vegas, Nevada 2021
- Consults: North America Development Group, Armor quality research (2011-13); Riley, Inc. Houston TX (2010). Vice President of Paraclete Armor, St. Pauls, NC (2004).  Next Generation Bomb Suit Committee, Applied Research Associates (2006). Ultra-Lightweight Body Armor and Instantaneous Personnel Protection System Committees, U.S. Government (DARPA) Southwest Research Institute San Antonio, Texas (1997-2006). *Several government and business funded armor/ weapons research projects/ papers:*
- *Flexible Body Armor System(s) review research publication (2018)*
- *Member Armor Proposal ARA (TSWG) for BAA  fit and sizing (2018)*

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

- *Concealed Rifle Body Armor Proposal ARA TSWG (2013-2015)*
- *SPEAR –US Go.v- (Spec. Ops) Lightweight Armor Proposal (2011)*
- *DARPA (US Gov.) Lightweight Body Armor Proposal (2010)*
- *DARPA (US Gov.) Vehicle Armor Proposal (2010)*

Holder of high level U.S. Gov. Security Clearance for defense research.
*Consults with many key marketing personnel in safety and armor field:*
**Everett Decisions, LLC.** *(2013- present)* Principal Dr. M. Everett
**Azimuth Defense, LLC.** (2006-2014) Chief Technology Officer
Officer in charge of technology –Armor and Protection Systems.
**Incident Control Sytems, LLC.** (2007-2008) Marketing and Technology
Officer researching and developing tactical and armor systems.


**Charlevoix City Police Officer (June 2021- Present)**
**Charlevoix County Sheriff's Department** (1997-June 2022)
    Fully commissioned Deputy Sheriff (MCOLES certified since 1981)
    Patrol Deputy 'Full-Time' Summer Months
    Negotiator Special Response Team NM ERT (2008-2014)
    Administrative Training (Patrol and Corrections) Deputy
    Law enforcement trainer and policy consultant/ HS Communications Officer
    Charlevoix County Board appointed Gun Board Representative (2001-2004)

**Deputy Sheriff/Sergeant** (1988-1996)
    *Oakland County Sheriff Department, Pontiac,* MI
    Serving on Major Case Team, Special Response Unit, Road Patrol and
    Corrections.  Other duties include patrol supervisor, community relations,
    detective/ investigations, assault team member and negotiator.


**Deputy Sheriff** (1981-1988)
    *St. Clair County Sheriff Department,* Port Huron, MI
    Patrol officer charged with community relations, general investigative work.
    Selected to serve as high school liaison for teen awareness programs.


***Teaching (other)***
**Adjunct Faculty Member, Instructor,** Social Science, Criminal Justice and
Sociology
(1987-2018)
    *Wayne State University, Detroit, MI*
    *International Association of Chiefs of Police, Washington, D.C.*
    *North Central Michigan Community College, Petoskey, MI.*
    *Visiting Scholar Oakland University, Mount Clemens, MI.*
    *Criminal Justice Advisory Board, Petoskey, MI*

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Developed and taught college and academy courses in criminal justice, sociology, social science, tactics, use of force and police procedure.
*Macomb Police Academy,* Fraser, MI
*Oakland Community College,* Auburn Hills, MI
*St. Clair County Community College,* Port Huron, MI
*Michigan State University, E. Lansing, MI (Seminars)*

### Seminars, Lectures
**Seminar Instructor** (1994-2012)
Key presenter at Association of Certified Fraud Examiners Carmel, IN (2020)
Lecture presentation regarding Professional Ethics Oakland University (2019)
Special Presentations regarding civil rights issues Lake Superior State University
Participant IACP Meetings (Use-of-Force, De-escalation and Educational Sessions). Orlando, FL October 2018.
Participant IACP Meetings (Use-of-Force). San Diego, CA October 2016.
"Comparative Justice Systems," Sint Maartin Meetings, 2015 -2019.
"Force Investigations: Brethren, Ballistics, Blood and Body Armor," Midwestern Criminal Justice Association, Chicago, IL Sept. 2013.
"Developing Interdisciplinary Studies: Educating Practitioners in Criminal Justice Homeland Security, Forensic Science in Force Protection," Midwestern Criminal Justice Association, Chicago, IL Sept. 2012.

"Investigating Police Force," International Law Enforcement Educators and Trainers Association, Chicago, IL April 2012.

"Protecting Civil Rights: The Leadership Role of Criminal Justice Practitioners" LSSU November 2011

"Protection of Civil Rights." Intro LGBT Rights Day. LSSU October 2011

"Evaluation of the Waco Tactical Raid." (Speaker) Sault Ste. Marie, Ontario Canada April 2011

"Karl Vinson Case: Evaluation of a Wrongful Conviction." Wayne State University Department of Criminal Justice, Detroit, MI October 21, 2009

"Criminal Justice Sciences: Applied Review of Police Use-of-Force Video." Academy of Criminal Justice Sciences. Boston, MA 2009

*"Environmental Safety Measures for Health Professionals."* Upper Peninsula Environmental Health Association, Marquette*, Michigan 2008.*

*"Reasonable Force: An Examination of Police Force Measures and the Elderly."* Academy of Criminal Justice Sciences, Cincinnati Ohio 2008.

Expert Witness Regarding Criminal CSI review of active cases involving shooting behavior / ballistic analysis, Indiana 2004-2008.

The Sciences of Crime Scene Investigation, Macomb Community College 2007.

Expert regarding ballistic armor issues 2001-2021.

> Numerous Presentations of Specially Developed Seminars to Academic and Law Enforcement Organizations:
> -*The Myth of Suicide by Cop*
> -*Forensic Science Overview*
> -*Interacting with Emotionally Disturbed Persons*
> -*Body Armor Overviews*
> - *Armor Presentations to Government regarding contemporary systems*
> -*Contemporary Police Shooting Investigations*
> -*Police Philosophies, Strategies and Tactics*
> -*General Crime Prevention and Awareness*

> *South Carolina Law Enforcement Officers' Association (2005)*
> -    *Body Armor Selection Overview*
> -    *Investigation of Police Shootings*
> *International Law Enforcement Educators and Trainers Conference 2005*
> -*Overview of Body Armor (Paraclete, Inc.)*

> *War Memorial Hospital Safety Training Seminars Sault Ste. Marie, MI 2005*

> *LEGAL Law Enforcement Officers Annual Meeting –Key Speaker_- 2005*
> -*Interacting With Emotionally Disturbed Persons*
> - *Investigation of Police Shootings*

> *Basic Ballistic Shield and Instructor's Course.* Western Michigan Law Enforcement Consortium (Kent County Michigan Sheriff's Department), 2004.

Radio Show Broadcasts: Host *Cop Clinic,* Michigan Radio.
Radio Show Broadcasts: Host Cop Doc, WLSO LSSU

> "*Street Tactics*" Type Lectures and Appearances. Many venues.

> "*Crime Prevention*" Lectures and Appearances. Many venues.

> *Contemporary Body Armor and Police Survival, NLETC Chicago, IL.*

> *Tactical Operations and Emotionally Disturbed Persons, SWAT Round-Up Orlando, Florida 2003.*

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

*They Myth of Suicide by Cop, SWAT Conference, Orlando, FL/ Macomb College, Fraser, MI.*

*Response to Terrorism. ,* American Society for Law Enforcement Training. Panelist/ Presenter, Anchorage, Alaska 2002.

*Integration of Computers and Body Armor.* Panelist/ Presenter International Association of Wearable Computing. Chicago, Illinois 2002.

*Security Instructor Coordinator,* Victories Casino (Odawa Tribe). Train Casino Security Force 2002.

***Interacting with Emotionally Disturbed Persons. Many notable venues 2001-2019  (MCOLES Approved).***

*Investigating Police Shootings.* International Association of Chiefs of Police Toronto, Ontario November 2001.

*Police Phenomenology: Investigating Police Shootings.* International Association of Chiefs of Police, Washington, D.C. and Ohio Peace Officers' Academy 2001. IACP/ Macomb College 2002.

*Crisis Intervention: The Handling of Emotionally Disturbed Persons.* Michigan Police Corps Big Rapids, MI, Lake Superior State University, Sault Ste. Marie, MI, International Association of Firearms Instructors Tampa, FL and Law Enforcement Television Network class 2000-2002.

*How We (Officers) are Murdered.* ASLET Orlando, FL and OLETC Corrections Training Center Moundsville, WV 2000 and 2001.

*Coordinator of Upper Lower Michigan Law Enforcement Consortiums.* Lake Superior State University, Sault Ste. Marie, MI 2000.

*Crisis Management.* Lake Superior State University, Sault Ste. Marie, MI 2001.

*Mobile Field Force.* Lake Superior State University, Sault Ste. Marie, MI *May* 2001 - 2005.

*Response to Crimes in Progress.* Lake Superior State University, Sault Ste. Marie, MI 2000 - 2005.

*Building Search Techniques.* Lake Superior State University, Sault Ste. Marie, MI 2000 – 2005.

*Law Enforcement and Corrections Training.* Charlevoix County Sheriff's

Department In-Service Training Coordinator, Charlevoix Michigan.

*The Phenomenology of Police Shootings (Police Shooting Analysis).*
International Association of Chiefs of Police, 1999 and 2000

*Surviving Fatal Encounters.* Louisiana Chapter of FBI National Academy
Association, LA and Arizona K-9 Handlers, Phoenix, AZ   1999

*Cop Shoots Suspect in the Back: A Case Study.* American Society of Law
Enforcement Trainers, Fairfax, VA and International Association of Law
Enforcement Firearms Instructors Phoenix, AZ   1999

*Crisis Incident Management for Police.* North Central Michigan College,
Petoskey, MI   1998

*Police Under Fire: Officers' Perspectives of Violence.* International
Association of Law Enforcement Firearms Instructors, Palm, FL 1998

*Cop Kills Suspect by Shooting Him in the "Back."* A Case Study. Texas
Department of Public Safety, Austin TX 1998

*Qualitative Analysis of Police Shootings in which the Officers killed their
Attempted Assailants.* American Society of Law Enforcement Trainers,
Mobile, AL and International Association of Law Enforcement Firearms
Instructors, Columbia, MS. 1998

American Society of Law Enforcement Trainers Use of Force Seminar,
Los Angeles, CA.  1. *"Surviving Fatal Encounters:  An Analysis of Police
Shootings Involving Body Armor."*  2. *"Keeping the Walls Bare:  Soft
Body Armors Contribution."*  1997

*Body Armor for Tactical Officers.* Hulsey Associates/Second Chance. 1996

International Association of Chiefs of Police, Orlando, FL.  *"Body Armor and
the Rifle Threat."*  LETN Role Call.  1997

Texas Police Officers' Association Conference, Amarillo, TX.  *"Surviving
Fatal Encounters."*  1997

American Society of Law Enforcement Trainers Conference, Buffalo, NY.
Presentation of, *"Updated Casualty Reduction Analysis."*  1997

International Association of Law Enforcement Firearms Instructors, Mesa,
AZ.  Presentation on, *"Body Armor Applications for Firearms Instructors."*
1996

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

American Society of Law Enforcement Trainers Seminar, Dallas, TX. Presentation and television interview (LETN) on, *"Nonviolent Crisis Intervention for Police Officers"* legal defense in officer use of force.

American Society of Law Enforcement Trainers Seminar, Washington D.C. Lectures on *Body Armor and Post Traumatic Stress Disorder,* Second Chance Body Armor, Inc.

Guest Lecturer/Instructor Oakland University, *"Contemporary Sociological Police Issues."* 1995/96.

*Third Party Defense: Nonviolent Crisis Intervention.* Oakland County Sheriff's Department. 1995

Seminar Instructor (1990-1995)
   *Michigan State University and Deputy Sheriffs' Association of Michigan*
   Coordinate and conduct programs on street tactics, police stress and behavior at selected locations throughout Michigan.

**Police/Corrections Academy/ Range Seminar Instructor** (1987-2019)
   Firearms Instructor Charlevoix County Sheriff Department Lake State
   Ballistic Testing and Lecture: Montana Highway Patrol, Missoula, MT.
   Ballistic Testing (Armor Systems): Phoenix Police, AZ.
   Ballistic Testing (Armor Systems): Michigan State Police.
   Ballistic Testing (Armor Systems): Virginia State Police.
   Michigan Police Corps, Ferris State University, Big Rapids, MI
   Lake Superior State Police Academy, Sault Ste. Marie, MI
   Macomb Police Academy Fraser, MI
   Oakland Police Academy Auburn Hills, MI
   Kent County Sheriff's Training Department
   Texas State Police Academy Austin, TX
   Mississippi State Police Academy Jackson, MS
   Detroit Police Academy, Detroit, MI
   Kansas City Police Academy Kansas City, MO
   U.S. Immigration Federal Prison Miami, FL
   Greaterford State Prison Greaterford, PA
   Joliet State Prison Joliet, IL
   San Angelo Area Police Academy San Angelo, TX
   Livingston Parish Range/Academy Livingston, LA
   Fort Worth Police Academy, Fort Worth, TX
   Houston Police Academy, Houston, TX
   Dallas Police Academy (Tactical), Dallas, TX
   West Miami Police Training Center,  West Miami, FL
   Ocala Sheriff's Department Academy, Ocala, FL
   St. Petersburg Police Training Center, St. Petersburg, FL

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Rhode Island State Police Academy, RI
New York State Department of Corrections
Ontario (Canada) Department of Corrections
Camp Grayling (Michigan National Guard)
Panama Area Police Training Academy, Panama, FL
Bor-Tac U.S. Border Patrol Training, Camp Bliss, TX
Coral Gables Police Training Range, Coral Gable, FL
Miami-Dade County Police Academy, Miami, FL
Gainesville (Area) Florida Police Academy, Gainesville, FL
Moundsville Federal Corrections Center, WV

**Public Service, Speaker**
*Charlevoix County Sheriff's Department, Charlevoix, MI*
*Oakland County Sheriff's Department,* Pontiac, MI
Served as speaker on crime prevention and substance abuse for sheriff's
department at various public/media functions. Organized Policing Programs.

## EDUCATION

**Ph.D. -** Sociology and Criminal Justice (1998)
>   Dissertation: Surviving Fatal Encounters. (Law Enforcement Use of Force
>   Socio-Physiological aspects and body armor).
*Wayne State University,* Detroit, MI

**M.S. -** Criminal Justice (1986) Concentration in Management and negotiations.
*Wayne State University,* MI

**B.A. -** Social Science (1982)
*Michigan State University,* East Lansing, MI
Member:  National Criminal Justice Honorary Society, Alpha Phi Sigma Beta
Reserve Officer Training Corps, Honors Battalion
**Certified Michigan Law Enforcement Officers Training Council** (1981)

## CERTIFICATIONS/COURSES
- Active Violence Training (Shooter) MCOLES June 2022 MCOLES
- Firearms and Use of Force Training May 2022 MCOLES.
- TASER Update Training June 2022.
- Principle instructor of Crisis Intervention, Police Process, Ethics, Hate Crimes.
- Basic Police Training yearly updates (Firearms, Less-Lethal, First Aid…).
- Homeland Security Seminar, "Last Man Down." FDNY NCMC.
- Various Homeland Security Certificates from U.S. Gov. and Lake Superior State
  University (Basic Instructor LE WMDs, SLATT, Pandemics...)
- Michigan Certified Firearms Instructor, Macomb Police Academy

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

- Defensive Tactics Instructor (PPCT)
- Certified Ballistic Shield Instructor, Second Chance Body Armor
- Non-Violent Crisis Intervention Instructor, Crime Prevention Institute
- Tactical Officer, S.W.A.T. Training Federal Bureau of Investigation
- Educating Adult Students, Macomb Comm. College and Wayne State Univ.
- Raid Entry School, Michigan State Police
- Hostage Negotiator, Basic and Advanced School, Eastern Michigan University.
- Advanced Narcotics Investigator, (Basic through Advanced Schools) Michigan State Police and Drug Enforcement Administration, investigations, conspiracies...
- Interview and Interrogation, Reid College, Chicago, Illinois
- Emergency Medical Technician, St. Clair County Community College
- Peer Assistance Counselor, St. Clair County
- Traffic Accident Investigator, Level II, State of Michigan
- Advanced Certifications in Police Tactics, Education, and Administration Law enforcement, use of force, interviewing police officers, victimization, criminal law, police supervision, education of adult students
- Investigating Police Shootings, ASLET Seminar. Dr. A. Artwhol
- Teaching Use of Force, ASLET Seminar.  E. Nowicki
- Preparing to be an Expert Witness, ASLET Seminar.  M. O'Linn
- Seeing is not Believing: Cops Caught on Video Tape, ASLET.  M. Stone
- Safety in Role-Playing (Training), RedMan Gear.  G. Klugiewicz
- In Custody Death, New Mexico DPS.  John Boren
- Defensive Tactics Safety System, Pekiti-Tirsia Tactica Training Institute
- Sharpening the Warrior's Edge, PPCT Management.  B. Siddle
- Ammunition Testing and Wound Ballistics Workshop, CCI.  K. Couger
- Legal Update, Charlevoix County Prosecutor's Office,  M. Kur
- Michigan State Police First Responder Update, Lt. Ellsworth
- Biological Threats Update, Col. Jax US Army, North Central Michigan College
- Field Management of Gunshot Wounds, Dr Fabric Czarnecki, M.D.
- Executive Protection, Vance International Executive Protection
- Instinct Development for Self Defense and Police Survival, Modern Warrior
- PPCT Overview with Bruce Siddle, ITOA Chicago, IL.
- Use of Force Policies, Richmond Virginia. ASLET
- Police Officers' 5th Amendment Rights, Richmond Virginia. ASLET
- MCOLES Force Continuum Update. Dan Rosa (6-00)
- MCOLES Law Enforcement Training Guidelines Prop. Dan Rosa (6-00)
- Fifth Amendment Rights of Police Officers. POAM
- Terrorism Preparation Update. RAM (US Army/ Fermi Nuclear)
- Auto Theft Update, Michigan State Police.
- Police Liability Update, Attorney Peter Lutzman Petoskey, MI.
- Analysis of Police Corruption, ASLET.
- Emergency Driving Update, Michigan State Police.
- Incident Command, Charlevoix County Sheriff's Department.
- Dupont Body Armor Seminar (Kevlar.), Richmond, VA

- Hostage Negotiation –Airliner- Scenario (ASLET/ Dr. Strenz) Anchorage, AK
- Terrorist Action (ASLET/ Com. Morris) Anchorage, AK
- Less Lethal Weapons (ITOA) Chicago, IL
- Basic Physical Control Seminar (ITOA) Chicago, IL
- Critical Incident Debriefings: LASD and Orlando PD (ITOA) Chicago, IL
- Police Stress Management (SASSY) IALEFI Orlando, FL


**PAPERS/PUBLICATIONS/SPECIAL LECTURES/TRAINING VIDEOS**

Referenced many times (2004- 2022) in the media including the New York Times and Wall Street Journal regarding Use-of-Force issues, ethics, and Active Shooter Training / Response (local and national media).

United States Senate (Committee) presenter July 2018 - July 2020.

2nd Chance. (2022) Historical Documentary Director Ramir Bahrani Sundance Film Festival purchased by ShowTime…

Whistleblower: vs. Second Chance. (2018) CBS Program Regarding Ethics.

Use-of-Force Investigation. (2018). Second Edition, Landon Elesmere Publishing.

Use-of-Force Investigation, (2015). Final First Edition, Landon Elesmere Publishing.

Also referenced and contributed to noted criminal justice related books:
- Futures Studies in Criminal Justice, Frank Tridico, (2016)
- Hate Crimes, Frank Tridico, (2015)
- On Combat, David Grossman (Contributor/ Reviewer)
- Cop Shock, Allen Kates (Contributor/ Reviewer)
- Policing America, Kenneth Peak (Review/ Contributor)
- Social Justice Issues, Tridico, (2018)

"Law and Enforcement and the Michigan Mental Health Code." Law Enforcement Journals, May 2015.

"Defending Enforcement Action: Technological Documentation of Officer Activity." International Association of Law Enforcement Educators, April 2012.

"Protecting Our Warriors: The Path of a Whistleblower in the Armor Industry." ArmorCon Expo., Washington, D.C. June 7, 2011.

"Reasonable Force: An Examination of Police Force Measures and the Elderly." Law Enforcement Executive Form, 2011 – 11 (1).

Columnist for Law Enforcement Journal (Police Officers Association of Michigan) and Deputy Sheriff's Association (Michigan) 2004-2006

Cops Know: Motor Vehicles Can Be Deadly, POAM Law Enforcement Journal.

Suicide by Cop: The Stigmatization of Officers Through Perpetuation of a Myth, POAM
Law Enforcement Journal.
Weapons of Mass "Distraction"? POAM Law Enforcement Journal.
Making Cops, POAM Law Enforcement Journal
Officer Survival: The Best Peace Officers are Warriors, POAM Law Enforcement
Journal.
Body Armor Gone Bad? POAM Law Enforcement Journal.
Responding to Death: A Test of Your Overall Police Professionalism.

-Over 20 Articles regarding law enforcement issues-

Grant Sought to Develop New Bulletproof Vest, (South Bend Tribune, IN) April
2007 –referenced-
NBC Television Today Show (Testimony in Washington, D.C.)  Nov. 2004
Dissertation Committee Member: "Biomechanical Evaluation of Female Body
Armor…" Maryann Wilhelm, Ph.D. Wayne State University Dec. 2003.
"Responding to Death," Law Enforcement Journal 2005
"Police Shootings and Motor Vehicles." American Police Beat Jan. 2004.
"Officer Needs Assistance." American Police Beat November 2003.
Controlling Fear in Yourself and Others. POAM L.E. Journal (Winter 2003).
Ongoing Research on Body Armor "Back Face Deformation." Wayne State
University. Detroit, MI (2002).
Series of Radio Interview regarding Body Armor KTSA San Antonio, TX (2003).
Research Paper- Overview of Less Lethal Weapons. Government Grant (2002).
"Terrorism, Hate Crimes and other Semantics: The Role of Local Police in
Combating Terror." Law Enforcement Journal (Summer 2002).
"Getting Hit is Just the Beginning." Law Enforcement Journal (Spring 2002).
"Bullet Proof: History of Body Armor." Modern Marvels/ History Channel
(Winter 2002).
In Custody Death: Society is Blaming You. POAM L. E. Journal (Fall 2001).
Dealing With It (Police Self Help Guide to Dealing with Terrorism). Police
Magazine (November 2001)/ Also in Law Enforcement Journal Winter 2002.
Body Armor Facts: Protecting the Protectors. Law and Order (July 2001).
The Integration of Personal Computers and Body Armor (Lecture). International
Conference on Wearable Computing, Washington D.C. (May 2001).
Police don't get Mad… Law Enforcement Journal (Spring 2001).
Articles on Cognitive Dissonance and Police Shootings. Police Journal and Police
Beat Magazines (2000/ 2001).
Police Corruption Analysis. Police Beat Magazine and the Police Journal (2001).
"Lag Time and the Reasonable Officer." American Police Beat and Police Journal
(Fall 2000).
"Officer Memory and Traumatic Incidents." American Talk Radio Interview/ Jim
MacKay's Real Police Radio (June 2000).
"Surviving Assault: Shooting Back is No Accident." The Police Beat and Police
Journal (May/ Summer 2000).
"How Police Officers are Murdered." Police Journal (POAM) January 2000.
"Obtain the Edge with Correctional Armor."Correctional News (September
1999).

"Cops Under Fire: An Analysis and Lessons of a Police Shooting." Police Journal.

Police Officers' Association of Michigan (Spring 1999).

"The Wrong End of the Barrel." Police Journal –POAM- (Summer 1999).

"Body Armor for the Corrections Officer." ASLET Journal (March 1999).

"Surviving 'Fatal' Encounters: An Analysis of Violent Encounters Involving Police Officers Wearing Body Armor, Their Situational Definitions, Interactional Experience and Symptoms of Post Traumatic Stress Disorder." Dissertation Wayne State University (1998).

"Shot on the Job." American Police Beat. (January/February 1999).

"Coping and Adapting to Being Shot." Lecture Manual ASLET International Seminar (January 1999).

"Body Armor and the Tactical Officer." National Tactical Officers' Association. (September 1998).

"Shoot Protocol and Safety." Second Chance Training (September 1998).

"Body Armor" (Second Chance). Arms Magazine Japanese Translation (May 1999) Referenced.

"Twaron, The Force Behind the Force." Akzo News. (May 1998). Referenced

"Body Armor and the Rifle Threat:  High Power Threats and Hard Armor." Law and Order. (January 98).

"Body Armor Saves Lives." New Jersey Cops. (January 98). Corrections.

"Body Armor and the Rifle Threat:  High Power Threats and Hard Armor." ASLET Trainer.  (November/December 97). With figures and graphs.

"The Role of Body Armor in Saving Lives." Law and Order. (August 97).

"Analysis and Lessons of a Police Shooting."  Illinois Tactical Officer Association News. (Summer 97).

"Body Armor's Application for the Law Enforcement Instructor." ASLET Trainer. (September/October 97).

"Body Armor's Application for the Firearms Instructor." IALEFI Firearms Instructor. (Issue 23 97).

"Rookie Confessions." American Police Beat. (October 97).

"Body Armor and the Assault Rifle Threat." Illinois Tactical Officers Association News. (Fall 97).

"A Synopsis of the Social Aspects of Officers Wearing Body Armor During Violence." Michigan Sociological Association (Oakland University, Oct.-96).

"Third Party Defense." Law Enforcement Television Network Interview (Jan. 96).

"The High Price of Caring."  Deputy Sheriff's Association of Michigan, Street Tactics Guide (91-95).

Radio Interview on Juvenile Violence. WTCM Traverse City (April 22, 1999).

Radio Interview on Police Murders. WTCM Traverse City. (May 21, 1998).

"Body Armor Improvements." Law and Order. (April 2000). Referenced

"Guns Criminals Use." Law Enforcement Technology. (May 97). Referenced

"Product of the Month: Monarch +P+." Police Magazine. (June 97). Referenced

"Coptalk." American Handgunner. (November/December 97). Referenced

The Ayoob Files: "Mentor Protégé and Criminal." American Handgunner. November/December 97). Referenced

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

How Did They Do That?  "Bullet Resistant Vests."  The Learning Channel.
(October 97).  Referenced
Dateline NBC  "Proposed Body Armor Legislation." National Broadcasting
Company.  (August 97).  Referenced
"CopShock, What Cops Must Know About Posttraumatic Stress Disorder."
by Allen Kates 1999.  Referenced.

LETN Roll Call: "Interacting with Emotionally Disturbed Persons." (Video)
2000.

*Wayne State University*
"The Police Perspective of the Rodney King Incident."  Special in-depth
presentations: Wayne State University and Oakland University (1994-96).

*Second Chance Body Armor, Inc.*
*"Mock Riot." (Product Video) NIJ 2000- 2002.*
"Proper Body Armor Measurement."  Internal Training Video (1996).
"Surviving Fatal Encounters."  Police/Corrections Training Video (1996).
"Detroit Police Body Armor."  Detroit Police Department Training Video (97).
"North Carolina Body Armor Training." North Carolina Department of
Corrections and Probation Training Videos (6-97/9-97).
"K-47 CL Ballistic Plates." Marketing Video (12-97).
"PRISM" Corrections Training Video (1997)

*Southwest Research Institute*
Defense Advanced Research Projects Agency: Ultra-Lightweight Personnel
Protection Committee, San Antonio, TX.

*Oakland County Sheriff's Department*
"Managing Hostile Citizen Encounters."  Park Ranger Training Video City of
 Rochester Hills, MI (1991).
"Senior Focus:  Crime Prevention for the Elderly."  Informational video, (1991).

**RECENT RESEARCH GRANTS**
Participation in federal grant research (armor technology) with institutes and
academic institutions.
        ARA Ballistic Armor White Paper for RFP (2016)
        ARA Concealed Body Armor Research (CTTSO) 2014-2016
Eagle, Inc. for Homeland Security at Lake Superior State University, coordination
and direction for future institute.
Two state training grants involving Security Issues Awarded for 2007
        Border Protection

Court Security
Law Enforcement and Corrections Armor System (DoD) ARA Committee 2007
Michigan Legal Update (CD Rom Interactive Training) MCOLES 2006
Handling Emotionally Disturbed Persons (CD Rom Interactive Training) 2006
Forensic Science Overview (State Wide Seminars) 2006
Next Generation Bomb Suit (U.S. Gov. TSWG Member) 2006
Contemporary Concealable Armor (U.S. Gov. TSWG Member) 2006
Advanced Combat Helmet (CPC Paper) 2006
Ultra Lightweight Armor Group (U.S. Gov. Member) 1998-2003
Instantaneous Foldable Armor Systems (U.S. Gov. TSWG) 2002-2006
Examination of Less-Lethal Weapons (U.S. Gov./ IBIS) 2003

## HONORS AND AWARDS

*Numerous letters of accommodation and recognition of service (1982-2019): United State Senate Chambers Introduction to Senator Charles Grassley and the National Whistleblowers Center (2019).*

*Pillar Award for Civil and Human Rights July 31, 2018 Washington, D.C.*

*Whistleblower Accommodation U.S. Senate Committee Chambers presented by Senator Grassley July 30, 2018.*

*Numerous nominations for distinguished professor (administration/ faculty/ student)awards Lake Superior State University (2004-2019).*

*Letter of Accommodation for Negotiation of Barricaded Gunman November 07, 2009 Charlevoix County Sheriff's Department.*

*Numerous letters of thanks and accommodation Charlevoix County Sheriff.*

*National Whistleblowers "Freedom to Tell Truth" Award, Washington, D.C. 2006.*

*United States* **Patent** *(October 17, 2000) #6,131,198 Concealable Tactical Body Armor Holster.*

*Numerous Law Enforcement File Citations of Duty Related Functions*

*Outstanding Contribution Certificate, International Association of Chiefs of Police (for Police Shootings Seminars).*

*Attended United Nations Meetings (September 6-8, 2000) New York City. Invited by U.S. Ambassador (Ret.) F. Cook  to market/ present armor technologies.*

*Oakland County Sheriff Department*
> **Service Citation** awarded for bravery while negotiating peaceful settlement to barricaded gunman case
> **Community Participation Award** for activity with youth program City of Rochester Hills
> **Sheriff's Special Unit Award** awarded for work in Major Case Unit Narcotics Enforcement Team
> **Sheriff's Unit Citation and Medal** awarded for "Special Response Team Service"
> **Department Unit Citation and Medal** awarded for double homicide investigation
> **Departmental Safe Driving Citation and Medal**
> **Special Event Citation and Medal** awarded for serving as World Cup Soccer Hostage Negotiator

*Charlevoix Sheriff and Police Departments*
> **Department Citation** awarded for emergency response during crisis disaster/ explosion
> *Citations of Recognition* awarded for outstanding training seminars
> Texas Department of Public Safety
> Louisiana FBI National Academy
> International Association of Chiefs of Police

*St. Clair County Sheriff Department*
> **Purple Heart Medal** awarded for sustaining gunshot wounds while apprehending a suspect
> **Valor Service Medal** awarded for bravery in the line of duty

**MEMBERSHIPS (Past and Present)**
Academy of Criminal Justice Sciences
American Society of Law Enforcement Trainers
American Corrections Association
American Society Industrial Security (International)
American Crime Prevention Association.
Michigan Crime Prevention Association.
Fraternal Order of Police
Illinois Tactical Officers Association
International Law Enforcement Educators and Trainers Association
International Association of Law Enforcement Firearms Instructors
International Association of Chiefs of Police
International Association Campus Law Enforcement Administrators
Michigan Association Chiefs of Police
Michigan Department of Corrections Approved Instructor/ Educator
Michigan Sociological Association

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Michigan Council of Law Enforcement Standards Instructor
National Association of Police Organizations
Tactical Officers Association of Michigan
Crime Prevention Association of Michigan
International Police Association
**References available upon request**

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

**AARON J. WESTRICK, Ph.D.**

3006 Fall Park Road Boyne City, MI 49712

(LSSU Office- 906 635-6203 Cell- 231 675-5250)

E-mail: aaron@westrickphd.com / ajwestrick@lssu.edu Website: www.westrickphd.com

Testimony:

Burton, Deceased v. City of Detroit (2021)
Hammond v. Oakland County (2021)
Henry v. City of Flint (2018)
People v. Melendez (2015) Detroit Circuit Court
People v. William Olsen (2013) Pontiac District Court
People v. Bodine (Michigan)
Stockstell v. Washington County Sheriff (Federal District Court Iowa)
State of Indiana v. M. Bear
State of Indiana v. S. Calhoun
State of Indiana v. S. Gilmore
L. Pryor v. Kulikowski, Sanchez, McHale et al. (Michigan).
Brintley v. Wayne Co. Sheriffs et al.
People v. K. Clark (Detroit, Michigan)
Snook v. Oakland County (Michigan)
People v. Merriman (Michigan)
Officer Norland v. Protective Products International

Arbitration/ Citizens Review Board:

City of Miami Beach v. T. Serrano
(Canton Twp. Police) v. P. Sullivan

Affidavit:

Patrick W. Dalby v. Jay E. Ostrem (Federal District Court Wyoming)

Armor Cases:

United States of America v. Second Chance, Toyobo et al. (Washington D.C.)
(Estate) Officer Zapetala v. Toyobo, Second Chance et al. (California)
Second Chance Body Armor v. Toyobo

Vernon v. Safariland (2015) Body Armor and Use of Force.

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT



# NCAVF
national center for audio & video forensics

Matthew "Motti" Gabler, CFVT, CCO, CCPA
Forensic Expert
The National Center for Audio and Video Forensics

Curriculum Vitae (June 03, 2022)

6363  Wilshire Blvd, Suite 115
Los Angeles, California, 90048

phone:(213) 973-7811
email: motti@ncavf.com
NCAVF.com

## About

Matthew Gabler, also known as "Motti", is a forensic expert with the National Center for Audio and Video Forensics (NCAVF). He has worked for NCAVF for over seven years. As a forensic expert, Mr. Gabler is involved in all stages of the evidence workflow process. This includes the collection or recovery of evidence, analysis and comparison of evidence samples, and the enhancement of the evidence. Mr. Gabler evaluates and analyzes evidence and oversees the enhancement process to make sure all work is done in accordance with the standards and best practices for digital multimedia evidence.

Mr. Gabler began working at NCAVF as a case manager in August of 2014. While performing his duties as case manager, he received training in digital forensics. During this process, Mr. Gabler began learning the standards and best practices for the forensic analysis and enhancement of video, still image, and audio evidence from NCAVF's lead forensic expert, Mr. David Notowitz. He regularly attends seminars and classes on the forensic analysis of digital evidence, and he has also instructed at a forensic conference on digital evidence preservation and analysis. Mr. Gabler received formal training and certification from the Law Enforcement and Emergency Services Video Association International, Inc. (LEVA) on video forensics. Additionally, Mr. Gabler has received training and certification in the forensic examination of cell phones, tablets, GPS units, drones, and other devices using Cellebrite's Physical Analyzer and UFED 4PC software programs. He is also a certified firearms instructor and his experience and expertise in firearms is of specific use in the analysis of digital multimedia evidence that involves firearms and/or gunfire.

Mr. Gabler has worked as a forensic expert on over 1,000 cases, both criminal and civil, and has assisted police officers, detectives, insurance investigators, district attorneys,

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

public defenders, private attorneys, and corporations both nationally and internationally. Mr. Gabler has received formal training in forensic video and audio analysis from NCAVF, LEVA, Cellebrite, Aspen University, conferences on forensics, seminars, and other classes. Mr. Gabler is also a forensic expert in firearms for video and audio analysis. He is a certified firearms instructor, he briefly served in the United States Air Force, and has training and experience in the use, identification, and functionality of firearms in digital multimedia evidence. Mr. Gabler is also certified with the California State Bar to teach continuing education classes (MCLE) to attorneys titled, "Utilizing Audio and Video Evidence in Civil and Criminal Litigation."

Prior to working with NCAVF, Mr. Gabler spent nearly 15 years as an Emergency Medical Technician. He first became an EMT in 1998, while in college, and began his EMS career working in sports paramedicine as a sideline medic for football games. Soon after that, he moved to Los Angeles where he worked for an ambulance company responding to 911 calls for the cities of Torrance and Santa Monica. Mr. Gabler also spent several years working in the field of industrial paramedicine as a set medic for the film and television industry. As a set medic, Mr. Gabler worked on dozens of productions ranging from television shows, to feature films and tv commercials. During these many years experience working in EMS, Mr. Gabler gained experience working with and around other EMS personnel, fire fighters, and law enforcement officers; experiences which have proved invaluable in assisting with many cases.

**Education**
Allan Hancock College, Santa Maria, CA - A.A. Liberal Arts, 2001
Aspen University, Denver, CO - B.S. Criminal Justice (in progress, Senior)

**Certifications, Memberships, and Training**
LEVA 1: Forensic Video Analysis and the Law (Certificate, 2021)
LEVA 2: Forensic Video Analysis and the Law (Certificate, 2022)
Certified Forensic Video Technician, LEVA (Certification, 2022)
- Principles of video technology
- Proper handling of analog and digital multimedia evidence
- Data authentication and integrity
- Digital evidence extraction, recovery, and preservation
- Forensic processing techniques of digital multimedia evidence
- Legal aspects of video evidence
- Ethics for expert witnesses
LEVA Workflow Analysis 101 (2020)
- Principles in the best practices for digital multimedia evidence workflow
Cellebrite Certified Operator (CCO Certified, 2021)
- Install and configure UFED Touch, UFED Touch 2 or UFED 4PC and Physical Analyzer software.

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

- Exhibit how to open extractions using Physical Analyzer.
- Summarize how to conduct searches using Cellebrite Physical Analyzer.
- Outline how to create reports using Cellebrite Physical Analyzer.
- Demonstrate proficiency of the above learning objectives by passing a knowledge test and practical skills assessment with a score or 80% or better.
- Explain the best practices for the on-scene identification, collection, packaging, transporting, examination and storage of digital evidence data and devices.
- Display best practice when conducting cell phone extractions.
- Identify functions used within UFED Touch, UFED Touch 2 or UFED 4PC to perform supported data extractions.

Cellebrite Certified Physical Analyst (CCPA Certified, 2021)

- Conduct advanced mobile device forensic analysis using the UFED Physical Analyzer software.
- Recall techniques used for authentication and validation of data parsed and collected as evidence.
- Identify functions within Physical Analyzer software which allow examination of various types of data.
- Recognize Physical Analyzer's capabilities to generate custom reports in an organized manner.
- Demonstrate proficiency of the above learning objectives by passing a knowledge test and practical skills assessment with a score or 80% or better.

Certified Firearms Instructor (NRA, Shoot Safe Learning)

Tactical Pistol Certificate (NRA/Shoot Safe Learning)

Advanced Tactical Pistol Certificate (NRA/Shoot Safe Learning)

Tactical Rifle Defense Certificate (NRA/Shoot Safe Learning)

California Dept. of Justice Handgun Safety Certification

Conference: Techno Security and Digital Forensics Conference (2019, 2020)

- Provides a unique education experience that blends together the digital forensics and cybersecurity industries for collaboration between government and private sectors.

Seminar: FBI Next Generation Identification (2020)

- Criminal Justice Information Services Division
- Biometrics, Fingerprints, Facial Recognition, Iris ID

Seminar: Tactical Concepts for Law Enforcement Operations (2018)

- Lt. Pearson, Fort Collins Police Dept.

Seminar: Optics to Increase Survivability for Officers in Unpredictable Environments (2018)

- Raytheon

High Tech Crime Consortium (HTCC, member since 2018)

- HTCC is an international organization connecting forensic experts, police, and investigators that share information and offer each other help and advice in Cybercrime matters, digital forensics, and related topics

Audio Engineering Society (AES, member since 2021)

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

- AES is a professional organization for engineers, forensic experts, scientists, and other individuals with an involvement in the professional audio industry

Los Angeles County Emergency Medical Services, EMT-1 (Retired)

Emergency Medical Services Academy (Allan Hancock College)

Los Angeles County Superior Court Expert Witness Panel

San Francisco County List of Approved Expert Witnesses

Maricopa County List of Approved Expert Witnesses

EVOC Certification

- Emergency Vehicle Operations Course
- Techniques for code 3 operations

CEVO-II Certification

- Comprehensive defensive driving training for emergency and non-emergency driving operations for emergency vehicle operations

Hazmat Certification

Bloodborne Pathogens (National Safety Council) Certification

Community First Aid and Safety (CA State Title 22) Certification

Open Water and Master SCUBA Diver (PADI and Naui) Certification

United States Citizen


**Teaching and Speaking Engagements**

California Association of Licensed Investigators

     Collection, Preservation, and Analysis of Digital Video Evidence

Techno Security and Digital Forensics Conference

     Collection, Preservation, and Analysis of Digital Video Evidence

Riverside Bar Association

     MCLE - Utilizing Video, Audio, & Still Image Evidence in Court

Santa Barbara Paralegal Association

     MCLE - Utilizing Video, Audio, & Still Image Evidence in Court

CSUN Alumni Attorney Association

     MCLE - Utilizing Video and Audio Evidence in Criminal and Civil Litigation


**Testimony**

- Video Analysis       33 times
- Audio Analysis       6 times
- Still Image Analysis    4 times
- Cell Phone Analysis    4 times
- Firearms          2 times

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

**Criminal and Civil Cases (Testified)**

Attorney Nico Ambrose, Alaska Public Defender Agency
- State of Alaska v Fenton Leon Jacobs, Jr. (testified in court) - video analysis

Attorney Yasmin Fardghassemi, Los Angeles District Attorney's Office
- People v Kaalan Walker (testified in court) - video analysis

Attorney Brett Shimanovsky
- Hohman v Insight Consulting Group (testified in deposition) - video analysis

Attorney Pro Per Nick Lopez
- People v Nick Lopez (testified in court) - still image analysis

Attorney Thomas Flaskamp, Donna Law Firm, P.C.
- Juan Garcia v Desiree Medina and MUY Pizza-Tejas, LLC (testified in deposition) - video analysis

Attorney Peter Marchesi, Wheeler & Army, P.A.
- Dunnigan v York County (testified in deposition) - video analysis

Attorney Ivonne De La Cruz, Los Angeles County Public Defender
- People v Gerardo Zendejas (testified in court) - video analysis, firearms analysis

Attorney Greg Salarz, Veatch Carlson, LLP
- Claus v Clark (testified in deposition) - video analysis

Attorney Bryan O'Conner, O'Conner Law Group
- Alcorn v City of Chicago (testified in deposition) - video analysis

Attorney Ginger Mooney, Ginger G. Mooney, LLC
- Curry v Laney (testified in court) - video analysis

Attorney Warren Shiell, Law Offices of Warren Shiell
- Alexis Schrage v Leonard Schrage (testified in court) - video analysis

Attorney Melanie Pfeifer, Daphne Edwards Divorce & Family Law, PC
- Sarah Lee v David Hur (testified in court) - video/audio analysis

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Attorney Benny Bakshandeh, Los Angeles County Public Defender
- People v Antwan Wells (testified in court) - video analysis

Attorney Stacey Sullivan, Liebert, Cassidy, Whitmore
- Gutierez v City of Rialto (testified in court) - video analysis

Attorney Chandra Moss, Holstrom, Block & Parke, APLC
- Tanner Gill v Danielle Gill (testified in court) - cell phone analysis

Attorney Steven Glickman, Glickman & Glickman, A Law Corporation
- Sheldon Lockett v County of Los Angeles (testified in deposition) - cell phone analysis

Attorney Michael R. Nebenzahl, Burke, Williams, Sorensen, LLP
- Dib v City of Beverly Hills (testified in deposition) - video analysis

Attorney Simon Budhwani, Core Law Group, LLP
- Sadeghi v Sadeghi (testified in court) - audio analysis, video analysis

Attorney Pamela Jones, Los Angeles County Public Defender
- People v Salvador Espinoza (testified in court) - video analysis

Attorney John Carpenter, Carpenter, Zuckerman & Rowley
- Jason Ashley v Krehbiel (testified in deposition) - video analysis

Attorney Steven Glickman, Glickman & Glickman, A Law Corporation
- Francesco Galasso, et al. v Randal D. Haworth, M.D. (testified in deposition x2) - video analysis

Attorney Anna Karczag, Encore Law Group, LLP
- Luis Moro v Ari Lezama (testified in court) - cell phone analysis, video analysis, audio analysis

Attorney Stephanie Zacarias, Los Angeles County Public Defender
- People v Kobe Bell (testified in court) - video analysis

Attorney Laurie Harrold, Mark R. Weiner & Associates
- Toledo v Abnoosian (testified in court) - video analysis

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Attorney Brad Beherns, Hayes, Ortega & Sanchez, LLP
- Gricelda Perez v City of Ontario (testified in court) - video analysis

Attorney Salvatore Ciulla, Law Office of Salvatore Ciulla
- People v Houssin Nayeri (testified in court) - still image analysis

Attorney Mike Wallace, Law Office of Mike Wallace
- US v Leon Martinez (testified in Federal court) - still image analysis

Attorney John Howard, Lowthorp, Richards, McMillan, Miller & Templemen
- Caceres v City of Fontana (testified in deposition & court) - video analysis

Attorney Michael Levin, Wegman & Levin
- People v Terry Gillard (testified in court) - video analysis, cell phone analysis

Attorney Amanda Touchton, Touchton & Weinberger LLP
- People v Jamal Frazier (testified in court) - video analysis

Attorney Kamau Edwards, Hartsuyker, Sratman & Williams-Abrego
- Dietrich Lee v 1377 Imperial, LLC, et al. (testified in court) - video analysis

Attorney James Clark, Law Office of James Stillman Clark
- People v Chris Hoover (testified in court) - audio analysis

Attorney Michael Duggan, The Law Office of Michael Duggan
- People v Robert Mitchell (testified in court) - video analysis

Attorney Charles Lew, The Lew Firm, APC
- Ron Masson v Stephanie Paine (testified in court) - audio analysis

Attorney Arthur Allen, Office of the Public Defender Green County
- Appeal of Neil Johnson (testified in court) - video analysis

Attorney Kerry Armstrong, Law Offices of Kerry L. Armstrong
- People v John Neuhart II (testified in court) - video analysis

Attorney Azad Jingozian, Law Offices of Azad Jingozian
- People v Salman Sajid (testified in court) - still image analysis

E-FILED 2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Attorney Doug Rhoades, Mendocino County Alternate Public Defender's Office
- People v Ryan Maxstadt (testified in court) - video analysis, audio analysis, and firearms

Attorney Leonard Becker, Leonard S. Becker, Attorney at Law
- Bragar v Chicago Transit Authority (testified in court) - video analysis

Attorney Chris Napolitano, Ensz & Jester, P.C.
- Kimberly Whyley v Village of Oakview, et al. (testified in deposition) - video analysis, audio analysis

Attorney Gil Arbel, Southern California Legal Advocates
- People v Jack Shlush (testified in court) - audio analysis

Attorney Arthur Allen, Missouri State Public Defender's Office
- Appeal of Neil Johnson (testified in court) - video analysis

Attorney Jonathan Herzog, Weston Herzog, LLP
- Theresa Williams v Albertson's (testified in court) - video analysis

Attorney Vanessa Hierbaum, County of Santa Clara Public Defender's Office
- Peng v Liu (testified in court) - audio analysis

Attorney Daniel Portman, County of Santa Clara Public Defender's Office
- People v Jesse Yanez (testified in court) - video analysis

Attorney Martin Holly, Manning & Kass, Ellrod, Ramirez, Trester LLP
- Trang Le Truong v Target Corp. (testified in court) - video analysis

Attorney Scott Spindel, Melnick & Spindel
- People v John Pulskamp (testified in court) - video analysis, firearms

**Cases For Law Enforcement, District Attorneys, etc.**

Assistant District Attorney Yasmin Fardghassemi, Los Angeles, CA
- People v Kaalan Walker

Detective Jason Davila, Pima County Sheriff's Dept., Arizona
- PCSD Case 220329038
- PCSD Case 211023270

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Detective Jonathan Siress, Pima County Sheriff's Dept., Arizona
- PCSD Case 2201251128

Assistant District Attorney Thomas Leon, Los Angeles, CA
- Torrance Police Dept. Special Prosecutor Investigation

Detective Joe Stager, Douglasville Police Dept., Georgia
- Traffic/Homicide, Case # 21-002606

Detective Katrina Ball, Sheriff's Office of Grant County, Washington
- Homicide Investigation, Case # 99GS04574

Detective Phil Branch, Turks & Caicos Police
- Homicide Investigation of Bruno L.

Detective Richard McDonald, Eddy County Prosecutor's Office
- State of New Mexico v Jerrold Chavarria

Oakland PD Internal Affairs Division, Oakland Police Department
- Oakland PD OIS Investigation

Detective Francis Hardiman, Los Angeles County Sheriff's Department
- Vaquerito Homicide Investigation, Case 018-18070-2173-011

Assistant District Attorney Cathy Lee, Los Angeles County District Attorney's Office
- People v Brian Barrale

Detective Joseph Horsman, Sonoma County Sheriff's Office
- Rohnert Park Police OIS Investigation

Detective Ralph Ballew, Rialto Police Department
- Baseline Rd Homicide Investigation Case # DR931901693

Detective Scott Mueller, Minnesota Bureau of Criminal Apprehension
- Minnesota OIS, Case # 2018/457
- Lake Elmo OIS, Case # 2018-301
- Minnesota OIS, Case # 2021-481

E-FILED  2022 JUL 22 11:11 AM JOHNSON - CLERK OF DISTRICT COURT

Investigator Anna Hazel, Merced County District Attorney's Office
- Nightclub Brawl Investigation

Detective Jeffrey Toney, Sonoma County Sheriff's Office
- Porter Creek Homicide Investigation

Detective Carlos Macias, Ventura County Sheriff's Department
- Vergara Investigation, Case# 17-146302

Detective Chris Gamm, Shawano County Sheriff's Department
- James Radford Homicide Investigation, Case # S16-03693

Asst. District Attorney Lucas See, Hardy County Prosecuting Attorney's Office
- State of West Virginia v Jerud Crites

Forensic Video Production • Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com
NCAVF.com

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA  90048
213-973-7811

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **PLAINTIFF'S SECOND MOTION TO EXTEND DEADLINES FOR EXPERT WITNESS DISCLOSURES** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | **(Dr. Aaron Westrick's Report) (Resisted)** |
| **Defendants.** | |

COME NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submits his Second Motion to Extend Deadlines for Expert Witness Disclosures; and states as follows:

## BACKGROUND

1.  Plaintiff has previously requested the Court extend his deadline to provide expert witness disclosures, which the Court granted by order entered on June 7, 2022. That currently and pursuant to the Court's order, the deadline for Plaintiffs to disclose their expert witness(es) with report(s) is **July 22, 2022**, and Defendants currently have until **September 20, 2022**.

2.  Plaintiff has provided contemporaneously with this motion his Plaintiff's Designation of Expert Witnesses, which include the following retained experts: (1) Aaron J. Westrick, Ph.D., expert in police tactics and procedures; and (2) Motti Gabler, audio and video forensics expert.  *See* Attachment "1", Plaintiff's Designation of Expert

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

Witnesses.  With said designation, Plaintiff has provided the CV and Report of Motti

Gabler; and the CV and Review of Prior Cases for Dr. Westrick.

3.    With respect to Dr. Westrick's report, he has communicated with the

undersigned and indicated his inability to provide a report by the current deadline due to

a family emergency which kept him from reviewing all case materials earlier and his

unexpected immediate commitment to the Boyne City Police Department which

precludes him from completing his report this week.

4.    Dr. Westrick has confirmed with the undersigned that his report *will be*

provided by **July 27, 2022**, *and it is regarding said report* (and only this report) that

Plaintiff files this second motion for a short extension of **five (5) days.**

5.    Plaintiff's counsel has communicated with Defendants' counsel who has

made clear Defendants do not agree to any such motion and "will vigorously resist any

efforts to further extend th[e] deadline."[1]

## **ARGUMENT**

6.    Iowa courts have ordered or approved the granting of an extension of

expert witness related disclosures for time periods similar or even greater than Plaintiff's

request.  *See Austin v. United Parcel Service, Inc.*, 2002 WL 31050867 * 4 (S.D. Iowa

2002) (granting an extension of the deadline for expert reports to an additional five

months); *Spoden v. Abbe Ctr. for Cmty. Care, Inc.*, 2010 WL 2892449 * 2-3 (N.D. Iowa

2010) (allowing an additional 3.5 months to disclose experts despite late filing the

motion to extend); *Mullen v. Heinkel Filtering Sys.*, 2013 WL 4766785  * 4-5 (N.D. Iowa

---

[1] This position was communicated to Plaintiff's counsel via email on July 13, 2022.  On July 17, 2022, the undersigned had a conference call with Attorney Abernathy who indicated, again, Defendants position in resisting any extension.

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

2013 (allowing *an additional 3-months for expert disclosures on second extension* to avoid prejudice to plaintiff despite plaintiff's failure to even having located an expert); *Secord v. Jdp*, *Inc*., 2020 WL 2172302 * 3 (S.D. Iowa 2020) (*denying defendant's motion to strike* expert wherein plaintiff was granted a second extension to provide expert disclosures and still managed to late file the disclosure by 23-days); and *Hansbarger v. Coffin*, 501 N.W.2d 501, 505-06 (Iowa 1993) (in context of I.C § 668.11 (180-day deadline) and where Court found *abuse of discretion* for denying motion for extension of deadline where *experts had actually been named* by said deadline, *and full compliance* with the statute came *within one week* of the deadline).

7.   In our case, Plaintiff is providing by the deadline substantial expert disclosures, including the CV and review of cases for Dr. Westrick, and the CV and expert report for Plaintiff's second named retained expert, Motti Gabler.  *See* Attachment "1", Plaintiff's Designation of Expert Witnesses.  Plaintiff has also disclosed numerous unretained medical personnel who attended to Plaintiff during his trauma care and follow up.

8.   Plaintiff's second request of 5-days would put the total time for an extension to just under two months, which is not unreasonable.  Prejudice would absolutely occur to Plaintiff if he were unable to disclose all his experts.  Conversely, it is hard to conceive how Defendants, despite their threat to resist this motion, would be prejudiced in any way by a 5-day extension.

9.   Accordingly, Plaintiff's Second Motion to Extend the Deadline for Expert's Report should be granted.

WHEREFORE, Plaintiffs respectfully request the Court enter an order extending

E-FILED 2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

the deadline *solely* for the expert report authored by Dr. Aaron Westrick, and to and including the date of **July 27, 2022**; and for any other relief the Court deems just and necessary herein.

Respectfully submitted,

/s/ John G. Daufeldt

John G. Daufeldt    AT0001944

JOHN C. WAGNER LAW OFFICES, P.C.

600 39TH AVENUE

P.O. BOX 262

AMANA, IA 52203

TELEPHONE:    (319) 622-3357

FACSIMILE:  (319) 622-3404

ATTORNEYS FOR PLAINTIFF

Original to:
Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail          [ ] Facsimile
[ ] Hand Delivered  [ ] Overnight Courier
[ ] E-Mail              [ x] Other: E-File

on _____ July 22, 2022
Signature _____ /s/ John G. Daufeldt _____

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George. Maser, by and through his Attorney at Law, John G. Daufeldt, and hereby submits his Plaintiff's Designation of Expert Witnesses, pursuant to Iowa Rules of Civil Procedure, and hereby designates the following expert witnesses Retained and Unretained:

**Retained**:

1. Aaron J. Westrick, Ph.D.
   Boyne City, Michigan

Dr. Westrick is in expert in police policies and procedures, including use of force and negotiation tactics.  His opinions are based upon his background, education, training, experience, and his review of the pertinent materials related to this case.  Dr. Westrick's curriculum vitae and list of prior cases are being provided with this designation.

2. Motti Gabler
   National Center for Audio & Video Forensics
   Los Angeles, California

Mr. Gabler is an audio and video forensics expert generally, and specifically with respect to audio and video recordings regarding police involved shootings.  His opinions are based upon his background, education, training, experience, and his review of the pertinent materials related to this case.  Mr. Gabbler's curriculum vitae and his report are being provided with this designation.

**Unretained**:

      3.   Dionne Skeets, MD
          Surgery Specialty Clinic
          University of Iowa Hospitals and Clinics
          200 Hawkins Drive
          Iowa City, IA 52242

Dr. Skeets is a licensed physician to practice medicine in the State of Iowa. D.  Dr. Skeets is a fact and expert witness.  Dr. Skeets was the primary surgeon providing care to Plaintiff.  Dr. Skeets is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Skeets will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

      4.   Joseph V. Buckwalter, V, MD
          Orthopedics and Rehab – Hand South
          University of Iowa Hospitals and Clinics
          200 Hawkins Drive
          Iowa City, IA 52242

Dr. Buckwalter is a licensed physician to practice medicine in the State of Iowa. Dr. Hodges specializes in surgery.  Dr. Buckwalter is a fact and expert witness.  Dr. Buckwalter is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Buckwalter will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

      5.   Eiyu Matsumoto, MD
          Medicine Specialty Clinic – Infectious Disease
          University of Iowa Hospitals and Clinics
          200 Hawkins Drive
          Iowa City, IA 52242

Dr. Matsumoto is a licensed physician to practice medicine in the State of Iowa.  Dr. Matsumoto is a fact and expert witness.  Dr. Matsumoto is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Matsumoto will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

      6.   Matthew Smith, MD
          Medicine Specialty Clinic – Infectious Disease
          University of Iowa Hospitals and Clinics
          200 Hawkins Drive
          Iowa City, IA 52242

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

Dr. Smith is a licensed physician to practice medicine in the State of Iowa.  Dr. Smith is a fact and expert witness.  Dr. Smith is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Smith will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

     7.  Matthew Hogue, MD
         Orthopedics and Rehab – Trauma
         University of Iowa Hospitals and Clinics
         200 Hawkins Drive
         Iowa City, IA 52242

Dr. Hogue is a licensed physician to practice medicine in the State of Iowa. Dr. Hogue is a fact and expert witness. Dr. Hogue is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Hogue will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

     8.  Daniel Meeker, MD
         Orthopedics and Rehab – Trauma
         University of Iowa Hospitals and Clinics
         200 Hawkins Drive
         Iowa City, IA 52242

Dr. Meeker is a licensed physician to practice medicine in the State of Iowa. Dr. Meeker is a fact and expert witness. Dr. Meeker is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Meeker will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

     9.  Tim Neuzil, PA-C
         Surgery Specialty Clinic – Trauma
         University of Iowa Hospitals and Clinics
         200 Hawkins Drive
         Iowa City, IA 52242

Mr. Neuzil is a licensed physician assistant to practice medicine in the State of Iowa. Mr. Neuzil is a fact and expert witness. Mr. Neuzil is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Mr. Neuzil will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

10. Dionne Peacher, MD
   Main OR – Anesthesiologist
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Peacher is a licensed physician to practice medicine in the State of Iowa. Dr. Peacher is a fact and expert witness. Dr. Peacher is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Peacher will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

11. Unyime Ituk, MD
   Main OR – Anesthesiologist
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Ituk is a licensed physician to practice medicine in the State of Iowa. Dr. Ituk is a fact and expert witness. Dr. Ituk is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession.  Dr. Ituk will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

12. Rashme Mueller, MD
   Main OR – Anesthesiologist
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Mueller is a licensed physician to practice medicine in the State of Iowa. Dr. Mueller is a fact and expert witness. Dr. Mueller is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession.  Dr. Mueller will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

13. Merete Ibsen, MD
   Main OR – Anesthesiologist
   University of Iowa Hospitals and Clinics
   200 Hawkins Drive
   Iowa City, IA 52242

Dr. Ibsen is a licensed physician to practice medicine in the State of Iowa. Dr. Ibsen is a fact and expert witness. Dr. Ibsen is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

and experience in the medical profession. Dr. Ibsen will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

14. Robert From, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. From is a licensed physician to practice medicine in the State of Iowa. Dr. From is a fact and expert witness. Dr. From is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. From will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

15. Esperanza Ingersoll-Weng, MD
    Main OR – Anesthesiologist
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Ingersoll-Weng is a licensed physician to practice medicine in the State of Iowa. Dr. Ingersoll-Weng is a fact and expert witness. Dr. Ingersoll-Weng is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Dr. Ingersoll-Weng will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

16. Sara Defurio, ARNP
    Family Medicine
    University of Iowa Hospitals and Clinics
    1765 Lininger Lane
    North Liberty, IA 52317

Ms. Defurio is a licensed nurse practitioner to practice medicine in the State of Iowa. Ms. Defurio is a fact and expert witness. Ms. Defurio is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Defurio will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

17. David Elliott, MD
    Digestive Health Center – Procedure Unit
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

E-FILED 2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

Dr. Elliott is a licensed physician to practice medicine in the State of Iowa. Dr. Elliott is a fact and expert witness. Dr. Elliott is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Elliott will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

18. Cheryl Byrnes, ARNP
    Family Medicine
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Ms. Byrnes is a licensed nurse practitioner to practice medicine in the State of Iowa. Ms. Byrnes is a fact and expert witness. Ms. Byrnes is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Byrnes will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

19. William Xu, MD
    Main OR -- Anesthesiology
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Dr. Xu is a licensed physician to practice medicine in the State of Iowa. Dr. Xu is a fact and expert witness. Dr. Xu is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Xu will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

20. Curtis Long, ARNP
    Psychiatry – Adult and Child Psychology
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Mr. Long is a licensed nurse practitioner to practice medicine in the State of Iowa. Mr. Long is a fact and expert witness. Mr. Long is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Mr. Long will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

21. Terry Hayes, PA-C
    Orthopedics and Rehab – Hand South
    University of Iowa Hospitals and Clinics
    200 Hawkins Drive
    Iowa City, IA 52242

Mr. Hayes is a licensed physician assistant to practice medicine in the State of Iowa. Mr. Hayes is a fact and expert witness. Mr. Hayes is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Mr. Hayes will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

22. Loreen Curley, ARNP
    Neurology Sleep Clinic
    University of Iowa Hospitals and Clinics
    105 E. 9th St.
    Coralville, IA 52241

Ms. Curley is a licensed physician assistant to practice medicine in the State of Iowa. Ms. Curley is a fact and expert witness. Ms. Curley is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Curley will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

23. Rakesh Sondekoppam Vijayashankar, MD
    Main OR – Anesthesiology
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Dr. Vijayashankar is a licensed physician to practice medicine in the State of Iowa. Dr. Vijayashankar is a fact and expert witness. Dr. Vijayashankar is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background and experience in the medical profession. Dr. Vijayashankar will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

24. Madisson Miller, OTR/L
    Rehabilitation Therapies
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 52242

Mr. Miller is a licensed occupational therapist to practice in the State of Iowa. Mr. Miller is a fact and expert witness. Mr. Miller is being designated as an expert due to the fact that some of his testimony at trial may qualify as expert opinions based upon his background

E-FILED  2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

and experience in the medical profession. Mr. Miller will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

25. Jayne Abraham, OTR/L
    Rehabilitation Therapies
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Abraham is a licensed occupational therapist to practice in the State of Iowa. Ms. Abraham is a fact and expert witness. Ms. Abraham is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Abraham will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

26. Lynn Nelson, ARNP
    Surgery Specialty Clinic – Acute Care
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Nelson is a licensed nurse practitioner to practice in the State of Iowa. Ms. Nelson is a fact and expert witness. Ms. Nelson is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Nelson will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

27. Elizabeth Culver, RN
    Wound Ostomy
    University of Iowa Hospitals and Clinics
    200 Hawkins Dr.
    Iowa City, IA 5224

Ms. Culver is a registered nurse licensed to practice in the State of Iowa. Ms. Culver is a fact and expert witness. Ms. Culver is being designated as an expert due to the fact that some of her testimony at trial may qualify as expert opinions based upon her background and experience in the medical profession. Ms. Culver will also testify to the reasonable value of medical billings for treatment from Plaintiff's medical providers.

28. Plaintiff reserves the right to call rebuttal expert witnesses in response to experts named by Defendants, if any. Plaintiff further reserves the right to elicit opinion testimony from any expert witness called by Defendants or identified as an expert in Defendants' discovery responses.

29. Plaintiff reserves the right to amend or supplement this Expert Disclosure to the fullest extent allowed and as additional information becomes available.

E-FILED 2022 JUL 22 11:14 AM JOHNSON - CLERK OF DISTRICT COURT

Respectfully submitted, this 22nd day of July, 2022.

/s/ John G. Daufeldt

John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:    (319) 622-3357
FACSIMILE: (319) 622-3404
ATTORNEYS FOR PLAINTIFF

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
      bkaspar@pbalawfirm.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail   [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ x ] E-Mail    [ ] Other: E-File

on _____ July 22, 2022
Signature _____ /s/ John G. Daufeldt _____

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS' RESISTANCE TO |
| CITY OF CORALVILLE, IOWA, | ) | PLAINTIFF'S SECOND MOTION |
| OFFICER JOSHUA VAN | ) | TO EXTEND DEADLINE FOR |
| BROCKLIN, Individually and in His | ) | EXPERT WITNESS DISCLOSURES |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | **REQUEST FOR EXPEDITED** |
| Subdivision of the CITY OF | ) | **HEARING** |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants for their Resistance to Plaintiff's Second Motion to Extend Deadlines for

Expert Witness Disclosures and **Request for Expedited Hearing** state:

1.      On July 19, 2021, counsel for Plaintiff filed a Trial Scheduling and Discovery

Plan which had been agreed to by Defendants. On July 22, 2021 the Court entered an Order

Setting Trial and Approving Plan. In doing so, the Court adopted the deadlines proposed by

Plaintiff's counsel and agreed to by counsel for Defendants.

2.      To date, Plaintiff has not adhered to any deadline established in the Trial

Scheduling and Discovery Plan.

3.      The first deadline established by the Trial Scheduling and Discovery Plan was the

deadline for Initial Disclosures. That deadline was August 13, 2021. On August 12, 2021,

Defendants served their Initial Disclosures. As shown on EDMS, Defendants' Notice of

E-FILED  2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

Discovery Response relating to service of Initial Disclosures was filed August 12, 2021 at 8:08 a.m.

4.      On August 16, 2021, three days past the deadline, Plaintiff served incomplete Initial Disclosures with no explanation for why they were not provided by the deadline established in the Trial Scheduling and Discovery Plan. Counsel for Defendants emailed Plaintiff's counsel regarding the incomplete nature of Plaintiff's Initial Disclosures. A copy of the email is attached as Exhibit 1.

5.      Nearly one month later and more than a month after the deadline, Plaintiff submitted what was characterized as "Plaintiff's Initial Disclosures First Supplementation." No notice of either filing has ever been made on EDMS as required by the Rules of Civil Procedure.

6.      The next deadline established by the Trial Setting and Discovery Plan was Plaintiff's deadline to identify expert witnesses and provide their reports. That deadline was June 7, 2022. Shortly before the June 7, 2022 deadline, Plaintiff's counsel contacted Defense counsel requesting an extension to July 22, 2022. Counsel for Defendants agreed to the requested extension and on June 7, 2022 the Court entered an order extending Plaintiff's expert deadline to July 22, 2022.

7.      Plaintiff's next deadline was July 7, 2022, the deadline for adding new parties. At 5:51 p.m. on July 7, 2022, Plaintiff filed his Motion to Extend the July 7, 2022 deadline for adding parties. At no time prior to the filing did Plaintiff's counsel contact counsel for Defendants requesting an extension or providing any explanation for why such an extension was needed.

E-FILED 2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

8.      At 9:52 a.m. on July 8, 2022, Defendants filed their Resistance to Plaintiff's Motion to Extend the Deadline to Add New Parties. To date, the Court has not ruled on that Motion.

9.      In response to Plaintiff's repeated failures to adhere to the Court ordered deadlines, Defendants' counsel emailed Plaintiff's counsel on July 13, 2022 reminding him of the July 22, 2022 deadline for disclosing expert witnesses and providing their reports. The email also indicated: "We will vigorously resist any efforts to further extend that deadline." A copy of the email is attached as Exhibit 2.

10.     On either Wednesday, July 20 or Thursday, July 21, 2022, Plaintiff's counsel contacted the undersigned requesting a further extension of the expert deadline. At that time, the request was for an extension to Monday, July 25, 2022. There was no mention of any "family emergency" which would keep Dr. Westrick "from reviewing all case materials earlier and his unexpected immediate commitment to the Boyne City Police Department which precludes him from completing his report this week." Plaintiff's counsel was told Defendants' counsel would not agree

11.     Plaintiff's counsel has known for 45 days the deadline for his expert reports was July 22, 2022. If that deadline was not conveyed to his experts in time for them to avoid other conflicts that is Plaintiff's problem not Defendants. As a professional courtesy which would be extended to any opposing counsel, the initial requested extension of the expert deadline was agreed to by counsel for Defendants. In spite of the fact Plaintiff had failed to timely provide his Initial Disclosures.

12.     A clear pattern of delay on the part of Plaintiff is evident in this case. Defendants have a right to rely on the deadlines established over a year ago. Plaintiff should  not be allowed

E-FILED  2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

to unilaterally extend those deadlines by filing requests for extensions on the day of the deadline. By filing requested extensions on the deadlines established by the Trial Scheduling and Discovery Plan, counsel for Plaintiff is obtaining De Facto extensions without the opportunity for Defendants to resist. This is an abuse of the discovery process and should not be sanctioned by the court.

For the reasons set forth above, Defendants renew their objection to Plaintiff's Motion to Extend the Deadline for Adding Parties and Resist Plaintiff's Second Motion to Extend Deadlines for Expert Witness Disclosures.

## EXPEDITED HEARING REQUESTED

1.      Due to the nature of Plaintiff's pending motions and their creation of unauthorized extensions of previously ordered deadlines, Defendants request an expedited hearing before the court on Plaintiff's First Motion to Extend Deadline to Adding Parties and Second Motion to Extend Deadline for Expert Witness Disclosures.

PICKENS, BARNES & ABERNATHY

By_____*/s/ Terry J. Abernathy*_____
        Terry J. Abernathy AT0000380
        Bradley J. Kaspar AT0012308
        1800 First Avenue NE, Suite 200
        P.O. Box 74170
        Cedar Rapids, IA  52407-4170
        PH:  (319) 366-7621
        FAX: (319) 366-3158
        E-MAIL: tabernathy@pbalawfirm.com
        E-MAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

E-FILED  2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 22nd day of July, 2022, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

| ☐ U.S. Mail | ☐ Facsimile |
| ☐ Hand-Delivery | ☐ Email |
| ☐ Overnight Carrier | ☒ Other-EDMS |

/s/ Diane N. Myhre

E-FILED  2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

**Terry Abernathy**

| | |
|---|---|
| **From:** | Terry Abernathy |
| **Sent:** | Monday, August 16, 2021 11:48 AM |
| **To:** | John Daufeldt |
| **Cc:** | Bradley Kaspar; Melissa Schulte |
| **Subject:** | RE: Trial Scheduling & Discovery Plan  Maser v Coralville & Van Brocklin |

John:

According to the Trial Scheduling and Discovery Plan, which you prepared, Initial Disclosures were due Friday August 13, 2021.  We received your clients incomplete initial disclosures today with no explanation for why they were not timely provided in accordance with the TS&DP.  We do not intend to make an issue about the late filing but that may not be true if future deadlines set out in the TS&DP are not met.

A bigger concern is your failure to include any of the information or documents required by Iowa Rule of Civil Procedure 1.500(1)(b) and all subsections and Rule 1.500(1)(c) and all subsections.  Please let me know when we can expect to receive all information and documents required by those sections.  Thank you.

Terry

Terry J. Abernathy



PICKENS, BARNES & ABERNATHY
1800 First Avenue NE, Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407-4170
Phone (319) 366-7621
Fax (319) 366-3158
Email: tabernathy@pbalawfirm.com

NOTICE: This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–21, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error, then delete it. Thank you.

**From:** John Daufeldt <johnd@jcwagnerlaw.com>
**Sent:** Monday, August 16, 2021 11:15 AM
**To:** Terry Abernathy <TAbernathy@pbalawfirm.com>
**Cc:** Bradley Kaspar <bkaspar@pbalawfirm.com>; Melissa Schulte <melissa@jcwagnerlaw.com>
**Subject:** Re: Trial Scheduling & Discovery Plan Maser v Coralville & Van Brocklin

Terry:

Please see attached Plaintiff's Initial Disclosures:

Exhibit 1

E-FILED  2022 JUL 22 2:03 PM JOHNSON - CLERK OF DISTRICT COURT

**Terry Abernathy**

| | |
|---|---|
| **From:** | Terry Abernathy |
| **Sent:** | Wednesday, July 13, 2022 8:25 AM |
| **To:** | John Daufeldt |
| **Cc:** | Bradley Kaspar |
| **Subject:** | Deadlines |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

John:

As you know we agreed to your requested extension of your deadline to disclose expert witnesses and provide their reports.  That deadline is July 22, 2022.  We will vigorously resist any efforts to further extend that deadline.

Terry

Terry J. Abernathy



**PICKENS, BARNES & ABERNATHY**

1800 First Avenue NE, Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407-4170
Phone (319) 366-7621
Fax (319) 366-3158
Email: tabernathy@pbalawfirm.com





NOTICE: This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–21, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error, then delete it. Thank you.

Exhibit 2

E-FILED 2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY**

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | **No. LACV082548** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S REPLY TO DEFENDANTS' RESISTANCE TO PLAINTIFF'S SECOND MOTION TO EXTEND DEADLINES FOR EXPERT WITNESS DISCLOSURES** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | **(Dr. Aaron Westrick's Report) (Resisted)** |
| **Defendants.** | |

COMES NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submits his Reply to Defendants' Resistance to Plaintiff's Second Motion to Extend Deadlines for Expert Witness Disclosures; and states as follows:

1. That currently and pursuant to the Court's approved Trial Scheduling and Discovery Plan, the deadline for Plaintiff to disclose their expert witness(es) with report(s) is **July 22, 2022**.

2. On **July 22, 2022**, Plaintiff filed his Second Motion to Extend Deadlines for Expert Witness Disclosures (hereinafter "Motion"), specifically for Dr. Westrick's Expert Report.

3. On **July 22, 2022**, Defendants filed their Resistance to Plaintiff's Motion to Extend Deadlines for Expert Witness Disclosures (hereinafter the "Resistance").

4. In their Resistance, Defendants assert that to date, "Plaintiff has not adhered to any deadline established in the Trial Scheduling and Discovery Plan." Resistance, at 1.

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

5.  As evidence of this assertion, Defendants argue that Plaintiff's Initial Disclosures were filed three days past the August 13, 2021, deadline.

6.  Additionally, Defendants argue that Plaintiff's Initial Disclosures were incomplete, and that Plaintiff untimely supplemented his disclosures on September 14, 2021.

7.  While it is true that Plaintiff submitted his Initial Disclosures three days past the deadline and that said Initial Disclosures required supplementation, it is worth noting that the undersigned informed Defendants' counsel of the late filing, and **Defendants' counsel did not take issue with said late filing at the time**.

8.  Additionally, of note is the fact that Defendants' Initial Disclosures were not received at the time Plaintiff sending Initial disclosures because **Defendants submitted their Initial Disclosures by mail**. This action caused delay to this case because of the slow nature of mail, as opposed to electronically sending Initial Disclosures.

9.  Defendants assert that Plaintiff filed his Plaintiff's Initial Disclosures First Supplementation a month past the deadline.

10.  Again, it is worth noting that **Defendants' counsel did not take issue with this at the time**. Defendants' counsel agreed to allow Plaintiff to supplement Initial Disclosures when he did.

11. In addition to providing Initial Disclosures, it is further worth noting that Plaintiff signed a release to allow Defendants to obtain personnel files from Plaintiff's previous employer, showing that Plaintiff has made good faith efforts to comply with Defendants' requests (see "Attachment 1").

12. The deadline for Initial Disclosures is the **only deadline** Plaintiff in any way in question, and Plaintiff only missed said deadline by three days, hardly causing any delay.

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

Defendants' counsel agreed to allow Plaintiff to submit his disclosures and supplementation when he did, and no harm came to Defendants.

13. Defendants argue that Plaintiff has not filed notice of Initial Disclosures on EDMS.

14. While this is true, this was mere oversight on the part of Plaintiff. Plaintiff will electronically file notices if necessary to correct that error.

15. Defendants do note that Plaintiff did file notice of Initial Disclosures, said notice was simply not electronically filed.

16. Lack of electronic filing of such notice did not prejudice Defendants in any way, nor did it delay this case in any way.

17. Defendants next assert that Plaintiff did not adhere to the June 7, 2022 deadline to disclose expert witnesses because Plaintiff's counsel "contacted Defense Counsel requesting an extension to July 22, 2022." Resistance, at 2.

18. Defendants' counsel appears to misunderstand the definition of 'late.' Contacting the Defense "shortly **before** the […] deadline" to request an extension is not noncompliance with said deadline. Resistance, at 2 (emphasis added).

19. Rather, contacting Defendants' counsel before the deadline to request an extension was compliance with the deadline, because said extension request was made before the deadline.

20. Regardless, it is again worth noting that **Defendants' counsel agreed to this extension**.

21. Defendants then attempt to argue that Plaintiff's timely motion for an extension of the deadline to add parties as well as the present motion to extend expert deadlines are

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

noncompliance with those deadlines. Again, however, filing timely requests for extensions is not noncompliance.

22. Defendants further argue that Plaintiff has known for 45 days that expert reports were due July 22, 2022. Defendants seemed to take no issue with a 45-day extension, but for reasons unknown take issue with a five-day extension.

23. Defendants have filed no discovery requests in this case. No motions to compel have been filed. Defendants are simply now grasping at straws to find noncompliance where none exists.

24. Further, according to the expert report of Motti Gabler (*see* "Attachment "1"), there is significant doubt as to whether Defendants have provided the full video depicting the incident this case regards. Gabler's report indicates that the videos Defendants provided may not only have been compressed, but that they also have been clipped. This report will also show that Gabler had all videos in this case in April, but for reasons out of Plaintiff's control, Gabler could not review the materials and prepare a report for this case at that time.

25. Additionally, the undersigned emailed Defense counsel regarding the issues with the videos on **June 29, 2022** (*see* "Attachment 2"). Defense counsel never responded to this email, showing their lack of cooperation in this.

26. Defendants claim that Plaintiff has exhibited a clear pattern of delay in this case, but as described above that clear pattern of delay is actually Defendants'. Plaintiff has cooperated fully in this case and will continue to do so, despite Defendants' lack of cooperation.

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff respectfully requests that the court enter an order extending the deadline *solely* for the expert report authored by Dr. Aaron Westrick, and to and including the date of **July 27, 2022**; and for any other relief the Court deems just and necessary herein.

Respectfully submitted,

_/s/ John C. Wagner_____
John C. Wagner    AT0008238

__/s/ John G. Daufeldt_____
John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE:    (319) 622-3357
FACSIMILE:  (319) 622-3404
ATTORNEYS FOR PLAINTIFF

Original to:
Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
      bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:

[ ] U.S. Mail        [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail           [ x] Other: E-File

on _____ July 25, 2022

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

Signature _____/s/ John C. Wagner_____





Friday, July 22, 2022

John G. Daufeldt
John C. Wagner Law Offices, P.C.
600 39th Avenue, PO Box 262
Amana, IA 52203
Joseph Maser v Coralville Iowa PD, et al.

<h2 style="text-align:center">Evaluation of Evidence</h2>

NCAVF is a nationally recognized forensic digital media lab. NCAVF is trusted by clients all over the world to assess and clarify recorded audio, video, still image, and cell phone evidence. NCAVF creates forensic enhancements of audio and video media to uncover details of a case, analyzes the results of these enhancements, and creates digital media sequences utilizing state-of-the-art computer hardware and software for use in court.

This report has been prepared by Matthew "Motti" Gabler, Forensic Expert of NCAVF. This report was written based on evidence, information, and data available at the time this report was prepared and is subject to revision should additional information or evidence be made available.

## Request

NCAVF was asked to analyze and enhance video evidence pertaining to an officer involved shooting.

## Receipt of Evidence

On 04/11/2022, NCAVF was audio and video files for evaluation via Dropbox:



---

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com
NCAVF.com

Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA  90048
213-973-7811

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

The videos that were enhanced and analyzed were:
"JoshVanBrocklin_202009030955_WFC1043890_67657099.mp4"
"MikeMrstik_202009031010_Car45_80867584(Stream 0).mp4"
"MikeMrstik_202009031010_Car45_80867584(Stream 2).mp4"
"Unknown_202009030958_Car43_86197636.mp4"
"WilliamClarahan_202009031005_WFC1057223_162606809.mp4"

**Analysis**

The video "JoshVanBrocklin_202009030955_WFC1043890_67657099.mp4" is a body-worn camera that appears to be mounted to the chest area of an officer. The video is about 01:13:16 long. The video's resolution is 720x480. It is about 29.97 frames per second (fps). The metadata indicates it has an original recording date/time of 00/00/0000 at 00:00:00. It has a modification date/time 00/00/0000 at 00:00:00. A lack of creation or modification date/time could indicate a modification (edit) of the original video. I also cannot confirm whether or not the resolution of this video is the original recording resolution. It is possible that there is a higher resolution copy of the video in existence. It is also possible that the original video could be longer and this is a trimmed down (shorter) version. The potential trimming of this video is supported by the fact we do not see the officer responding or arriving on scene, or leaving after the shooting.

The video "MikeMrstik_202009031010_Car45_80867584(Stream 0).mp4" is from an MVARS dash-mounted camera. The video is about 00:59:17 long. The video's resolution is 1280x720. It is 30 fps. The metadata indicates it has an original recording date/time of 00/00/0000 at 00:00:00. It has a modification date/time 00/00/0000 at 00:00:00. I also cannot confirm whether or not the resolution of this video is the original recording resolution. It is possible that there is a higher resolution copy of the video in existence. It is also possible that the original video could be longer and this is a trimmed down (shorter) version. The potential trimming of this video is supported by the fact we do not see the vehicle responding or arriving on scene, or leaving after the shooting.

The video "MikeMrstik_202009031010_Car45_80867584(Stream 2).mp4" is from an MVARS dash-mounted camera, also mounted to the same vehicle as the "Mike-Mrstik_202009031010_Car45_80867584(Stream 0).mp4" video. This video is about 00:59:17 long. It has a resolution of 1280x240. It is 29.97 fps. The metadata indicates it has an original recording date/time of 00/00/0000 at 00:00:00. It has a modification date/time 00/00/0000 at 00:00:00. I also cannot confirm whether or not the resolution of this video is the original recording resolution. It is possible that there is a higher resolution copy of the video in existence. It is also possible that the original video could be longer and this is a trimmed down (shorter) version. The potential trimming of this video is supported by the fact we do not see the vehicle responding or arriving on scene, or leaving after the shooting.

The video "Unknown_202009030958_Car43_86197636.mp4" is from an MVARS dash-mounted camera. The video is about 01:09:01 long. It has a resolution of 864x480. It is 29.63 fps.

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com

NCAVF.com

Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA  90048

213-973-7811

E-FILED 2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

The metadata indicates it has an original recording date/time of 00/00/0000 at 00:00:00. It has a modification date/time 00/00/0000 at 00:00:00. I also cannot confirm whether or not the resolution of this video is the original recording resolution. It is possible that there is a higher resolution copy of the video in existence. It is also possible that the original video could be longer and this is a trimmed down (shorter) version. The potential trimming of this video is supported by the fact we do not see the vehicle leaving after the shooting.

The video "WilliamClarahan_202009031005_WFC1057223_162606809.mp4" is a body-worn camera that appears to be mounted to the chest area of an officer. This video is about 01:28:31 long. It has a resolution of 720x480. It is 29.97 fps. The metadata indicates it has an original recording date/time of 00/00/0000 at 00:00:00. It has a modification date/time 00/00/0000 at 00:00:00. I also cannot confirm whether or not the resolution of this video is the original recording resolution. It is possible that there is a higher resolution copy of the video in existence. It is also possible that the original video could be longer and this is a trimmed down (shorter) version. The potential trimming of this video is supported by the fact we do not see the officer responding or arriving on scene, or leaving after the shooting.

A comparison of these five videos indicates a dissimilarity between the MVARS devices used to record the videos and/or the manner in which these videos were created. The two body-worn cameras are both 720x480 resolution and 29.97 fps. The three dash cam videos, however are all different resolutions, and two of them have different frame rates. This supports that they are different cameras, different recording settings, or were edited using different editing parameters or settings. Furthermore, the resolutions of all five of these videos are low as compared to the available MVARS and body-worn cameras available at the time of the shooting. Additionally, the audio from both of these body-worn cameras does not stay in sync with the video.

Using these five videos, we created several enhanced sequences to better see the details of the shooting and what happened in the moments leading up to it. We synced together these five videos into a single composite video so that all five videos can be viewed on one screen. We also zoomed into the MVARS (dash-cam) videos, whose vehicles were parked far from the scene, so that the details of the incident could be more visible. We also adjusted the luminance of the video to brighten the image, which allows the details to be more visible.

Using the enhanced sequences, I analyzed the video for the frames before Mr. Maser exits the garage for the second time, just before the shooting. The purpose of this analysis was to determine whether or not the videos could be used to establish whether or not Mr. Maser raises his right arm or the rifle in the moments preceding the shooting. The extracted frames below show this analysis as Mr. Maser exits the garage.

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com

NCAVF.com

Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA 90048
213-973-7811

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT



This frame, extracted from the enhanced sequence called "Sequence D,  Super Zoom 2500, 1800, Luma.mp4", shows the scene about 1 seconds before Mr. Maser exits the garage. The red arrow indicates a dark area that may be shading from a tree near the left side of the garage. Note that the darkened area runs diagonal across the white-colored border around the garage.



This frame, extracted form the same video, shows the approximate moment that Mr. Maser appears to be emerging from the garage. The arrow indicates a change in the pixels around the border of the garage. This change in the pixels could be shadowing, but is more likely caused by video compression.

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant
Motti@NCAVF.com
NCAVF.com                          Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA  90048
213-973-7811

E-FILED  2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT



As Mr. Maser continues out of the garage and down the driveway, more changes in pixels around the border of the garage become visible.



As Mr. Maser continues moving forward, the changes in the pixels appear to be blending with the darkened area around the border of the garage.

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com

NCAVF.com

Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA  90048
213-973-7811

E-FILED 2022 JUL 25 10:16 AM JOHNSON - CLERK OF DISTRICT COURT

**Conclusions and Opinions**

1. All five of these videos are standard definition, much lower resolution than high definition.
2. At the time of the shooting, high definition video recorders were available for both body-worn cameras and MVARS dash-cameras.
3. It is possible that there are original videos of this incident of a higher resolution than what was provided.
4. It is possible there are longer, unedited videos of this entire incident.
5. The lack of a creation date/time in the metadata is a common indication of editing of some kind.
6. An analysis of the change in pixels as Mr. Maser exits the garage is inconclusive in determining definitively whether or not any forward or upward movement is visible in Mr. Maser's right arm.
7. As the changes in pixels become more apparent, the pixels appear to blend with the dark shadowing around the border of the garage.
8. The changes in pixels are consistent with video compression.

Executed July 22, 2022 at Los Angeles, CA.

Matthew "Motti" Gabler
Forensic Expert
www.NCAVF.com
213.973.7811

Forensic Video Production • Digital Media Enhancement & Analysis • Expert Witness • Surveillance System Consultant

Motti@NCAVF.com

NCAVF.com

Recover. Enhance. Analyze. Prepare. Testify.

6363 Wilshire Boulevard, Suite 115
Los Angeles, CA 90048
213-973-7811

**From:** John Daufeldt <johnd@jcwagnerlaw.com>
**Subject: Re: Maser v. Coralville PD, et al**
**Date:** June 29, 2022 at 3:21:39 PM CDT
**To:** Terry Abernathy <TAbernathy@pbalawfirm.com>

Terry:

Plaintiff's video expert, Motti Gabler of National Center for Audio & Video Forensics (NCAVF) is attempting to provide analysis and the best enhancement of the videos your client provided in Initial Disclosures.  We have some specific questions w/respect to certain videos.  Can your client provide the answers to the following:

There are three videos that show the shooting, all from MVARS (dash camera) systems. They are:

"MikeMrstik_202009031010_Car45_80867584(Stream 0).mp4"

"MikeMrstik_202009031010_Car45_80867584(Stream 2).mp4"

"Unknown_202009030958_Car43_86197636.mp4"

The two Mrstik videos appear to be from two different cameras in the same vehicle, and they are of different resolutions (1280x720 and 1280x240 respectively). The Unknown video has a resolution of 864x480, which is lower than the better Mrstik video. Further, all three videos are of different resolutions from each other.

We would like to know what kind of recording system(s) were being used here, were they different in the vehicles, or all the same? Why are the videos different resolutions? Are there better resolution videos available? Were the resolutions lowered after the fact, or is this how they were recorded?

Let me know.

Thank you.

Dr. Aaron J. Westrick, Ph.D.
Ballistic Armor Research Group, LLC

Initial Expert Opinion in the Matter of Maser v. City of Coralville, et al  Johnson County Case
Number LACV 082548 (Policing Shooting Case)

## I.  Introduction

On Thursday September 3, 2020 at 0942 hours, Coralville officers were dispatched to
2456 Dempster Drive to conduct a welfare check on Joseph Maser, age 47. Maser's
significant other Kimberly Rossiter, age 47 ("Kim"), who was not in the residence
location, nor was anyone else, and who requested the welfare check. Ms. Rossiter
advised 911 that she had received a text message from Mr. Maser indicating he
wanted to kill himself and that he was going to 'shoot himself'. She further indicated
he had several firearms (handguns and long gun) in the garage and that she was
unsure if he was intoxicated (Mr. Masser had most likely been drinking).

Mr. Masser had been distressed (and depressed) having issues at his work place and
his girlfriend Kim was in the process of breaking-up with him. He also had a history
of depression self-medicating with alcohol and being prescribed Zoloft/ Lexapro by a
doctor.

Officers Roehler, Van Brocklin, Mrstik, and Kapfer first responded to the call. While
at the scene, officers were advised that Mr. Maser had never threatened to harm
himself like this before and he was upset because of a pending break-up and work
termination. Dispatch also advised that Mr. Maser had accidently shot a hole in the
ceiling. At approximately 0959 officers (outside) reported they heard two shots
coming from inside the residence.

At approximately 10:00, Lieutenant Summers responded to the scene area setting
up a command post at the Youth Sports Complex that is close-by. Lt. Summers
designated Officer Kapfer to respond to the Sports Complex. Officer Kapfer was the
designated by Lt. Summers as the negotiator and was instructed to make (cell)
phone contact with Mr. Maser. Lt. Summers also notified dispatch that Kim should
report to the command post area to meet with Lt. Summers. Officers had set-up a
perimeter of the Maser residence.

After numerous phone contacts (and hang-ups by Mr. Maser) it became evident
through dialog that Mr. Maser was becoming more agitated and hostile with the
police action and being told to exit the home (empty hands/ unarmed). Through the
dialog, it was evident that this situation was a suicide or potential "suicide by cop"

1

was developing.  The Kapfer report states, "The tone in his voice sounded as though he was threatening officers. I informed Lt. Summers I did believe the situation was going well. She said to not have him come out at all" (Kapfer report page 2). This was not a hostage situation it was a suicidal barricade. Lieutenant Summers advised Officer Kapfer (negotiator) to convince Mr. Maser to, 'not come outside'.

Negotiations between Officer Kapfer and Mr. Maser continued with the negotiator insistence that Mr. Maser come out of the house, despite the Lt.s Summer's order. Officer Kapfer, still insistent that Mr. Maser exit the home, then utilized Kim and her cell phone to text Mr. Maser that he exit the home and be taken into protective custody at that time.

A highly agitated and depressed Mr. Maser did exit his home first from the front door first (~1058) then went back inside. Then after closing and opening the garage doors at the top of the driveway Mr. Maser advised Officer Kapfer he was ready to go and he stepped out, the first time stepping back into the garage. He then exited the garage a second time quickly, officers indicate he was armed with a rife in his right hand; officers can be heard giving commands. Mr. Maser was shot twice by Officer Van Brocklin (trained sniper) with his AR 15 type patrol rifle from a prone position across the street. Mr. Maser was critically injured (shot twice) he was handcuffed, given aid and transported to the hospital.

On September 8th 2020, Mr. Maser was charged (warrant) with Assault While Displaying a Firearm –Toward Police- (to wit: a firearm toward him/ her in a threatening manner).

On October 9th 2020, the Assault While Displaying a Firearm Charge was dismissed with prejudice by the Johnson County Attorney Ms. Janet Lyness for "insufficient evidence to convict".

## II.    Professional Background

I am a Director of Research, Executive Consultant, Professor, and Law Enforcement Officer with 35 years of applicable experience in policing and armor systems marketing, research and applications.  I have served in many capacities (in business, academics, and public safety) including manager, supervisor, assault team member, negotiator, major case detective, and instructor. I am a highly decorated police officer.  Early in my career, I became a Survivor when my body armor stopped a .357 magnum bullet over my heart, which was fired by a paroled robber.

As to my education, I earned a Bachelor of Arts degree in Social Science and Criminal Justice from Michigan State University, a Master of Science degree in

2

Criminal Justice and a Doctorate of Philosophy degree in Sociology (Studying Police Shootings on Body Armor) from Wayne State University.

Currently, I am an Associate Professor at Lake Superior State University, I have taught at numerous universities, colleges, academies and organizations such as the International Association Chiefs' of Police. In these environments, I have taught many advanced seminars regarding force issues, ethics and crisis management. I have also served as the Director of the Institute for Public Safety and Homeland Security Technologies at Lake Superior State University and I am a notable armor systems and use-of-force consultant. As an active law enforcement officer since 1981 I have served as a supervisor of patrol, corrections and an Emergency Response Team and have been certified as a negotiator, assault team member, crisis intervention specialist, and firearms instructor.

Industry has called upon my expertise where I have participated in numerous defense contracts regarding the research and development of armor and non-lethal weapons systems. I have held Vice President and Directorship positions in private businesses. Currently, I am the Principal in the Ballistic Armor Research Group, LLC. My consulting activities have called upon me to examined and assist in the marketing of various law enforcement and military defense systems. In addition, I am an active member in the Fraternal Order of Police, National Association of Police Organizations, International Association of Chiefs of Police, International Law Enforcement Educators and Trainers Association, and the Academy of Criminal Justice Science.

I have published numerous articles regarding police action, violence, and ballistics/body armor applications including being a columnist for recognized police/ corrections journals. In 2018 I completed a book entitled the <u>Use of Force Investigations, Second Edition</u>.

In court, I have been recognized as an expert concerning lightweight armor, use-of-force, law enforcement policy, and ballistics/armor. Furthermore, credited with creating the study of Police Phenomenology.

Consult Costs:  $2500.00 Retainer
       o  $250.00 per hour Office Hours.
       o  $3000.00 per court day (+3.0 hours or more including travel hours).
         ▪  GSA schedule travel costs
       o  Video Conference processes ½ increments $1500.00.

Attached is my current C.V. and list of cases that I have in which I have testified.

## III. Materials Reviewed and Relied Upon

**Case materials provided and Reviewed (Case flash disk provided by plaintiff attorney)**

Audit Logs, scaled drawing, and Evidence Record Sheets from 09/03/20 incident.

Criminal Charging documents including Dismissal with Prejudice by State for lack of evidence.

Iowa Division of Criminal Investigation Report (DCI File)

National Center for Audio & Forensics. Evaluation of Evidence Report July 22, 2022.

Photographs of Injuries

Police Reports (multiple agencies) pertaining to incident.

Video (Body Cam.) and Audio Files from officers at the scene.

Interviews:

> Officer Van Brocklin
>
> Officer Clarahan
>
> Officer Kapfer
>
> Lieutenant Summers

**Reference Materials**

Daigle, Villegas, and McMahon. (2018) De-Escalation What Does this Mean: Use of Force Legal Standards and Tactics. *International Association Chiefs of Police Orlando, FL Conference, Oct. 2018.*

Fridell, L. (2015) Use-of-Force Policy, Policy Enforcement, and Training. *Critical Issues in Policing Seventh Edition.* Long Grove, IL: Waveland.

Fyfe, J. (1986). The Split Second Syndrome and Other Determinants of Police Violence. *Critical Issues in Policing Seventh Edition.* Long Grove, IL: Waveland.

Incident Command System. (2009) *ICS Incident Management Characteristics.* Published in Pocket Partner Manuel. Sequoia Publishing, Inc. Littleton CO, USA.

International Association Chiefs of Police. (Updated May 2020) *Response to Barricaded Individuals.* Washington, DC: IACP Law Enforcement Policy Center.

4

International Association Chiefs of Police. (2006) *Protecting Civil Rights: A Leadership Guide for State, Local, and Tribal Law Enforcement.* Washington, DC: DOJ COPS program.

National Tactical Officers Association. (Updated 2018) *Tactical Response and Operations Standards for Law Enforcement.* NTOA Pub.

Noble, J. & Alpert, G. (2015) State Created Danger: Should Police Officers be Accountable for Reckless Tactical Decision Making? *Critical Issues in Policing Seventh Edition.* Long Grove, IL: Waveland.

Jennings, W. & Hudak, E. (2015) Police Response to Persons with Mental Illness. *Critical Issues in Policing Seventh Edition.* Long Grove, IL: Waveland.

Westrick, A. J., (2018). *Use of Force Investigation Second Edition.* Sault Ste. Marie, ON: Landon Elsemere Press.

### Legal Cases

Graham v. Conner, 490 U. S. 386 (1989).

Hayes v. County of San Diego, 9th Cir. (2011).

Tennessee v. Garner, 471 U. S. 1 (1985).

## IV.    Summary of Initial Opinions and Reasoning

The initial police response to this incident given the information they had was proper and sufficient. The establishment of contact with Mr. Maser, perimeter establishment, setting of Incident Commander and Command Center and initial communication with Mr. Maser was appropriate *based upon my experience and education.*

Best practice and accepted policy regarding Barricaded Suicidal Subjects, however were not followed during this incident particularly in relation to use of time and the negotiators insistence that Mr. Maser exit the house. Total time lapse of this incident was approximately 70 minutes from report to shooting. Proper use of time

is a primary strategy/ tactic in negotiations with Suicidal Barricaded subjects. The average negotiation time of a lone-barricaded subject is approximately 6 hours.

*The International Association of Chiefs of Police is the most recognized police management organization in the world. The National Tactical Officers Association is the accepted and recognized authority on Special Response Team actions. Basic principles regarding negotiating with Suicidal Barricades were not followed (IACP, 2020; NTOA, 2018). The tactical conduct and decisions preceding an officer's use of deadly force are relevant considerations in the determining whether the use of deadly force gives rise to negligence liability (Diagle et. al 2018; Hayes and other cases).*

Basic Incident Command procedures were not followed regarding the Incident Commander Lt. Summers, Officer Kapfer (Negotiator) and the partial deployment of the Johnson County Sheriffs Special Response Team. Officer Kapfer and Lt. Summers both mention in their reports that Officer Kapfer was instructed by the Incident Commander Lt. Summers to convince Mr. Maser to NOT come out/ exit the home. Failure to follow Suicidal Barricade, De-escalation, and Incident Command, strategies and tactics led to a "state created danger" (shooting) that should have and could have been avoided. Such failures constitute negligence.

*Break in chain of command and unity of command principles that are the accepted policy and practice of the established Incident Command System (and Crisis Intervention) adopted throughout the world (Incident Command, 2009; Westrick, 2018). Poor tactics, judgements based on limited information or insufficient time, and mistakes can lead to a 'state created danger' in this case bringing on a police shooting that should have been avoided (Noble & Alpert, 2015).*

Officers failed to recognize a Mentally Disturbed (and/ or Person in Crisis) subject with the information at the scene and to practice through negotiation De-escalation Tactics.

*As this incident entered into its approximate 15 minute mark officers have recognized (with the information given) they were dealing with a mentally disturbed suicidal subject that could try to commit 'Suicide by Cop' and despite having this information did not practice de-escalation techniques/ tactics that are commonly accepted (Westrick, 2018; Diagle, 2018; Jennings et al. 2015).*

6

E-FILED  2022 JUL 27 12:11 PM JOHNSON - CLERK OF DISTRICT COURT

The police use-of-force against Mr. Maser was excessive based upon a reasonable officer(s) perspective. Mr. Maser "offense" was that he was depressed and suicidal (the actual charge was dismissed for lack of evidence), he was a threat to no one but himself, and he was not resisting arrest or threatening to flee. It was very evident that he was suicidal and may try to commit Suicide by Cop. After being coerced out of the home, being put into a further agitated state by the negotiator, then shot two times, as he stood at the foot of his garage by a "trained sniper". If he had the rifle in his possession (right hand), it is not clear he could or did aim it at anything. The police in the incident were grossly negligent in their strategy and tactics. The use-of-force was excessive given the totality of the situation. The Split Second Decision that was made by Officer Van Brocklin should have and could have been avoided.

*In Graham v. Conner, the US Supreme Court used the definitive term Split Second Decisions in the ruling that included the element of Unnecessary and Extra-Legal Force with the elements of severity of the crime, threat to immediate safety, resisting arrest, and risk of flight. The professor that in 1986 wrote about the term 'Split Second Decisions' was Dr. Fyfe, one of the most noted Criminal Justice Scholars. In concluding the article The Split Second Syndrome and Other Determinants of Police Violence, he notes that avoiding split second decisions should (if possible) be avoided through tactics and concealment (Fyfe, 1986; Graham v. Conner, 1989).*

In review of the National Center for Audio and Forensics report, and provided videos, it is not evident that Mr. Maser had a rifle in his possession. If in fact he did, it is believed the rifle was in his right hand and it is not at all evident that he did or could aim it at officer(s) (NCAF Report, 2022).

In summary, it is my opinion that the police-shooting incident was avoidable if proper accepted law enforcement policy, best practice, strategy, and tactics were deployed. The shooting of Mr. Maser was avoidable through sound accepted strategies and tactics. Some split second decisions can be avoided through by utilizing good strategies and tactics. In this case, poor decision-making led to excessive force being used upon Mr. Maser who was shot twice and critically

injured. The officers' actions in the totality of the circumstance/ incident were grossly negligence.

## V.    Conclusions

As of this date, I have not been able to get to the scene and to request interviews with involved persons.

The opinions in this initial report are dependent on the documents and evidence that I have viewed up to this time. With further information, this initial opinion may be subject to supplementation.

This initial opinion report was constructed without the involved officers Personnel Records (use-of-force, training, citations, and discipline). The involved Departments policies, guidelines and general orders were also not provided. Based upon the NCAF report, it is also likely the complete and unedited videos have not been provided.

Respectfully Submitted,

07/27/2022

Aaron J. Westrick, Ph.D.
Ballistic Armor Research Group, LLC
Lake Superior State University

8

E-FILED 2022 JUL 27 2:11 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

|  |  |  |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S MOTION TO |
| CITY OF CORALVILLE, IOWA, | ) | EXCLUDE PLAINTIFF'S EXPERT |
| OFFICER JOSHUA VAN | ) | AARON J. WESTRICK |
| BROCKLIN, Individually and in His | ) | |
| Official Capacity as an Agent and/or | ) | |
| Employee of the City of Coralville | ) | |
| Police Department, a Governmental | ) | |
| Subdivision of the CITY OF | ) | |
| CORALVILLE, IOWA, and AS-YET | ) | |
| UNKNOWN CORALVILLE POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | | |

Defendants for their Motion to Exclude Plaintiff's Expert Aaron J. Westrick, state:

1.     The Trial Scheduling and Discovery Plan filed in this case was created by counsel for Plaintiff. It was agreed to by counsel for Defendants and approved by the Court on July 22, 2021.

2.     Plaintiff's Trial Scheduling and Discovery Plan (TS&DP) established June 7, 2022 as the deadline for Plaintiff to identify expert witnesses and provide their reports. As indicated from the dates, Plaintiff had almost a year after entry of the TS&DP to identify experts and provide their reports in a timely manner.

3.     Shortly before June 7, 2022, the due date for Plaintiff to identify expert witnesses and provide their reports, Plaintiff's counsel contacted defense counsel requesting an extension to July 22, 2022. Counsel for Defendants agreed to the requested extension. On June 7, 2022, the Court entered an Order extending Plaintiff's expert deadline to July 22, 2022.

E-FILED 2022 JUL 27 2:11 PM JOHNSON - CLERK OF DISTRICT COURT

4.      On July 13, 2022, Defendants' counsel notified Plaintiff's counsel by email that any efforts to further extend the expert deadline would be vigorously resisted.

5.      On Wednesday, July 20 or Thursday, July 21, 2022, Plaintiff's counsel contacted counsel for Defendants requesting a further extension of the expert deadline. No reason was given for the requested extension other than one of Plaintiff's experts needed more time to complete his report.

6.      Based upon the July 22, 2022 extended deadline for Plaintiff to identify expert witnesses and provide their reports, Plaintiff had a full year to contact experts and meet the extended deadline. Instead, on July 22, 2022, the extended deadline for Plaintiff's designation of expert witnesses and providing their report, Plaintiff filed a Second Motion to Extend the Expert Deadline. In Plaintiff's Second Motion to Extend the Expert Deadline, for the first time, a claim was made that either "a family emergency" or an "unexpected immediate commitment to the Boyne City Police Department" prevented Plaintiff's expert from meeting the July 22, 2022 deadline.

7.      As indicated in Defendant's Resistance to Plaintiff's Second Motion to Extend Deadline for Expert Witness Disclosures, a clear pattern of delay on the part of Plaintiff is evident in this case. Plaintiff waits until the deadline established by the TS&DP and then files a Motion for Extension. The result is Plaintiff intends to and in fact obtains a de facto extension of the deadline without the opportunity for Defendants to resist. Plaintiff is abusing the discovery process and the Court should not sanction such conduct.

8.      Plaintiff had, at a minimum, one year to identify expert witnesses and provide their reports in a timely manner. Plaintiff's failure to do so should preclude the Court from allowing Aaron J. Westrick to serve as an expert witness in this case.

E-FILED 2022 JUL 27 2:11 PM JOHNSON - CLERK OF DISTRICT COURT

For the reasons set forth above, Defendants request the Court enter an order excluding Aaron J. Westrick as a witness in the instant case.


PICKENS, BARNES & ABERNATHY


By    /s/Terry J. Abernathy      
      Terry J. Abernathy AT0000380
      Bradley J. Kaspar AT0012308
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA 52407-4170
      PH: (319) 366-7621
      FAX: (319) 366-3158
      E-MAIL: tabernathy@pbalawfirm.com
      E-MAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS


Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 27th day of July, 2022, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings. Service was made by:

☐ U.S. Mail      ☐ Facsimile
☐ Hand-Delivery      ☐ Email
☐ Overnight Carrier      ☒ Other-EDMS


      /s/ Christina Updegraff      

E-FILED          LACV082548 - 2022 JUL 28 10:29 AM          JOHNSON
                        CLERK OF DISTRICT COURT                       Page 1 of 4

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| Joseph George Maser, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. LACV082548 |
| vs. | ) | |
| | ) | **RULING** |
| City of Coralville, Iowa, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

On this date, Plaintiff's July 7, 2022 First Motion to Extend Deadline for Adding Parties and July 22, 2022 Second Motion to Extend Deadlines for Expert Witness Disclosures (Dr. Aaron Westrick's Report) came before the undersigned for review. The Court finds a hearing on the Motions is unnecessary, and Defendants' July 22, 2022 request for an expedited hearing is denied. Having considered the file, relevant case law, and written arguments of counsel, the Court hereby enters the following ruling.

Plaintiff filed a Petition at Law and Jury Demand on May 18, 2021, stating claims against Defendants for assault and battery, negligence, intentional infliction of emotional distress, and for punitive damages. Defendants have denied Plaintiff's claims. A jury trial is scheduled to take place before the undersigned on January 3, 2023.

On July 7, 2022, Plaintiff filed a First Motion to Extend Deadline for Adding Parties. Plaintiff notes that the current deadline for adding new parties is July 7, 2022, and the Court previously has granted Plaintiff until July 22, 2022 to provide expert witness disclosures. Plaintiff believes that his expert on police conduct and tactics will, in addition to providing a report by July 22, 2022, also consult with counsel as to any additional law enforcement officers who could be specifically named and added as Defendants to this case. Plaintiff seeks an extension to July 29, 2022 to add new parties to this action.

Defendants resist the Motion, arguing that while they consented to an extension of the expert witness deadline to July 22, 2022, they did not agree to or contemplate the extended expert witness deadline would be used as a precursor for a request to extend the deadline to add new parties. Defendants claim Plaintiff has had more than sufficient time to identify the appropriate parties for this action, and his attempt to add as many individual Defendants as "could be" identified by his expert is not justifiable.

Plaintiff replies that there is nothing improper about the order in which he requested his extensions, and he simply is making an effort to name all Defendants without adding potential Defendants prematurely. Plaintiff asserts Defendants have not provided any argument as to how they would be prejudiced if the Court grants the Motion.

The Court has considered the positions of the parties, and concludes that Plaintiff's Motion should be and is granted. The extension sought by Plaintiff is a short one, and if Plaintiff ultimately does name additional law enforcement officers as parties, it seems that Defendants

E-FILED                LACV082548 - 2022 JUL 28 10:29 AM    JOHNSON
                        CLERK OF DISTRICT COURT                      Page 2 of 4

would be aware of the existence of these individuals, as they presumably would work for the Defendant municipality.  While it is clear that there was no agreement between the parties that an extension of the expert witness deadline to July 22, 2022 would serve as a basis for a new deadline for adding parties, the Court agrees with Plaintiff that Defendants will not be prejudiced by such a short extension of the deadline.  Therefore, Plaintiff is granted to and including July 29, 2022 to add new parties.  The parties are informed that the Court is very unlikely to grant any further extension of the new party deadline, absent a showing of extraordinary circumstances.

On July 22, 2022, Plaintiff filed a Second Motion to Extend Deadlines for Expert Witness Disclosures (Dr. Aaron Westrick's Report).  Plaintiff seeks an extension of five days for Dr. Westrick to provide his expert report, to July 27, 2022, due to a family emergency that has delayed Dr. Westrick's report production.  Plaintiff contends the proposed five day extension is not unreasonable, and while Plaintiff would be prejudiced if he cannot disclose his experts and their reports, Defendants cannot show prejudice as a result of such a short extension.  In support of the Motion, Plaintiff has submitted his designation of expert witnesses.

Defendants resist the Motion, asserting Plaintiff has not adhered to any deadline in the Trial Scheduling and Discovery Plan, and there is a clear pattern of delay on the part of Plaintiff.  Defendants argue that, by filing requested extensions on the deadlines established by the Trial Scheduling and Discovery Plan, Plaintiff is obtaining de facto extensions without the opportunity for Defendants to resist, which should not be condoned by the Court.  In support of the Resistance, Defendants have submitted Exhibit 1, which is an August 16, 2021 email between counsel, and Exhibit 2, which is a July 13, 2022 email between counsel.

Plaintiff filed a Reply on July 25, 2022, arguing that Defendants' counsel has not previously objected to any late disclosures made by Plaintiffs (aside from those at issue in this Ruling), and some of the delay in Plaintiff's disclosures has stemmed from Defendants' actions.  Plaintiff points to its expert Motti Gabler's report finding there is significant doubt as to whether Defendants have provided the full video depicting the incident at issue in this action, and when Plaintiff contacted Defendants about this issue, their counsel never responded.  Plaintiff claims there has been a lack of cooperation by Defendants.  In support of the Reply, Plaintiff has submitted a June 29, 2022 email between counsel, and the Gabler report.

The Court has considered the positions of the parties, and concludes that Plaintiff's Motion should be and is granted.  Plaintiff has already provided the Gabler report to Defendants, and the short extension sought with regard to Dr. Westrick's report appears to stem from circumstances in Dr. Westrick's life that have led to a delay in producing the report, not from any dilatory action by Plaintiff.  The proposed extension is a short one, and the Court agrees with Plaintiff that Defendant will not be prejudiced if the short extension is granted.  While Plaintiff admits to late compliance with the deadlines in this action, the Court is not persuaded that there is a pattern of behavior that necessitates denial of the pending Motion.  Again, the late production of Dr. Westrick's report appears to be due to circumstances in his personal life, and Plaintiff should not be prohibited from utilizing his expert report due to circumstances beyond Plaintiff's control.  Therefore, Plaintiff is granted to and including July 27, 2022 to produce the expert report of Dr. Aaron Westrick.  The parties are informed that the Court is very unlikely to

E-FILED          LACV082548 - 2022 JUL 28 10:29 AM          JOHNSON
                 CLERK OF DISTRICT COURT                    Page 3 of 4

grant any further extension to Plaintiff for production of reports of his expert witnesses, absent a showing of extraordinary circumstances.

IT IS SO ORDERED.

Clerk to notify.

E-FILED                    LACV082548 - 2022 JUL 28 10:29 AM              JOHNSON
                           CLERK OF DISTRICT COURT                        Page 4 of 4



State of Iowa Courts

**Case Number**        **Case Title**
LACV082548             MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**              Other Order

So Ordered

_____

Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2022-07-28 10:29:29

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JOSEPH GEORGE MASER, | No. LACV082548 |
| **Plaintiff,** | |
| **vs.** | **AMENDED PETITION AT LAW AND JURY DEMAND** |
| CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, OFFICER CHRISTOPHER KAPFER, OFFICER DEB SUMMERS, OFFICER BILL CLARAHAN, all Individually and in Their Official Capacity as Agents and/or Employees of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS, | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through his attorneys at law, John C. Wagner and John G. Daufeldt; and for his Amended Petition at Law and Jury Demand states to the Court as follows:

### PREAMBLE

1.     At all times material hereto, Plaintiff Joseph George Maser was an adult resident of Johnson County, Iowa (hereinafter, "Joseph" or "Plaintiff").

2.     At all times material hereto, Defendant City of Coralville is an Iowa municipal corporation located at Coralville City Hall, 1512 7th Street, Coralville, Johnson County, Iowa and which maintains a police department, the City of Coralville Police Department.

3.     At all times material hereto, Defendant Officer Joshua Van Brocklin is a duly appointed and acting police officer employed with the City of Coralville Police

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, Officer Van Brocklin").

4.      At all times material hereto, Defendant Officer Christopher Kapfer is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Kapfer").

5.      At all times material hereto, Defendant Officer/Lieutenant Deb Summers is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto she was acting in her official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Lieutenant Summers").

6.      At all times material hereto, Defendant Officer Bill Clarahan is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Clarahan").

7.      At all times material hereto, Defendants As-Yet Unknown Coralville Police Officers are duly appointed and acting police officers employed with the City of Coralville Police Department and at all times material hereto they were acting in their official capacity as agents and employees of the City of Coralville Police Department and were acting under color of law.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

8.     On or about September 3, 2020 and at or about 9:42 a.m., Coralville Police Department dispatch received a call from Joseph's significant other, Kimberley Rossiter, who was concerned for the welfare of Joseph due to his intoxication and potential suicidal thoughts he had expressed to her.

9.     On or about September 3, 2020 and at or about 9:43 a.m., Ms. Rossiter requested a "welfare check" to 2456 Dempster Dr., Coralville, Iowa, the location of her home and where Joseph was located (hereinafter, the "2456 Dempster Dr. Residence"). She informed dispatch that Joseph had firearms in his possession and she also informed dispatch that no other parties were in the 2456 Dempster Dr. Residence.

10.     On or about September 3, 2020 and at or about 10:00 a.m., City of Coralville Police Department officers arrived at the 2456 Dempster Dr. Residence and closed the north entrance to Dempster Drive.

11.     On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers responded to the scene area and set up a command post at the Youth Sports Complex.

12.     On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers designated Officer Kapfer to respond to the Sports Complex and designated him as the negotiator with instructions to make cell phone contact with Joseph.

13.     On or about September 3, 2020 and at or about 10:00 a.m., a City of Coralville Police Department officer called Ms. Rossiter and requested she head towards the 2456 Dempster Dr. Residence and come to the green maintenance shed located at the Coralville Youth Sports Park located directly behind her residence, to which she complied with said request.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

14.    On or about September 3, 2020, and at or about 10:15 a.m., Ms. Rossiter arrived at the green maintenance shed directly behind the 2456 Dempster Dr. Residence and she was "shocked" at the scene she witnessed outside her home, as multiple Coralville Police Department vehicles were stationed in the street; multiple law enforcement officers were located on or about the residence; fire emergency vehicles had been called; and, in general, the scene was chaotic and very disturbing to Ms. Rossiter as her reason for requesting aid from the City of Coralville Police Department was to conduct a welfare check on Joseph, not accelerate the tension and significantly increase his stress.

15.    On or about September 3, 2020, and at or about 10:17 a.m., Officer Kapfer as "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head.

16.    On or about September 3, 2020 and at or about 10:20 a.m., Joseph walked out of the 2456 Dempster Dr. Residence unarmed and onto the deck of the house. He then walked back into the residence.

17.    On or about September 3, 2020, and at or about 10:30 a.m., Officer Kapfer as "negotiator" requested Ms. Rossiter's cell phone, she complied, and the negotiator commenced texting Joseph pretending to be Ms. Rossiter.

18.    On or about September 3, 2020, and at or about other times after 10:30 a.m., Joseph would similarly exit the house and then subsequently reenter the house due to his apprehension created by the significant police presence.

19.    On or about September 3, 2020 and after numerous cell phone contacts and hang-ups by Joseph, it was evident through the dialogue that Joseph was

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

becoming more agitated and hostile with the police action and being told to exit the home empty handed and unarmed; and through the dialogue it was evident the developing situation was a suicide or potential "suicide by cop."

20.    On or about September 3, 2020, and at or about other times after 10:30 a.m., Lieutenant Summers ordered Officer Kapfer as "negotiator" to not have Joseph come out of the 2456 Dempster Dr. Residence.

21.    On or about September 3, 2020, and at or about other times after 10:30 a.m., Officer Kapfer as "negotiator" continued to insist Joseph come out of the house, despite Lieutenant Summers' order to the contrary.

22.    On or about September 3, 2020 and at or about 11:04 a.m., the garage door to the 2456 Dempster Dr. Residence opened revealing Joseph standing within the garage holding a firearm in his right hand.  Ms. Rossiter heard radio communications stating words to the effect of: "he's got a gun; he's got a gun!"

23.    On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage and Joseph was shot by Officer Van Brocklin, once in the left upper arm and once in the left rib cage.

24.    On or about September 3, 2020 and at or about 11:04 a.m., and after being shot twice, Joseph immediately fell to the floor of the garage.  Emergency medical personal then rendered aid to Joseph and he was taken via ambulance to University of Iowa Hospitals and Clinics Trauma Center (hereinafter "UIHC") for critical medical care.

25.    On or about September 3, 2020, at or about 11:08 a.m. to 11:14 a.m., the City of Coralville Police Department officers entered the 2456 Dempster Dr. Residence and confirmed that no other individuals had been or were in the home.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

26.    On or about September 3, 2020, Joseph underwent emergency surgery at UIHC for his life-threatening wounds, lasting approximately 10 hours, and required Joseph receiving 26 units of blood.  His left arm was left "dead" for 8 hours while surgeons attended to Joseph's life threatening (life over limb) injuries.  As a result of the life-threatening wounds, Joseph also incurred infections necessitating additional medical care and several surgical interventions.  Joseph spent several weeks in critical condition in the Intensive Care Unit at UIHC.

27.    Upon information and belief, Joseph remained at UIHC from approximately September 3, 2020 to October 19, 2020, at which time he was discharged from UIHC to rehabilitation at Mercy Hospital Coralville until October 25, 2020.

28.    On or about September 8, 2020, a Complaint and Affidavit was filed by the State of Iowa through the City of Coralville Police Department, initiating Johnson County Case No. AGCR127114, alleging Joseph had committed the crime of Assault while Displaying a Dangerous Weapon (the "Criminal Complaint").  The Criminal Complaint specifically alleged that Joseph "assault[ed] police officers by using or displaying a dangerous weapon, to wit: a firearm, toward him/her in a threatening manner."  A warrant for Joseph's arrest was also requested.

29.    On or about September 9, 2020, the Iowa Department of Criminal Investigations (the "DCI") commenced its investigation of Officer Van Brocklin shooting Joseph and in conjunction with that investigation, DCI investigators interviewed Officer Van Brocklin.

30.    Upon information and belief, the DCI investigation of the shooting has

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

concluded and the investigative facts have been provided to Johnson County Attorney,

Janet Lyness, for her review.  To date, no report from the Johnson County Attorney's

Office has been released.

31.    Upon information and belief, Officer Van Brocklin was placed on

administrative leave pending a report from the Johnson County Attorney's Office.

32.    Upon information and belief, Officer Van Brocklin has returned to

duty despite the absence of a report from the Johnson County Attorney's Office.

33.    On or about October 9, 2020, the Johnson County Attorney, Janet Lyness,

filed a Motion to Dismiss and Recall Warrant seeking a dismissal of the Criminal

Complaint.  The basis for the dismissal was a lack of evidence to support the charge

that Joseph displayed at law enforcement a dangerous weapon in a threatening

manner.

34.    On or about October 9, 2020, the Court entered an Order of Dismissal and

Recall of Warrant, dismissing with prejudice the alleged charge set forth in the Criminal

Complaint based upon the reasons stated in the Motion to Dismiss and Recall Warrant.

35.    Subsequently, and as a result of his life-threatening wounds, Joseph

continues to have ongoing significant nerve damage to his left arm.

36.    Subsequently, and as a result of his life-threatening wounds, Joseph

continues to experience severe emotional distress.

37.    On or about March 10, 2021, counsel for Joseph submitted an "Open

Records Request" to DCI seeking a copy of police bodycam or on-board vehicle video

concerning the September 3, 2020 shooting.  To date, DCI has refused to provide

Joseph any information regarding the incident.

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

38.    On or about March 22, 2021, counsel for Joseph submitted an "Open Records Request" to the City of Coralville Police Department seeking a copy of police bodycam or on-board vehicle video concerning the September 3, 2020 shooting.

39.    On or about April 26, 2021, Ms. Rossiter submitted a letter to the Johnson County Attorney requesting information pursuant to the Open Records Act regarding the September 3, 2020 shooting. Said letter has gone unanswered.

40.    That Joseph's damages as set forth in this Petition are above the jurisdictional minimum.

**COUNT I – ASSAULT AND BATTERY**
**(As to Defendant Officer Van Brocklin)**

41.    Plaintiff realleges and repleads paragraphs 1 through 40 of this Petition as though fully set forth herein.

42.    That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin did commit an assault and battery upon the Plaintiff by one or all of the following:

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

    (e) intentionally and/or maliciously and/or unlawfully discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

    (f) otherwise committed assault and battery as the facts may reveal.

43.    That the above assault and battery was a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

44.    That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

45.    That the acts of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT II – ASSAULT AND BATTERY
**(As to Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville, and As-Yet Unknown Coralville Police Officers)**

46.    Plaintiff realleges and repleads paragraphs 1 through 45 of this Petition as though fully set forth herein.

47.    That on or about September 3, 2020 and at all times material hereto,

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville,

and Defendants As-Yet Unknown City of Coralville Police Officers did commit an assault

and battery, jointly and severally, upon the Plaintiff by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

(e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(i) otherwise negligent as the facts may reveal.

48.    That the above assault and battery was or were a proximate cause of the

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Plaintiff's injuries and damages as set forth in this Petition.

49.     That as a result of the above assault and battery, Plaintiff sustained

serious, painful, and permanent injuries, disability, and disfigurement; and has and will

continue to incur pain, suffering, and mental anguish; has and will incur medical

expenses; and has and will incur a loss of earnings.

50.     That the acts of Defendants Officer Kapfer, Lieutenant Summers, Officer

Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville Police

Officers Defendants As-Yet Unknown Coralville Police Officers were willful, wanton, and

reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this

Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers,

Officer Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville

Police, jointly and severally, for actual damages as would reasonably compensate

Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum

legal rate, the costs of this action as may be allowed by law, and any other relief which

this Court deems just and equitable.

**COUNT III – NEGLIGENCE**
**(As to Defendant Officer Van Brocklin)**

51.     Plaintiff realleges and repleads paragraphs 1 through 50 of this Petition as

though fully set forth herein.

52.     That on or about September 3, 2020 and at all times material hereto,

Defendant Officer Van Brocklin had a duty to conform to a standard of conduct for the

protection of others.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

53.     That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin failed to conform to that standard and was negligent by one or all of the following:

> (a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or
>
> (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or
>
> (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or
>
> (d) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or
>
> (e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or
>
> (f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or
>
> (g) using excessive force against Plaintiff; and/or
>
> (h) was otherwise negligent as the facts may reveal.

54.     That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

55.     That as a result of the above negligent acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur

medical expenses; and has and will incur a loss of earnings.

56.    That the negligent acts or omission of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT IV – NEGLIGENCE
### (As to Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers)

57.    Plaintiff realleges and repleads paragraphs 1 through 56 of this Petition as though fully set forth herein.

58.    That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville had a duty to conform to a standard of conduct for the protection of others.

59.    That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers had a duty to conform to a standard of conduct for the protection of others.

60.    That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers failed to conform to such standard and were

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

jointly and severally negligent by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

(e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(i) otherwise negligent as the facts may reveal.

61.    That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

62.    That as a result of the above acts or omissions, Plaintiff has sustained

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

63.     That the acts of Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT V – INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
### (As to All Defendants)

64.     Plaintiff realleges and repleads paragraphs 1 through 63 of this Petition as though fully set forth herein.

65.     That Defendants' actions or omissions as set forth in this Petition constitute outrageous conduct, including, but not limited to Plaintiff being shot twice in his upper right torso causing serious life-threatening wounds.

66.     That Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to the Plaintiff.

67.     That as a result of the above acts or omissions by Defendants, Plaintiff

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and severe or extreme mental anguish and distress; has and will incur medical expenses; and has and will incur a loss of earning.

68.    That Defendants' actions or omissions constituting outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

69.    That the actions or omissions of Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable in this matter.

Respectfully submitted,

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

_/s/ John C. Wagner_____
**JOHN C. WAGNER        AT0008238**

/s/ John G. Daufeldt_____
John G. Daufeldt        AT0001944

JOHN C. WAGNER LAW OFFICES, PC
600 39TH AVENUE
P.O. BOX 262
AMANA, IOWA  52203
TELEPHONE: (319) 622-3357
FACSIMILE:  (319) 622-3404
EMAIL:  john@ jcwagnerlaw.com
          johnd@jcwagnerlaw.com

ATTORNEYS FOR PLAINTIFF

Original Filed.


Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
          bkaspar@pbalawfirm.com
Attorneys for Defendants


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail            [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail               [ x] Other: E-File EDMS


on _____ July 29, 2022____
Signature _____/s/ John G. Daufeldt_____

E-FILED 2022 AUG 05 1:56 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **PLAINTIFF'S RESISTANCE TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT AARON J. WESTRICK** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, by and through his attorney, John G. Daufeldt, and hereby submits his Resistance to Defendants' Motion to Exclude Plaintiff's Expert Dr. Aaron Westrick; and states as follows:

## BACKGROUND

1. On **July 22, 2022**, Plaintiff filed his Designation of Expert Witnesses, including retained and unretained experts.  Plaintiff listed two (2) retained experts; (1) Dr. Aaron Westrick, as an "expert in police policies and procedures, including use of force and negotiation tactics"; and (2) Motti Gabler, "as an audio and video forensics expert generally, and specifically with respect to audio and video recordings regarding police involved shootings".  Plaintiff's Designation of Expert Witnesses p. 1.

2. In conjunction with the filing of his Designation of Expert Witnesses, Plaintiff also provided to Defendants Motti Gabler's Expert Report and his CV, and the CV and list of prior cases for Dr. Westrick.

E-FILED  2022 AUG 05 1:56 PM JOHNSON - CLERK OF DISTRICT COURT

3.  On **July 22, 2022**, Plaintiff filed his Second Motion to Extend Deadlines for Expert Witness Disclosures, specifically requesting an additional five (5) days to produce an expert report by Dr. Westrick and on **July 22, 2022**, Defendants filed their Resistance to Plaintiff's Motion to Extend Deadlines for Expert Witness Disclosures.

4.  On **July 27, 2022**, Plaintiff filed Dr. Westrick's report pursuant to the proposed Deadline in the Motion to Extend Deadlines for Expert Witness Disclosures.

5.  On **July 27, 2022**, Defendants filed their Motion to Exclude Dr. Westrick (hereinafter the "Motion to Exclude").

6.  On **July 28, 2022**, this Court entered its "Ruling" granting Plaintiff's Motion to Extend the Deadline to Add Parties and Plaintiff's Motion to Extend the Deadlines for Expert Witness Disclosures (the "Order Extending Deadlines").

7.  The deadline for Plaintiff to file a resistance to the Motion to Exclude is **August 8, 202**2 (per Rule 1.431(4) 10-day period to resist, plus weekend).

## **ARGUMENT**

8.  In their Motion to Exclude Defendants essentially rehash the same unsupported arguments made in their Resistance to Plaintiff's Motion to Extend Deadlines for Expert Witness Disclosures.  Their principal argument seems to assert Plaintiff has had plenty of time (a year) to designate experts and because of Plaintiff's request for five (5) additional days to provide Dr. Westrick's Report, Plaintiff therefore, has been "delaying" the case.

9.  This "pattern of delay argument" has already been considered by the Court and rejected as indicated in the Order Extending Deadlines:

> "the Court is not persuaded that there is a pattern of behavior [of delay] that necessitates denial of the pending Motion."

E-FILED 2022 AUG 05 1:56 PM JOHNSON - CLERK OF DISTRICT COURT

Ruling, p. 2.

10.   Moreover, Defendants once again fail to provide any example of prejudice they have incurred due to any alleged "delay" by Plaintiff.  This is likely because no prejudice has occurred, particularly, as Defendants' deadline to provide expert witness disclosures was extended to **September 20, 2022**.  *See* Order Re: Plaintiff's First Motion to Extend Deadlines for Expert Witness Disclosures (Unresisted).

11.   Finally, and most telling, Defendants have not asserted even the most basic of arguments regarding Dr. Westrick's qualifications as an expert witness.  *See* I. R. Civ. P. 5.702[1].

12.   As a result of Court's Order Extending Deadlines granting the extension to submit Dr. Westrick's report and the other reasons stated above, Defendants' Motion to Exclude Dr. Aaron Westrick should be denied.

WHEREFORE, Plaintiff respectfully requests that the court enter an order denying the Defendants' Motion to Exclude Dr. Aaron Westrick; and for any other relief the Court deems just and necessary herein.

Respectfully submitted,

  /s/ John G. Daufeldt
John G. Daufeldt    AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
P.O. BOX 262
AMANA, IA 52203
TELEPHONE: (319) 622-3357
FACSIMILE: (319) 622-3404
ATTORNEYS FOR PLAINTIFF

---

[1] A witness who is **qualified** as an expert **by knowledge, skill, experience, training, or education** may testify in the form of an opinion or otherwise **if the expert's scientific, technical, or other specialized knowledge will help the trier of fact** to understand the evidence or to determine a fact in issue. Iowa R. Civ. P. 5.702 (emphasis added).

E-FILED  2022 AUG 05 1:56 PM JOHNSON - CLERK OF DISTRICT COURT

Original Filed.

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
        bkaspar@pbalawfirm.com
Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:

[ ] U.S. Mail          [ ] Facsimile
[ ] Hand Delivered     [ ] Overnight Courier
[ ] E-Mail             [ x] Other: E-File EDMS

on _____ August 5, 2022
Signature _____ /s/ John G. Daufeldt _____

4

E-FILED  2022 SEP 02 9:48 PM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, Joseph George Maser, by and through the undersigned attorney at law, and for his Motion for Leave to Amend Petition; and states as follows:

### <u>INTRODUCTION</u>

1.   That Plaintiff originally filed his Petition at Law and Jury Demand regarding Defendants on May 18, 2021 (the "Original Petition") Trial date in this matter is set for **January 3, 2023**.

2.   Per the agreed upon Trial Scheduling and Discovery Plain the deadline to amend pleadings is **November 4, 2022**.

3.   On **July 28, 2022**, this Court entered a Ruling on various matters, including granting Plaintiff's request to extend the deadline to add new parties to July 29, 2022. Consequently, and due to the additional information provided to Plaintiff through Plaintiff's experts' reports, on **July 29, 2022**, Plaintiff filed his Amended Petition at Law and Jury

E-FILED  2022 SEP 02 9:48 PM JOHNSON - CLERK OF DISTRICT COURT

Demand adding three additional specific City of Coralville Police Department Officers[1], to wit: Officer Christopher Kapfer; Officer/Lieutenant Deb Summers; and Officer Bill Clarahan. The Amended Petition at Law and Jury Demand is attached hereto and incorporated by reference as Attachment "1" (hereinafter, the "Amended Petition").

## ARGUMENT

4.  Iowa law favors amendments, as "[l]eave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires."  Iowa R. Civ. P. 1.402.  The Iowa Supreme Court has consistently reiterated the preference to grant such amendments:

> "[w]e have recognized in numerous cases that permitting amendments **should be the rule and denial should be the exception**. *See Chao v. City of Waterloo,* 346 N.W.2d 822, 825 (Iowa 1984); *Ackerman v. Lauver,* 242 N.W.2d 342, 345 (Iowa 1976). The district court should allow amendments so long as the amendment does not substantially change the issues in the case. *Rife,* 641 N.W.2d at 767. We also permit amendments that substantially change the issues "if the opposing party is not prejudiced or unfairly surprised" by the changes. *Id.* Further, **we permit amendments at any stage of the litigation**, and we even permit amendments to conform to the proof offered at trial. *See Allison–Kesley Ag Ctr., Inc. v. Hildebrand,* 485 N.W.2d 841, 846 (Iowa 1992)."

*Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015) (affirming district court's granting of amendment to petition) (emphasis added).

5.  Moreover, the Official Comments to Rule 1.402 provide clarification regarding "prejudice" or "unfair surprise":

> "[i]ndeed it is perhaps no exaggeration to say that the only reason for not allowing an amendment to a pleading is prejudice to the opposing party. Shelley v. The Maccabees, D.C.N.Y.1960, 26 F.R.D. 10. What constitutes prejudice must be determined by examination of particular cases in which amendments have been considered; **but the test in general seems to be that there must be**

---

[1] Plaintiff's original Petition filed 5/18/21, named the "City of Coralville" as a Defendant, which would include the Coralville Police Department and its officers as Defendants; and further named, "As-Yet Unknown Police Officers" again including the whole police department as a Defendant.

E-FILED  2022 SEP 02 9:48 PM JOHNSON - CLERK OF DISTRICT COURT

**some harm which the opposing party will suffer from the amendment which he would not have suffered had the original pleading followed the form sought by the amendment.** Thus there is **no prejudice merely because the amended pleading makes a stronger case** for the amending party and makes it less likely that the opposing party will win, Harvey v. Eimco Corp., D.C.Pa.1963, 32 F.R.D. 598, **nor will prejudice be found in a claim that the amended pleading will require additional preparation for trial**, where the **issues sought to be raised were known from the beginning by the opposing party,** Porter v. Theo. J. Ely Mfg. Co., D.C.Pa.1946, 5 F.R.D. 317. Prejudice may be found, however, where the amendment will cause excessive delay or where a source of evidence has become unavailable, Boris v. Moore, C.A.7th, 1958, 253 F.2d 523, **or a statute of limitations would bar a new suit if the opposing party should lose the present action**, Klee v. Pittsburgh & W. Va. Ry., D.C.Pa.1958, 22 F.R.D. 252. The liberal policy prescribed by the federal rule, however, does not permit the absence of all restraint in allowing amendments, Wallace v. Knapp-Monarch Co., C.A.8th, 1956, 234 F.2d 853, and may be subject to the exercise of reasonable diligence by the party seeking to amend, Friedman v. Transamerica Corp., D.C.Del.1946, 5 F.R.D. 115.

6. Iowa R. Civ. P. 1.402 (Official Comment) (emphasis added). The Iowa Supreme Court has further stated that they "strongly encourage allowing amendments in the usual situations and discourage denying permission." *In re Marriage of Fields*, 508 N.W.2d 730, 732 (Iowa 1993).

7. In our case, the Amended Petition adds the previously discussed three (3) additional City of Coralville Police Department Officers as specific Defendants. *See* Amended Petition ¶¶ 4-6.

8. Likewise, **Count II – Assault and Battery**, as revised in the Amended Petition, adds these three officers as Defendants while retaining the Defendant City of Coralville and Defendants As-Yet Unknown Police Officers. *See* Amended Petition ¶¶ 46-50.

9. **Count IV – Negligence**, as revised in the Amended Petition, adds only Officer Kapfer and Lieutenant Summers as Defendants, while once again retaining the Defendant City of Coralville and Defendants As-Yet Unknow Police Officers. *Id.* at

E-FILED  2022 SEP 02 9:48 PM JOHNSON - CLERK OF DISTRICT COURT

¶¶ 57-63.

10. **Count V – Intentional Infliction of Emotional Distress**, as amended in the Amended Petition now includes all Defendants. *Id*. at ¶¶ 64-69.

11. Finally, the Amended Petition changes the following **Preamble** factual allegations:

(a) Original Petition ¶¶ 4-7 is renumbered to Amended Petition ¶¶ 7-10;

(b) Original Petition ¶ 8 is renumbered to Amended Petition ¶ 13;

(c) new Amended Petition ¶ 11 reads: "On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers responded to the scene area and set up a command post at the Youth Sports Complex"

(d) new Amended Petition ¶ 12 reads: "On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers designated Officer Kapfer to respond to the Sports Complex and designated him as the negotiator with instructions to make cell phone contact with Joseph";

(e) Original Petition ¶¶ 9 is renumbered to Amended Petition ¶ 14;

(f) Original Petition ¶ 10 is renumbered to Amended Petition ¶ 15 and is changed to read: "On or about September 3, 2020, and at or about 10:17 a.m., Officer Kapfer as "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head."

(g) Original Petition ¶ 11 is renumbered to Amended Petition ¶ 16;

(h) Original Petition ¶ 12 is renumbered to Amended Petition ¶ 17 and is changed to read: "On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers designated Officer Kapfer to respond to the Sports

E-FILED 2022 SEP 02 9:48 PM JOHNSON - CLERK OF DISTRICT COURT

Complex and designated him as the negotiator with instructions to make cell phone contact with Joseph."

(i)  Original Petition ¶ 13 is renumbered to Amended Petition ¶ 18:

(j)  New Amended Petition ¶ 19 reads: "On or about September 3, 2020 and after numerous cell phone contacts and hang-ups by Joseph, it was evident through the dialogue that Joseph was becoming more agitated and hostile with the police action and being told to exit the home empty handed and unarmed; and through the dialogue it was evident the developing situation was a suicide or potential "suicide by cop.""

(k)  New Amended Petition ¶ 20 reads: "On or about September 3, 2020, and at or about other times after 10:30 a.m., Lieutenant Summers ordered Officer Kapfer as "negotiator" to not have Joseph come out of the 2456 Dempster Dr. Residence."

(l)  New Amended Petition ¶ 21 reads: "On or about September 3, 2020, and at or about other times after 10:30 a.m., Officer Kapfer as "negotiator" continued to insist Joseph come out of the house, despite Lieutenant Summers' order to the contrary."

(m) Original Petition ¶ 14 is renumbered to Amended Petition ¶ 22:

(n)  Original Petition ¶¶ 15 and 16 are now combined into Amended Petition ¶ 23, which reads: "On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage and Joseph was shot by Officer Van Brocklin, once in the left upper arm and once in the left rib cage."

(o) Original Petition ¶¶ 17-28 are renumbered to Amended Petition ¶¶ 24-35;

(p) Original Petition ¶ 29 is now omitted in its entirety; and

(q) Original Petition ¶¶ 30-34 are renumbered to Amended Petition ¶¶ 36-40.

12.  Accordingly, Plaintiff's Motion for Leave to Amend Petition should be granted.

WHEREFORE, the Plaintiff Joseph George Maser, requests the Court grant this Motion for Leave to Amend Petition at Law and Jury Demand, that the Amended Petition at Law and Jury Demand filed on July 29, 2022, be deemed to stand alone as a file-stamped copy without the further necessity of filing; and grant any other and further relief deemed just and equitable in the circumstances.

Respectfully submitted this   2nd   day of September 2022.

By:   /s/ John G. Daufeldt
John G. Daufeldt ICIS #AT0001944
JOHN C. WAGNER LAW OFFICES, P.C.
600 39th Ave.
Amana, IA 52203
E-mail: johnd@jcwagnerlaw.com
ATTORNEY FOR PLAINTIFF

Copy to:

Terry J. Abernathy
Bradley J. Kaspar
1800 First Avenue NE, Ste. 200
Cedar Rapids, IA 52407
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:

[ ] U.S. Mail   [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail       [ x] Other: EDMS

on _____September 2_____, 2022.
Signature _____/s/John G. Daufeldt_____

6

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE MASER,**<br><br>     **Plaintiff,**<br><br>**vs.**<br><br>**CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, OFFICER CHRISTOPHER KAPFER, OFFICER DEB SUMMERS, OFFICER BILL CLARAHAN, all Individually and in Their Official Capacity as Agents and/or Employees of the City of Coralville Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,**<br><br>     **Defendants.** | **No. LACV082548**<br><br>**AMENDED PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, Joseph George Maser, by and through his attorneys at law, John C. Wagner and John G. Daufeldt; and for his Amended Petition at Law and Jury Demand states to the Court as follows:

### **PREAMBLE**

1.     At all times material hereto, Plaintiff Joseph George Maser was an adult resident of Johnson County, Iowa (hereinafter, "Joseph" or "Plaintiff").

2.     At all times material hereto, Defendant City of Coralville is an Iowa municipal corporation located at Coralville City Hall, 1512 7th Street, Coralville, Johnson County, Iowa and which maintains a police department, the City of Coralville Police Department.

3.     At all times material hereto, Defendant Officer Joshua Van Brocklin is a duly appointed and acting police officer employed with the City of Coralville Police

ATTACHMENT "1"

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, Officer Van Brocklin").

4.      At all times material hereto, Defendant Officer Christopher Kapfer is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Kapfer").

5.      At all times material hereto, Defendant Officer/Lieutenant Deb Summers is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto she was acting in her official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Lieutenant Summers").

6.      At all times material hereto, Defendant Officer Bill Clarahan is a duly appointed and acting police officer employed with the City of Coralville Police Department and at all times material hereto he was acting in his official capacity as an agent and employee of the City of Coralville Police Department and was acting under color of law (hereinafter, "Officer Clarahan").

7.      At all times material hereto, Defendants As-Yet Unknown Coralville Police Officers are duly appointed and acting police officers employed with the City of Coralville Police Department and at all times material hereto they were acting in their official capacity as agents and employees of the City of Coralville Police Department and were acting under color of law.

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

8.      On or about September 3, 2020 and at or about 9:42 a.m., Coralville Police Department dispatch received a call from Joseph's significant other, Kimberley Rossiter, who was concerned for the welfare of Joseph due to his intoxication and potential suicidal thoughts he had expressed to her.

9.      On or about September 3, 2020 and at or about 9:43 a.m., Ms. Rossiter requested a "welfare check" to 2456 Dempster Dr., Coralville, Iowa, the location of her home and where Joseph was located (hereinafter, the "2456 Dempster Dr. Residence"). She informed dispatch that Joseph had firearms in his possession and she also informed dispatch that no other parties were in the 2456 Dempster Dr. Residence.

10.      On or about September 3, 2020 and at or about 10:00 a.m., City of Coralville Police Department officers arrived at the 2456 Dempster Dr. Residence and closed the north entrance to Dempster Drive.

11.      On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers responded to the scene area and set up a command post at the Youth Sports Complex.

12.      On or about September 3, 2020 and at or about 10:00 a.m., Lieutenant Summers designated Officer Kapfer to respond to the Sports Complex and designated him as the negotiator with instructions to make cell phone contact with Joseph.

13.      On or about September 3, 2020 and at or about 10:00 a.m., a City of Coralville Police Department officer called Ms. Rossiter and requested she head towards the 2456 Dempster Dr. Residence and come to the green maintenance shed located at the Coralville Youth Sports Park located directly behind her residence, to which she complied with said request.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

14.     On or about September 3, 2020, and at or about 10:15 a.m., Ms. Rossiter arrived at the green maintenance shed directly behind the 2456 Dempster Dr. Residence and she was "shocked" at the scene she witnessed outside her home, as multiple Coralville Police Department vehicles were stationed in the street; multiple law enforcement officers were located on or about the residence; fire emergency vehicles had been called; and, in general, the scene was chaotic and very disturbing to Ms. Rossiter as her reason for requesting aid from the City of Coralville Police Department was to conduct a welfare check on Joseph, not accelerate the tension and significantly increase his stress.

15.     On or about September 3, 2020, and at or about 10:17 a.m., Officer Kapfer as "negotiator" texted Joseph ordering Joseph to come out of the 2456 Dempster Dr. Residence with his hands on top of his head.

16.     On or about September 3, 2020 and at or about 10:20 a.m., Joseph walked out of the 2456 Dempster Dr. Residence unarmed and onto the deck of the house. He then walked back into the residence.

17.     On or about September 3, 2020, and at or about 10:30 a.m., Officer Kapfer as "negotiator" requested Ms. Rossiter's cell phone, she complied, and the negotiator commenced texting Joseph pretending to be Ms. Rossiter.

18.     On or about September 3, 2020, and at or about other times after 10:30 a.m., Joseph would similarly exit the house and then subsequently reenter the house due to his apprehension created by the significant police presence.

19.     On or about September 3, 2020 and after numerous cell phone contacts and hang-ups by Joseph, it was evident through the dialogue that Joseph was

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

becoming more agitated and hostile with the police action and being told to exit the home empty handed and unarmed; and through the dialogue it was evident the developing situation was a suicide or potential "suicide by cop."

20.    On or about September 3, 2020, and at or about other times after 10:30 a.m., Lieutenant Summers ordered Officer Kapfer as "negotiator" to not have Joseph come out of the 2456 Dempster Dr. Residence.

21.    On or about September 3, 2020, and at or about other times after 10:30 a.m., Officer Kapfer as "negotiator" continued to insist Joseph come out of the house, despite Lieutenant Summers' order to the contrary.

22.    On or about September 3, 2020 and at or about 11:04 a.m., the garage door to the 2456 Dempster Dr. Residence opened revealing Joseph standing within the garage holding a firearm in his right hand.  Ms. Rossiter heard radio communications stating words to the effect of: "he's got a gun; he's got a gun!"

23.    On or about September 3, 2020 and at or about 11:04 a.m., Joseph walked to the edge of the garage and Joseph was shot by Officer Van Brocklin, once in the left upper arm and once in the left rib cage.

24.    On or about September 3, 2020 and at or about 11:04 a.m., and after being shot twice, Joseph immediately fell to the floor of the garage.  Emergency medical personal then rendered aid to Joseph and he was taken via ambulance to University of Iowa Hospitals and Clinics Trauma Center (hereinafter "UIHC") for critical medical care.

25.    On or about September 3, 2020, at or about 11:08 a.m. to 11:14 a.m., the City of Coralville Police Department officers entered the 2456 Dempster Dr. Residence and confirmed that no other individuals had been or were in the home.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

26.     On or about September 3, 2020, Joseph underwent emergency surgery at UIHC for his life-threatening wounds, lasting approximately 10 hours, and required Joseph receiving 26 units of blood.  His left arm was left "dead" for 8 hours while surgeons attended to Joseph's life threatening (life over limb) injuries.  As a result of the life-threatening wounds, Joseph also incurred infections necessitating additional medical care and several surgical interventions.  Joseph spent several weeks in critical condition in the Intensive Care Unit at UIHC.

27.     Upon information and belief, Joseph remained at UIHC from approximately September 3, 2020 to October 19, 2020, at which time he was discharged from UIHC to rehabilitation at Mercy Hospital Coralville until October 25, 2020.

28.     On or about September 8, 2020, a Complaint and Affidavit was filed by the State of Iowa through the City of Coralville Police Department, initiating Johnson County Case No. AGCR127114, alleging Joseph had committed the crime of Assault while Displaying a Dangerous Weapon (the "Criminal Complaint").  The Criminal Complaint specifically alleged that Joseph "assault[ed] police officers by using or displaying a dangerous weapon, to wit: a firearm, toward him/her in a threatening manner."  A warrant for Joseph's arrest was also requested.

29.     On or about September 9, 2020, the Iowa Department of Criminal Investigations (the "DCI") commenced its investigation of Officer Van Brocklin shooting Joseph and in conjunction with that investigation, DCI investigators interviewed Officer Van Brocklin.

30.     Upon information and belief, the DCI investigation of the shooting has

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

concluded and the investigative facts have been provided to Johnson County Attorney, Janet Lyness, for her review.  To date, no report from the Johnson County Attorney's Office has been released.

31.    Upon information and belief, Officer Van Brocklin was placed on administrative leave pending a report from the Johnson County Attorney's Office.

32.    Upon information and belief, Officer Van Brocklin has returned to duty despite the absence of a report from the Johnson County Attorney's Office.

33.    On or about October 9, 2020, the Johnson County Attorney, Janet Lyness, filed a Motion to Dismiss and Recall Warrant seeking a dismissal of the Criminal Complaint.  The basis for the dismissal was a lack of evidence to support the charge that Joseph displayed at law enforcement a dangerous weapon in a threatening manner.

34.    On or about October 9, 2020, the Court entered an Order of Dismissal and Recall of Warrant, dismissing with prejudice the alleged charge set forth in the Criminal Complaint based upon the reasons stated in the Motion to Dismiss and Recall Warrant.

35.    Subsequently, and as a result of his life-threatening wounds, Joseph continues to have ongoing significant nerve damage to his left arm.

36.    Subsequently, and as a result of his life-threatening wounds, Joseph continues to experience severe emotional distress.

37.    On or about March 10, 2021, counsel for Joseph submitted an "Open Records Request" to DCI seeking a copy of police bodycam or on-board vehicle video concerning the September 3, 2020 shooting.  To date, DCI has refused to provide Joseph any information regarding the incident.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

38.      On or about March 22, 2021, counsel for Joseph submitted an "Open Records Request" to the City of Coralville Police Department seeking a copy of police bodycam or on-board vehicle video concerning the September 3, 2020 shooting.

39.      On or about April 26, 2021, Ms. Rossiter submitted a letter to the Johnson County Attorney requesting information pursuant to the Open Records Act regarding the September 3, 2020 shooting. Said letter has gone unanswered.

40.      That Joseph's damages as set forth in this Petition are above the jurisdictional minimum.

**COUNT I – ASSAULT AND BATTERY**
**(As to Defendant Officer Van Brocklin)**

41.      Plaintiff realleges and repleads paragraphs 1 through 40 of this Petition as though fully set forth herein.

42.      That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin did commit an assault and battery upon the Plaintiff by one or all of the following:

(a) at all times relevant herein, having and exhibiting the present ability to do violence to Plaintiff; and/or

(b) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in apprehension of a harmful and offensive contact against his person; and/or

(c) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

(e) intentionally and/or maliciously and/or unlawfully discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(f) otherwise committed assault and battery as the facts may reveal.

43.     That the above assault and battery was a proximate cause of the Plaintiff's injuries and damages as set forth in this Petition.

44.     That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

45.     That the acts of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT II – ASSAULT AND BATTERY
### (As to Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville, and As-Yet Unknown Coralville Police Officers)

46.     Plaintiff realleges and repleads paragraphs 1 through 45 of this Petition as though fully set forth herein.

47.     That on or about September 3, 2020 and at all times material hereto,

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville, and Defendants As-Yet Unknown City of Coralville Police Officers did commit an assault and battery, jointly and severally, upon the Plaintiff by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

(e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(i) otherwise negligent as the facts may reveal.

48. That the above assault and battery was or were a proximate cause of the

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

Plaintiff's injuries and damages as set forth in this Petition.

49.    That as a result of the above assault and battery, Plaintiff sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

50.    That the acts of Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers Defendants As-Yet Unknown Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers, Officer Clarahan, City of Coralville and Defendants As-Yet Unknown City of Coralville Police, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT III – NEGLIGENCE
### (As to Defendant Officer Van Brocklin)

51.    Plaintiff realleges and repleads paragraphs 1 through 50 of this Petition as though fully set forth herein.

52.    That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin had a duty to conform to a standard of conduct for the protection of others.

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

53. That on or about September 3, 2020 and at all times material hereto, Defendant Officer Van Brocklin failed to conform to that standard and was negligent by one or all of the following:

      (a) creating a significant and unwarranted "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

      (b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence; and/or

      (c) failing to attempt to "de-escalate" the incident, but rather, intensifying it thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

      (d) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

      (e) intentionally and/or maliciously and/or unlawfully and negligently discharging his firearm and shooting Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

      (f) failing to properly assess the level of risk of harm or threat level in deciding to shoot Plaintiff twice in the upper right torso; and/or

      (g) using excessive force against Plaintiff; and/or

      (h) was otherwise negligent as the facts may reveal.

54. That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

55. That as a result of the above negligent acts or omissions, Plaintiff has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

medical expenses; and has and will incur a loss of earnings.

56.    That the negligent acts or omission of Defendant Officer Van Brocklin were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendant.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### COUNT IV – NEGLIGENCE
**(As to Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers)**

57.    Plaintiff realleges and repleads paragraphs 1 through 56 of this Petition as though fully set forth herein.

58.    That on or about September 3, 2020 and at all times material hereto, Defendant City of Coralville had a duty to conform to a standard of conduct for the protection of others.

59.    That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers had a duty to conform to a standard of conduct for the protection of others.

60.    That on or about September 3, 2020 and at all times material hereto, Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers failed to conform to such standard and were

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

jointly and severally negligent by one or all of the following:

(a) creating an intentional and significant "police presence" outside of the 2456 Dempster Dr. Residence thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person; and/or

(b) failing to adhere to City of Coralville Police Department protocol(s) and/or standard operating procedures and/or best practices regarding Barricaded Suicidal Subjects and/or otherwise concerning incidents with individuals who are intoxicated and suicidal and who are armed and alone in a residence, and including the specific ongoing insistence that Plaintiff exit the 2456 Dempster Dr. Residence; and/or

(c) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby placing Plaintiff in a reasonable and serious apprehension of a harmful and offensive contact against his person, and/or

(d) failing to attempt to "de-escalate" the incident, but rather, intensifying it, thereby creating and/or placing Plaintiff in an actual situation leading to harmful and offensive contact occurring to his person; and/or

(e) failing to adequately warn Plaintiff of the imminent physical violence to his person; and/or

(f) failing to restrain and/or otherwise allowing Defendant Officer Van Brocklin to intentionally and/or maliciously and/or unlawfully and negligently discharge his firearm and shoot Plaintiff twice in the upper right torso, thereby causing a harmful, offensive, and nonconsensual contact with Plaintiff, including Plaintiff sustaining serious life-threatening wounds; and/or

(g) failing to properly assess the level of risk of harm or threat level for the actions taken with respect to the incident, culminating in Plaintiff being shot twice in the upper right torso; and/or

(h) failing to restrain and/or allowing excessive force against Plaintiff; and/or

(i) otherwise negligent as the facts may reveal.

61. That the above negligent acts or omissions were the proximate cause of Plaintiff's damages.

62. That as a result of the above acts or omissions, Plaintiff has sustained

E-FILED  2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and mental anguish; has and will incur medical expenses; and has and will incur a loss of earnings.

63.     That the acts of Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendants Officer Kapfer, Lieutenant Summers, City of Coralville, and As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

## COUNT V – INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
### (As to All Defendants)

64.     Plaintiff realleges and repleads paragraphs 1 through 63 of this Petition as though fully set forth herein.

65.     That Defendants' actions or omissions as set forth in this Petition constitute outrageous conduct, including, but not limited to Plaintiff being shot twice in his upper right torso causing serious life-threatening wounds.

66.     That Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress to the Plaintiff.

67.     That as a result of the above acts or omissions by Defendants, Plaintiff

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

has sustained serious, painful, and permanent injuries, disability, and disfigurement; and has and will continue to incur pain, suffering, and severe or extreme mental anguish and distress; has and will incur medical expenses; and has and will incur a loss of earning.

68.    That Defendants' actions or omissions constituting outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

69.    That the actions or omissions of Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown City of Coralville Police Officers were willful, wanton, and reckless, and Plaintiff should be awarded exemplary damages against said Defendants.

WHEREFORE, the Plaintiff, Joseph G. Maser, respectfully requests that this Court enter a judgment against the Defendant Officer Van Brocklin, Officer Kapfer, Lieutenant Summers, Officer Clarahan, the City of Coralville and Defendants As-Yet Unknown Coralville Police Officers, jointly and severally, for actual damages as would reasonably compensate Plaintiff for his damages, plus punitive damages, with interest thereon at the maximum legal rate, the costs of this action as may be allowed by law, and any other relief which this Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable in this matter.

Respectfully submitted,

E-FILED 2022 JUL 29 12:01 PM JOHNSON - CLERK OF DISTRICT COURT

   /s/ John C. Wagner
**JOHN C. WAGNER          AT0008238**

/s/ John G. Daufeldt
John G. Daufeldt          AT0001944

JOHN C. WAGNER LAW OFFICES, PC
600 39TH AVENUE
P.O. BOX 262
AMANA, IOWA  52203
TELEPHONE: (319) 622-3357
FACSIMILE:  (319) 622-3404
EMAIL:  john@ jcwagnerlaw.com
        johnd@jcwagnerlaw.com

ATTORNEYS FOR PLAINTIFF

Original Filed.


Copy to:

Terry J. Abernathy
Bradley J. Kaspar
PICKENS, BARNES & ABERNATHY
1800 First Ave., NE Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407
PH: 319-366-7621
Email: tabernathy@pbalawfirm.com
      bkaspar@pbalawfirm.com
Attorneys for Defendants


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective
addresses disclosed on the pleadings by:


[ ] U.S. Mail          [ ] Facsimile
[ ] Hand Delivered   [ ] Overnight Courier
[ ] E-Mail            [ x] Other: E-File EDMS


on _____July 29, 2022
Signature _____/s/ John G. Daufeldt_____

E-FILED                    LACV082548 - 2022 SEP 16 11:12 AM    JOHNSON
                                   CLERK OF DISTRICT COURT                Page 1 of 2

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| **JOSEPH GEORGE. MASER,** | |
| **Plaintiff,** | **No. LACV082548** |
| **vs.** | **OTHER ORDER** |
| **CITY OF CORALVILLE, IOWA, OFFICER JOSHUA VAN BROCKLIN, Individually and in His Official Capacity as an Agent and/or Employee of the City of Coralville, Police Department, a Governmental Subdivision of the CITY OF CORALVILLE, IOWA, and AS-YET UNKNOWN CORALVILLE POLICE OFFICERS,** | |
| **Defendants.** | |

On this date, the Motion for Leave to Amend filed by Plaintiff was considered by the undersigned pursuant to I.R.Civ.P. 1.402(4). Upon review of the file and being fully advised in the premises, the Court finds that said Motion appears unresisted as no resistance has been filed and the time for resisting has passed; and therefore said motion should be granted for the reasons stated therein.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Amend filed on September 2, 2022, is **GRANTED**.

Plaintiff(s) is granted leave to amend. It is further ordered that the proposed amendment shall stand as the file copy without the necessity of further filing.

Clerk to notify.

E-FILED          LACV082548 - 2022 SEP 16 11:12 AM          JOHNSON
                       CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACV082548               MASER V CITY OF CORALVILLE, VAN BROCKLIN, ET AL
**Type:**                ORDER TO AMEND

So Ordered

_Chad A. Kepros_

Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2022-09-16 11:12:37

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | | |
|---|---|---|
| JOSEPH GEORGE MASER, | ) | |
| | ) | No. LACV082548 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | APPEARANCE OF STEPHANIE |
| CITY OF CORALVILLE, IOWA, | ) | HINZ FOR DEFENDANTS |
| OFFICER JOSHUA VAN | ) | |
| BROCKLIN, OFFICER | ) | |
| CHRISTOPHER KAPFER, OFFICER | ) | |
| DEB SUMMERS, OFFICER BILL | ) | |
| CLARAHAN, all Individually and in | ) | |
| Their Official Capacity as Agents | ) | |
| and/or Employees of the City of | ) | |
| Coralville Police Department, a | ) | |
| Governmental Subdivision of the | ) | |
| CITY OF CORALVILLE, IOWA, and | ) | |
| AS-YET UNKNOWN CORALVILLE | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

Stephanie L. Hinz enters her Appearance for Defendants.


PICKENS, BARNES & ABERNATHY

By  /s/ Stephanie Hinz
      Terry J. Abernathy AT0000380
      Bradley J. Kaspar AT0012308
      Stephanie L. Hinz AT0003506
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA  52407-4170
      PH:  (319) 366-7621
      FAX: (319) 366-3158
      E-MAIL: tabernathy@pbalawfirm.com
      E-MAIL: bkaspar@pbalawfirm.com
      E-MAIL: shinz@pbalawfirm.com

ATTORNEYS FOR DEFENDANTS

E-FILED  2022 SEP 16 2:40 PM JOHNSON - CLERK OF DISTRICT COURT

Copy to:

John C. Wagner
John G. Daufeldt
JOHN C. WAGNER LAW OFFICES, PC
600 39th Avenue
P.O. Box 262
Amana, Iowa 52203

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the 16th day of September, 2022, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings.  Service was made by:

☐ U.S. Mail              ☐ Facsimile
☐ Hand-Delivery          ☐ Email
☐ Overnight Carrier      ☒ Other-EDMS

/s/ Christina Updegraff